

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

**FILED**
MAY 0 4 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

May 2, 2007

*MICHAEL N. MILBY, Clerk*
*P.O. Drawer 2300*
*Galveston, TX 77553*
*(409) 766-3530*

United States District Clerk
880 Front St.
Suite 4290
San Diego, CA 92101

In Re:  C.A. 3:07cv3; Oswaldo Enrique Tobar, et al., v. United States of America

Enclosed is a certified copy of an order entered May 2, 2007, transferring the above case to your office. The case file can be accessed through the Electronic Case Filing/Pacer System for the Southern District of Texas at:

ecf.txsd.uscourts.gov

Please complete the receipt below and return the copy of this letter.

Sincerely,

MICHAEL N. MILBY, Clerk

BY:  Marrianne Gore
     Deputy Clerk

'07 CV  0817 WQH  (WMC)

Received and filed under Docket No.:_____   on _____

CLERK, U.S. DISTRICT COURT          BY: _____

CLOSED, TRANSFERRED

## U.S. District Court
### SOUTHERN DISTRICT OF TEXAS (Galveston)
### CIVIL DOCKET FOR CASE #: 3:07-cv-00003
### Internal Use Only

Tobar et al v. United States of America
Assigned to: Judge Samuel B Kent
Cause: 28:1346 Tort Claim

Date Filed: 01/04/2007
Date Terminated: 05/02/2007
Jury Demand: None
Nature of Suit: 362 Personal Inj. Med. Malpractice
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Oswaldo Enrique Tobar**

represented by **Walter L Boyaki**
Miranda & Boyaki
4621 Persing Dr
El Paso, TX 79903
915-566-8688
Fax: 915-566-5906
Email: wboyaki@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rosa Carmelina Zambrano Lucas**

represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Junior Ivan Pico Alava**

represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Segundo Matias Zambrano Alonzo**

represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Francisco Gabriel Yole Arteago**

represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk
By_____
Deputy Clerk
5/2/2007

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Fausto Lupercio Arias Castaneda**     represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Frabricio Bayron Cedeno**     represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joffre Johnny Cedeno Cedeno**     represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lindon Cleofe Cedeno Cedeno**     represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ramon Eliades Ramon Velez Cedeno**     represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Daniel David Quimi Chalen**     represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Pablo Eduardo Lucas Conforme**     represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ramon Eduardo Pilligua Conforme**     represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
Ciro Mariano Lopez Mero    represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
Pedro Manuel Lopez Mero    represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
Jose Eduardo Lucas Mero    represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
Luis Antonio Penafiel Mero    represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
Pedro Jose Reyes Mero    represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
Telmo Arcadio Chica Obando    represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
Luis Miguel Cedeno Pico    represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
Jaime Gustavo Palma Pinargote    represented by **Walter L Boyaki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | |
|---|---|
| Yardy Klever Flores Segovia | represented by **Walter L Boyaki**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | |
|---|---|
| Pacho Hernandez Solorzano | represented by **Walter L Boyaki**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | |
|---|---|
| Carlos Wilfrido Veliz Velez | represented by **Walter L Boyaki**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | |
|---|---|
| Carlos Orlando Velez Zambrano | represented by **Walter L Boyaki**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | |
|---|---|
| Jose Luis Zambrano Zambrano | represented by **Walter L Boyaki**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | |
|---|---|
| United States of America | represented by **John Seely Luce, Jr**<br>U. S. Dept. of Justice<br>Admiralty and Aviation Litigation<br>1425 New York Avenue<br>Suite 10100<br>Washington, DC 20005<br>202-616-4035<br>Fax: 202-616-4159<br>Email: john.luce@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/04/2007 | 1 | COMPLAINT against United States of America (Filing fee $ 350) filed by all plaintiffs.(mgore, ) (Entered: 01/05/2007) |
| 01/04/2007 | 2 | MOTION for Walter L. Boyaki to Appear Pro Hac Vice by all plaintiffs, |

| | | |
|---|---|---|
| | | filed. Motion Docket Date 1/24/2007. (Attachments: # 1 Proposed Order)(mgore, ) (Entered: 01/05/2007) |
| 01/05/2007 | 3 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 4/4/2007 at 09:20 AM before Judge Samuel B Kent.( Signed by Judge Samuel B Kent ) Parties notified.(mgore, ) (Entered: 01/05/2007) |
| 01/05/2007 | | Summons Issued as to United States of America, filed.(mgore, ) (Entered: 01/05/2007) |
| 01/05/2007 | | Filing fee re: 1 Complaint : $350.00, receipt number 320966, filed. (lusmith, ) (Entered: 01/05/2007) |
| 01/08/2007 | 4 | ORDER re: computer codes printed on proposed orders.( Signed by Judge Samuel B Kent ) Parties notified.(mgore, ) (Entered: 01/08/2007) |
| 01/10/2007 | 5 | ORDER striking 2 MOTION for Walter L. Boyaki to Appear Pro Hac Vice. not in compliance w/ L.R. 7, etc.( Signed by Judge Samuel B Kent ) Parties notified.(ceaton, ) (Entered: 01/11/2007) |
| 01/16/2007 | 6 | CERTIFICATE OF INTERESTED PARTIES, filed.(ceaton, ) (Entered: 01/17/2007) |
| 03/02/2007 | 7 | ANSWER to Complaint by United States of America, filed.(Luce, John) (Entered: 03/02/2007) |
| 03/02/2007 | 8 | MOTION to Change Venue to Southern District of California by United States of America, filed. Motion Docket Date 3/22/2007. (Attachments: # 1 Memorandum in Support of the United States' Motion to Transfer Venue# 2 Affidavit # 3 Proposed Order)(Luce, John) (Entered: 03/02/2007) |
| 03/09/2007 | 9 | CERTIFICATE OF INTERESTED PARTIES, filed.(Luce, John) (Entered: 03/09/2007) |
| 03/14/2007 | 10 | RESPONSE in Opposition to 8 MOTION to Change Venue to Southern District of California, filed by Oswaldo Enrique Tobar. (Boyaki, Walter) (Entered: 03/14/2007) |
| 03/15/2007 | 11 | RESPONSE in Opposition to 8 MOTION to Change Venue to Southern District of California, filed by Oswaldo Enrique Tobar. (Attachments: # 1 # 2 # 3 # 4 # 5 # 6 # 7 # 8 # 9 # 10 # 11)(Boyaki, Walter) (Entered: 03/15/2007) |
| 03/20/2007 | 12 | REPLY in Support of 8 MOTION to Change Venue to Southern District of California, filed by United States of America. (Attachments: # 1 Reply# 2 Affidavit)(Luce, John) (Entered: 03/20/2007) |
| 03/22/2007 | 13 | JOINT DISCOVERY/CASE MANAGEMENT PLAN by Oswaldo Enrique Tobar, filed.(Boyaki, Walter) (Entered: 03/22/2007) |
| 04/04/2007 | | Minute Entry for proceedings held before Judge Samuel B Kent. SCHEDULING CONFERENCE held on 4/4/2007. Docket Control Order to be entered. Appearances: Walter L Boyaki, John Seely Luce, Jr.(Court |

|  |  |  | |
|---|---|---|
|  |  | Reporter: K. Metzger), filed.(mgore, ) (Entered: 04/05/2007) |
| 04/11/2007 | 14 | SCHEDULING ORDER: Pltf Expert Witness List due by 10/2/2007 Deft Expert Witness List due by 11/9/2007 Discovery due by 12/30/2007 Joint Pretrial Order due by 1/4/2008 Pretrial Conference set for 1/11/2008 at 12:00 PM before Magistrate Judge John R Froeschner Bench Trial set for 1/14/2008 at 08:30 AM before Judge Samuel B Kent.( Signed by Judge Samuel B Kent ) Parties notified.(mgore, ) (Entered: 04/11/2007) |
| 04/30/2007 | 15 | ORDER TO TRANSFER CASE to Southern District of California; granting 8 MOTION to Change Venue to Southern District of California. ( Signed by Judge Samuel B Kent ) Parties notified.(mgore, ) (Entered: 05/02/2007) |
| 05/02/2007 |  | Interdistrict transfer to Southern District of California. Certified copy of transfer order, certified docket sheet, and two copies of transfer letter (with a return envelope) sent by certified mail. Case terminated on May 2, 2007, filed. (mgore, ) (Entered: 05/02/2007) |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| OSWALDO ENRIQUE TOBAR, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. G-07-003 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

### ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

Plaintiffs bring this action against the United States of America under the Federal Tort Claims Act, the Suits in Admiralty Act, and the Public Vessels Act. The United States of America filed a Motion to Transfer Venue to the Southern District of California, and Plaintiffs are opposed to the Motion. For the reasons articulated below, the United States' Motion to Transfer Venue to the Southern District of California is **GRANTED**.

### I. Background and Analysis

Plaintiffs allege that, on or about October 5, 2005, the U.S. Coast Guard Law Enforcement Detachment, which was operating the USS MCCLUSKY, unlawfully and negligently stopped, searched, arrested, detained, and imprisoned Plaintiffs, seized their vessel, and destroyed the cargo and fish on board. The alleged unlawful search and seizure occurred in international waters off the Galapagos Islands and was allegedly conducted because Plaintiffs were suspected of smuggling and possessing illegal drugs.

The United States requests that the Court transfer this case to the Southern District of

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk
By_____
Deputy Clerk

California because the USS MCCLUSKY was physically located in its homeport, San Diego, on the date that the claim was filed. Under the Public Vessels Act, a claim may be filed against the United States, but the claim must be filed in the "district court of the United States for the district in which the vessel or cargo is found within the United States." Public Vessels Act, 46 U.S.C. § 31104(a); *see Sherman v. U.S.*, 246 F. Supp. 547 (W.D. Mich. 1965) (transferring a case from Michigan to Wisconsin when the vessel was moored in Wisconsin at the time the suit was filed, even though the incident giving rise to the suit occurred in Michigan).

Plaintiffs claim that they were aware that the USS MCCLUSKY's homeport was in the Southern District of California, but that they wanted to file the claim in the Southern District of Texas. Plaintiffs claim that Houston, Texas is the most convenient U.S. location for them. Plaintiffs are Ecuadorian Nationals, and there are allegedly economical nonstop flights from Ecuador to Houston each day. Plaintiffs claim that the only flights from Ecuador to San Diego stop through Houston.[1]

Because Plaintiffs had a strong desire to litigate this matter in the Southern District of Texas, they claim that they tried to wait to file the claim until the USS MCCLUSKY was not in port so that the mandatory venue rules would not require them to litigate in San Diego. However, they were unable to obtain information from the U.S. Coast Guard regarding the USS MCCLUSKY's location. Plaintiffs claim that the phone calls they made inquiring about the vessel's location either went

---

[1] Plaintiffs do not address flights to the relatively nearby, enormous Los Angeles International Airport. While a quick search on the internet reveals that there are no nonstop flights from Ecuador to Los Angeles International at this time, it is generally substantially less expensive to fly from Ecuador to Los Angeles than it is to fly to San Diego. Furthermore, on some dates, it is less expensive to fly from Ecuador to Los Angeles (with the stop) than to fly nonstop to Houston.

unanswered, or, when the calls were answered, Plaintiffs were told that the location of the USS MCCLUSKY could not be disclosed as a matter of national security.

Plaintiffs request that the Court disregard the United States' assertion that the USS MCCLUSKY was in port on the day in which the claim was filed under the doctrine of judicial or equitable estoppel. According to Plaintiffs, they had no choice but to rely on the actions of the agents of the United States, who refused to give them information. The Court finds that estoppel in not appropriate in this action. Plaintiffs did not rely on any assertions by the United States that the USS MCCLUSKY was not in port when it in actuality was. Rather, the United States did not give them any information about the location of the vessel. While Plaintiffs claim that the information was withheld under the "guise of national security," the Court finds that, particularly given the current state of national affairs, the United States was justified in withholding the vessel's location. This Court is not in the position to second guess the Executive Branch's invocation of heightened measures of security for the protection and well-being of U.S. vessels and their crews. Thus, the United States is not estopped from asserting that the USS MCCLUSKY was in port on the date in which this claim was filed.

## II. Conclusion

The Court sympathizes with Plaintiffs' claims regarding their convenience and is tempted to retain the case in the interest of equity. Moreover, the case involves very interesting facts and applicable law. However, the United States is entitled to sovereign immunity, and, under the Public Vessels Act, its waiver of immunity is clearly and unambiguously limited and applies only when the case is litigated in the forum in which the vessel was found when the lawsuit was filed. Here, the vessel was in the Southern District of California when the claim was filed. Therefore, the United

3

States' Motion to Transfer to the Southern District of California must be and hereby is **GRANTED**.

This case is hereby **TRANSFERRED** to the Southern District of California pursuant to 28 U.S.C. § 1404. Any unresolved issues are respectfully deferred to the considered judgment of the transferee court. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 30th day of April, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

**FILED MAY 0 4 2007 — CLERK, U.S. DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA — BY __ DEPUTY**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Tobar, et al

**DEFENDANTS**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF:** El Paso, TX.
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:** _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Walter L. Boyaki
4621 Persing Dr.
El Paso, TX. 79903
915-566-8688

**ATTORNEYS (IF KNOWN)**
'07 CV 0817 WQH (WMC)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28:1346

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☒ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☐ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☒ 5 Transferred from another district (specify) SOUTHERN DIST. OF TEXAS ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
**DEMAND $** _____
Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):
JUDGE _____ Docket Number _____

**DATE** May 4, 2007       **SIGNATURE OF ATTORNEY OF RECORD** [signature]