IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 4 2007

Michael N. Milby, Clerk

| | | |
|---|---|---|
| OSWALDO ENRIQUE TOBAR, | )( | |
| ROSA CARMELINA ZAMBRANO LUCAS, | )( | |
| JUNIOR IVAN PICO ALAVA, | )( | |
| SEGUNDO MATIAS ZAMBRANO ALONZO, | )( | |
| FRANCISCO GABRIEL YOLE ARTEAGO, | )( | |
| FAUSTO LUPERCIO ARIAS CASTANEDA, | )( | |
| FRABRICIO BAYRON CEDENO, | )( | |
| JOFFRE JOHNNY CEDENO CEDENO, | )( | |
| LINDON CLEOFE CEDENO CEDENO, | )( | |
| RAMON ELIADES RAMON VELEZ CEDENO, | )( | |
| DANIEL DAVID QUIMI CHALEN, | )( | |
| PABLO EDUARDO LUCAS CONFORME, | )( | |
| RAMON EDUARDO PILLIGUA CONFORME, | )( | |
| CIRO MARIANO LOPEZ MERO, | )( | |
| PEDRO MANUEL LOPEZ MERO, | )( | NO. |
| JOSE EDUARDO LUCAS MERO, | )( | |
| LUIS ANTONIO PENAFIEL MERO, | )( | |
| PEDRO JOSE REYES MERO, | )( | |
| TELMO ARCADIO CHICA OBANDO, | )( | |
| LUIS MIGUEL CEDENO PICO, | )( | |
| JAIME GUSTAVO PALMA PINARGOTE, | )( | |
| YARDY KLEVER FLORES SEGOVIA, | )( | |
| PACHO HERNANDEZ SOLORZANO, | )( | |
| CARLOS WILFRIDO VELIZ VELEZ, | )( | |
| CARLOS ORLANDO VELEZ ZAMBRANO, | )( | |
| JOSE LUIS ZAMBRANO, ZAMBRANO, | )( | |
| | )( | |
| Plaintiffs, | )( | |
| | )( | |
| v. | )( | |
| | )( | |
| UNITED STATES OF AMERICA, | )( | |
| | )( | |
| Defendant. | )( | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, OSWALDO ENRIQUE TOBAR, ROSA CARMELINA ZAMBRANO LUCAS,

JUNIOR IVAN PICO ALAVA, SEGUNDO MATIAS ZAMBRANO ALONZO, FRANCISCO

GABRIEL YOLE ARTEAGO, FAUSTO LUPERCIO ARIAS CASTANEDA, FRABRICIO BAYRON

CEDENO, JOFFRE JOHNNY CEDENO CEDENO, LINDON CLEOFE CEDENO CEDENO,

RAMON ELIADES RAMON VELEZ CEDENO, DANIEL DAVID QUIMI CHALEN, PABLO

EDUARDO LUCAS CONFORME, RAMON EDUARDO PILLIGUA CONFORME, CIRO

MARIANO LOPEZ MERO, PEDRO MANUEL LOPEZ MERO, JOSE EDUARDO LUCAS MERO,

LUIS ANTONIO PENAFIEL MERO, PEDRO JOSE REYES MERO, TELMO ARCADIO CHICA

OBANDO, LUIS MIGUEL CEDENO PICO, JAIME GUSTAVO PALMA PINARGOTE, YARDY

KLEVER FLORES SEGOVIA, PACHO HERNANDEZ SOLORZANO, CARLOS WILFRIDO

VELIZ VELEZ, CARLOS ORLANDO VELEZ ZAMBRANO, JOSE LUIS ZAMBRANO,

ZAMBRANO, hereinafter called Plaintiffs, complaining of the UNITED STATES OF AMERICA,

hereinafter referred to as Defendant, and would respectfully show the Court the following:

### I.

This action arises in part under the Federal Tort Claims Act, 28 U.S.C., Section 1346(b) and

2661 et. seq. and particularly 28 U.S.C. Section 2680(h), the suits in Admiralty Act 42 U.S.C. §741

et. seq. and the Public Vessels Act, 46 U.S.C. Section 781, et. seq.

### II.

Plaintiffs reside in the country of Ecuador. The Defendant owns and operates a U.S. Coast

Guard and U.S. Navy facility in Galveston, Texas.

### III.

On or about October 5, 2005 in international waters off the Galapagos Islands in the Pacific

Ocean the agents of the Defendant unlawfully and negligently, stopped, searched, arrested, detained

and imprisoned the Plaintiffs,  seized the boat, destroyed the cargo and fish owned by Plaintiffs ROSA

CARMELINA ZAMBRANO LUCAS, and OSWALDO ENRIQUE TOBAR, for allegedly smuggling

and possessing illegal drugs.

## IV.

At all times herein mentioned, the acts of commission or omission of agents of the Defendant were on behalf of the Defendant and were in the course and scope of their employment or agency or such that their actions were intentional as law enforcement officials as defined by 28 U.S.C. Section 2680 (h). The Government agents or employees that were responsible for the damages done to Plaintiffs would be liable just as if they were private persons. No charges were ever subsequently brought against any Plaintiff. Defendant in fact, apologized to the Plaintiffs for the actions of the agents.

## V.

The agents of the Defendant were careless, reckless and negligent in this case or alternatively their acts were intentional in that they:

1.    Arrested and detained the Plaintiffs for no reason for over 99 days.

2.    Failed to ascertain that Plaintiffs were not drug dealers and/or smugglers.

3.    Arrested the Plaintiffs without probable cause.

4.    Falsely imprisoned the Plaintiffs for no reason despite Plaintiffs' protestations.

5.    Failed to release the Plaintiffs and their vessel when it became known they were not drug smugglers and did not possess any illegal substances.

6.    Violated the Plaintiffs' constitutional rights under the IV, V, VI, VIII, and XIV amendments to the United States Constitution.

7.    Violated international law by boarding and seizing a foreign flagged vessel in international waters.

8.    Committed various and numerous assaults on Plaintiffs persons during their imprisonment.

9. Wrongfully seized and kept the vessel owned by Plaintiffs ROSA CARMELINA ZAMBRANO LUCAS and OSWALDO ENRIQUE TOBAR.

10. Violated right of privacy of all the Plaintiffs.

11. Destroyed the personal property of the Plaintiffs without probable cause.

12. Held the Plaintiffs as prisoners under armed guard.

13. Violated treaty obligations with Ecuador.

## VI.

As a direct and proximate result of one or more of the foregoing acts or omissions on the part of the agents of the Defendant, done in the course and scope of their job the Plaintiffs were permanently injured, damaged and infringed upon, all of which will affect them for the remainder of their natural lives.

## VII.

Further, as a direct and proximate result of said acts of commission or omission on the part of Defendant's agents or employees, the Plaintiffs have suffered the following injuries:

1. All the Plaintiffs were imprisoned in a most hostile environment.

2. All the Plaintiffs have suffered severe humiliation;

3. All the Plaintiffs have suffered physical and mental pain and suffering and will continue to do so in the future;

4. All the Plaintiffs have suffered extreme anxiety and depression and will continue to do so in the future;

5. ROSA CARMELINA ZAMBRANO LUCAS, COMMANDER OSWALDO ENRIQUE TOBAR had their personal property destroyed.

6. They have sustained property damage to the vessel and loss of their catch of fish in the amount of $500,000.00.

7. They have lost the use of the vessel.

8. They suffered public ridicule.

By reason of all the foregoing, the Plaintiffs have been damaged in the sum of $5,025,000.00.

## VII.

On April 18, 2006 Plaintiffs filed a claim for injuries with the United States Navy and Coast

Guard. Six months have passed without any action taken by the Defendant on the claim. This is

tantamount to denial of the claim.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited and served

to appear and answer herein, and that upon final trial of this cause, Plaintiffs have judgment against the

Defendant in the sum of $5,025,000.00 and for such other and further relief, both general and special,

at law and in equity, to which the Plaintiffs are justly entitled.

Respectfully submitted,

**MIRANDA & BOYAKI**
Attorneys at Law
4621 Pershing Drive
El Paso, Texas 79903
Tel.: (915) 566-8688
Fax : (915) 566-5906

**WALTER L. BOYAKI**
Attorney for Plaintiffs
State Bar No. 02759500

**HERIBERTO RAMOS**
Ramos & Associates
917 Franklin, Suite 300
Houston, Texas 77002
State Bar No. 24033102

*PAGE 5 OF 5*

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

JUNIOR IVAN PICO ALAVA, ET AL

**DEFENDANTS**

UNITED STATES OF AMERICA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    EL PASO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
WALTER L. BOYAKI
4621 PERSHING DR.
EL PASO, TEXAS 79903

ATTORNEYS (IF KNOWN)

United States District Court
Southern District of Texas
FILED
JAN 04 2007
Michael N. Milby, Clerk

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

F.T.C.A., 28 U.S.C.,Section 1346b and 2671, et. seq.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | ☐ 720 Labor/Mgmt. Relations | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 740 Railway Labor Act | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 790 Other Labor Litigation | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| OSWALDO ENRIQUE TOBAR, | )( | |
| ROSA CARMELINA ZAMBRANO LUCAS, | )( | |
| JUNIOR IVAN PICO ALAVA, | )( | |
| SEGUNDO MATIAS ZAMBRANO ALONZO, | )( | |
| FRANCISCO GABRIEL YOLE ARTEAGO, | )( | |
| FAUSTO LUPERCIO ARIAS CASTANEDA, | )( | |
| FRABRICIO BAYRON CEDENO, | )( | |
| JOFFRE JOHNNY CEDENO CEDENO, | )( | |
| LINDON CLEOFE CEDENO CEDENO, | )( | |
| RAMON ELIADES RAMON VELEZ CEDENO, | )( | |
| DANIEL DAVID QUIMI CHALEN, | )( | |
| PABLO EDUARDO LUCAS CONFORME, | )( | |
| RAMON EDUARDO PILLIGUA CONFORME, | )( | |
| CIRO MARIANO LOPEZ MERO, | )( | |
| PEDRO MANUEL LOPEZ MERO, | )( | NO. |
| JOSE EDUARDO LUCAS MERO, | )( | |
| LUIS ANTONIO PENAFIEL MERO, | )( | |
| PEDRO JOSE REYES MERO, | )( | |
| TELMO ARCADIO CHICA OBANDO, | )( | |
| LUIS MIGUEL CEDENO PICO, | )( | |
| JAIME GUSTAVO PALMA PINARGOTE, | )( | |
| YARDY KLEVER FLORES SEGOVIA, | )( | |
| PACHO HERNANDEZ SOLORZANO, | )( | |
| CARLOS WILFRIDO VELIZ VELEZ, | )( | |
| CARLOS ORLANDO VELEZ ZAMBRANO, | )( | |
| JOSE LUIS ZAMBRANO, ZAMBRANO, | )( | |
| | )( | |
| Plaintiffs, | )( | |
| | )( | |
| v. | )( | |
| | )( | |
| UNITED STATES OF AMERICA, | )( | |
| | )( | |
| Defendant. | )( | |

**United States District Court
Southern District of Texas
FILED
JAN 04 2007
Michael N. Milby, Clerk**

## PLAINTIFFS' MOTION FOR ADMISSION PRO HAC VICE OF WALTER L. BOYAKI

Plaintiffs OSWALDO ENRIQUE TOBAR, ROSA CARMELINA ZAMBRANO LUCAS,

JUNIOR IVAN PICO ALAVA, SEGUNDO MATIAS ZAMBRANO ALONZO, FRANCISCO

GABRIEL YOLE ARTEAGO, FAUSTO LUPERCIO ARIAS CASTANEDA, FRABRICIO BAYRON

1

CEDENO, JOFFRE JOHNNY CEDENO CEDENO, LINDON CLEOFE CEDENO CEDENO,

RAMON ELIADES RAMON VELEZ CEDENO, DANIEL DAVID QUIMI CHALEN, PABLO

EDUARDO LUCAS CONFORME, RAMON EDUARDO PILLIGUA CONFORME, CIRO

MARIANO LOPEZ MERO, PEDRO MANUEL LOPEZ MERO, JOSE EDUARDO LUCAS MERO,

LUIS ANTONIO PENAFIEL MERO, PEDRO JOSE REYES MERO, TELMO ARCADIO CHICA

OBANDO, LUIS MIGUEL CEDENO PICO, JAIME GUSTAVO PALMA PINARGOTE, YARDY

KLEVER FLORES SEGOVIA, PACHO HERNANDEZ SOLORZANO, CARLOS WILFRIDO

VELIZ VELEZ, CARLOS ORLANDO VELEZ ZAMBRANO, JOSE LUIS ZAMBRANO,

ZAMBRANO, by their attorney, hereby moves the Court for an Order granting leave for WALTER L.

BOYAKI to appear pro hac vice as counsel for Plaintiffs in this action.  In support of this motion,

Plaintiffs rely on the attached Affidavit of WALTER L. BOYAKI.

      **WHEREFORE**, Plaintiffs respectfully request that this Motion be granted.

                    Respectfully submitted,

                    **MIRANDA & BOYAKI**
                    Attorneys at Law
                    4621 Pershing Drive
                    El Paso, Texas  79903
                    Tel.: (915) 566-8688
                    Fax : (915) 566-5906

By:

                    **WALTER L. BOYAKI**
                    Attorney for Plaintiffs
                    State Bar No. 02759500

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| OSWALDO ENRIQUE TOBAR, | )( | |
| ROSA CARMELINA ZAMBRANO LUCAS, | )( | |
| JUNIOR IVAN PICO ALAVA, | )( | |
| SEGUNDO MATIAS ZAMBRANO ALONZO, | )( | |
| FRANCISCO GABRIEL YOLE ARTEAGO, | )( | |
| FAUSTO LUPERCIO ARIAS CASTANEDA, | )( | |
| FRABRICIO BAYRON CEDENO, | )( | |
| JOFFRE JOHNNY CEDENO CEDENO, | )( | |
| LINDON CLEOFE CEDENO CEDENO, | )( | |
| RAMON ELIADES RAMON VELEZ CEDENO, | )( | |
| DANIEL DAVID QUIMI CHALEN, | )( | |
| PABLO EDUARDO LUCAS CONFORME, | )( | |
| RAMON EDUARDO PILLIGUA CONFORME, | )( | |
| CIRO MARIANO LOPEZ MERO, | )( | |
| PEDRO MANUEL LOPEZ MERO, | )( | NO. |
| JOSE EDUARDO LUCAS MERO, | )( | |
| LUIS ANTONIO PENAFIEL MERO, | )( | |
| PEDRO JOSE REYES MERO, | )( | |
| TELMO ARCADIO CHICA OBANDO, | )( | |
| LUIS MIGUEL CEDENO PICO, | )( | |
| JAIME GUSTAVO PALMA PINARGOTE, | )( | |
| YARDY KLEVER FLORES SEGOVIA, | )( | |
| PACHO HERNANDEZ SOLORZANO, | )( | |
| CARLOS WILFRIDO VELIZ VELEZ, | )( | |
| CARLOS ORLANDO VELEZ ZAMBRANO, | )( | |
| JOSE LUIS ZAMBRANO, ZAMBRANO, | )( | |
| | )( | |
| Plaintiffs, | )( | |
| | )( | |
| v. | )( | |
| | )( | |
| UNITED STATES OF AMERICA, | )( | |
| | )( | |
| Defendant. | )( | |

## AFFIDAVIT OF WALTER L. BOYAKI

STATE OF TEXAS     )
                )
COUNTY OF EL PASO   )

     BEFORE ME, the undersigned authority, on this day personally appeared WALTER L.

3

BOYAKI, who after being by me first duly sworn, on his oath states the following:

"My name is Walter L. Boyaki. I am a partner with the law firm of MIRANDA & BOYAKI, 4621 Pershing Drive, El Paso, Texas, 79903.

"I am a member in good standing of the State Bar of Texas and am admitted to practice before the United States District Courts for the Western Districts of Texas, and the Fifth Circuit Court of Appeals.

"Plaintiffs have requested Walter L. Boyaki to represent them in this case and have retained our firm to do so. I am fully familiar with the facts in this matter.

"I am aware that my admission to practice pro hac vice in this Court, if granted, requires that I observe all rules of the Court, and I pledge to do so.

"I declare under penalty of perjury that the foregoing is true and correct."

WALTER L. BOYAKI

SUBSCRIBED AND SWORN TO BEFORE ME by the said Walter L. Boyaki this 29 day of December, 2006.

LETICIA LEAL
MY COMMISSION EXPIRES
October 10, 2007

Notary Public in and for the
State of Texas

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| OSWALDO ENRIQUE TOBAR, | )( |
| ROSA CARMELINA ZAMBRANO LUCAS, | )( |
| JUNIOR IVAN PICO ALAVA, | )( |
| SEGUNDO MATIAS ZAMBRANO ALONZO, | )( |
| FRANCISCO GABRIEL YOLE ARTEAGO, | )( |
| FAUSTO LUPERCIO ARIAS CASTANEDA, | )( |
| FRABRICIO BAYRON CEDENO, | )( |
| JOFFRE JOHNNY CEDENO CEDENO, | )( |
| LINDON CLEOFE CEDENO CEDENO, | )( |
| RAMON ELIADES RAMON VELEZ CEDENO, | )( |
| DANIEL DAVID QUIMI CHALEN, | )( |
| PABLO EDUARDO LUCAS CONFORME, | )( |
| RAMON EDUARDO PILLIGUA CONFORME, | )( |
| CIRO MARIANO LOPEZ MERO, | )( |
| PEDRO MANUEL LOPEZ MERO, | )(    NO. |
| JOSE EDUARDO LUCAS MERO, | )( |
| LUIS ANTONIO PENAFIEL MERO, | )( |
| PEDRO JOSE REYES MERO, | )( |
| TELMO ARCADIO CHICA OBANDO, | )( |
| LUIS MIGUEL CEDENO PICO, | )( |
| JAIME GUSTAVO PALMA PINARGOTE, | )( |
| YARDY KLEVER FLORES SEGOVIA, | )( |
| PACHO HERNANDEZ SOLORZANO, | )( |
| CARLOS WILFRIDO VELIZ VELEZ, | )( |
| CARLOS ORLANDO VELEZ ZAMBRANO, | )( |
| JOSE LUIS ZAMBRANO, ZAMBRANO, | )( |
| | )( |
| Plaintiffs, | )( |
| | )( |
| v. | )( |
| | )( |
| UNITED STATES OF AMERICA, | )( |
| | )( |
| Defendant. | )( |

**O R D E R**

On _____ day of _____, 2006, came on to be considered the Motion of

Plaintiffs OSWALDO ENRIQUE TOBAR, ROSA CARMELINA ZAMBRANO LUCAS,

JUNIOR IVAN PICO ALAVA, SEGUNDO MATIAS ZAMBRANO ALONZO, FRANCISCO

GABRIEL YOLE ARTEAGO, FAUSTO LUPERCIO ARIAS CASTANEDA, FRABRICIO BAYRON

CEDENO, JOFFRE JOHNNY CEDENO CEDENO, LINDON CLEOFE CEDENO CEDENO, RAMON ELIADES RAMON VELEZ CEDENO, DANIEL DAVID QUIMI CHALEN, PABLO EDUARDO LUCAS CONFORME, RAMON EDUARDO PILLIGUA CONFORME, CIRO MARIANO LOPEZ MERO, PEDRO MANUEL LOPEZ MERO, JOSE EDUARDO LUCAS MERO, LUIS ANTONIO PENAFIEL MERO, PEDRO JOSE REYES MERO, TELMO ARCADIO CHICA OBANDO, LUIS MIGUEL CEDENO PICO, JAIME GUSTAVO PALMA PINARGOTE, YARDY KLEVER FLORES SEGOVIA, PACHO HERNANDEZ SOLORZANO, CARLOS WILFRIDO VELIZ VELEZ, CARLOS ORLANDO VELEZ ZAMBRANO, JOSE LUIS ZAMBRANO, ZAMBRANO for admission pro hac vice of WALTER L. BOYAKI, and the Court finds good ground for the Motion.

IT IS, THEREFORE, ORDERED AND DECREED that the Motion is GRANTED. WALTER L. BOYAKI is hereby admitted to practice before this Court pro hac vice for Plaintiffs subject to his continuing compliance with the rules of this Court.

SIGNED this _____ day of _____, 2006.

_____
**JUDGE PRESIDING**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

CIVIL ACTION NUMBER 3:07-cv-00003
**Tobar et al v. United States of America**

ORDER FOR CONFERENCE
AND
DISCLOSURE OF INTERESTED PARTIES

1.    Counsel shall appear for an initial pretrial and scheduling conference before

HONORABLE SAMUEL B. KENT
**on April 4, 2007, at 09:20 AM**
Sixth Floor Courtroom
U. S. Post Office Building
601 Rosenberg
Galveston, Texas 77550

2.    Counsel shall file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other legal entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3.    Fed. R. Civ. P. Rule 4(m) requires defendant(s) to be served within 120 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 120 days after the filing of the complaint may result in dismissal of this action by the court on it own initiative.

4.    After the parties meet as required by Fed. R. Civ. P. Rule 26(f), counsel shall prepare and file not less than ten days before the conference a joint report of the meeting and joint discovery/case management plan containing the information required on the form available on the Southern District of Texas website at  http://www.txs.uscourts.gov.

5.    The court will enter a scheduling order and may rule on any pending motions at the conference.

6.    Counsel who file or remove an action must servce a copy of this order with the summons and complaint or with the notice of removal.

7.    Attendance by an attorney who has authority to bind the party is required at the conference.

8.    Counsel shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the conference shall advise the court of the results of their discussions.

9.    A person litigating pro se is bound by the requirements imposed upon counsel in this order.

10.    Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

By Order of the Court

**UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS**

### Notice of the Right to Try
### a Civil Case Before a Magistriate Judge

    With the consent of all the parties, a United States Magistrate Judge may preside in a civil case, including jury trial and final judgment.

    The choice of trial before a magistrate judge is entirely yours. Tell only the clerk. Neither the judge or magistrate judge will be told until all the parties agree.

    The district judge to whom your case is assigned must approve the referral to a magistrate judge.

    You may get consent forms from the clerk.

Michael N. Milby, Clerk

**UNITED STATES DISTRICT COURT**    **SOUTHERN DISTRICT OF TEXAS**

Oswaldo Enrique Tobar, et al.
      Plaintiff/Petitioner         §
                                           §

*versus*                        §   Case Number: 3:07−cv−00003
                                           §

United States of America
      Defendant/Respondent(s)    §


# Consent to Proceed Before a Magistrate Judge


    All parties to this case waive their right to proceed before a district judge and consent to have a United States Magistrate Judge conduct all further proceedings, including the trial and judgment. 28 U.S.C. § 636(c). Appeal directly to the Fifth Circuit.


———————————————————    ———————————————————

———————————————————    ———————————————————


# Order to Transfer


This case is transferred to United States Magistrate Judge


John R. Froeschner


to conduct all further proceedings, including final judgment.


—————————————
Date                ————————————————————
                     United States District Judge

United States Courts
Southern District of Texas
ENTERED

JAN 0 5 2007

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF COMPUTER CODES | § | GENERAL GALVESTON DIVISION |
| PRINTED ON PROPOSED | § | SPECIAL ORDER NO. 2007-1 |
| ORDERS SUBMITTED TO THIS COURT | § | (Application limited to this Division only) |

ORDER **G 07-003**

Pursuant to Special Order 2006-1 issued January 13, 2006, the Court continues to note a frustrating tendency of counsel's inclusion of computer codes on proposed orders submitted for the signature of this Court. In the infancy of this problem, such codes were usually four or five digit numbers obscurely put on the lower left or right portion of such proposed orders. These were innocuous, and did not constitute much of a problem. However, as computers have grown in sophistication, so have these codes. Now, the court is frequently confronted with proposed orders upon which are printed long and substantially cryptic references, often including several lines, and measuring as much as three or four inches of text. Inasmuch as these have nothing to do with the substance of the order, and are confusing to lay people not familiar with computer formats, particularly such as *pro se* litigants and the like, this practice will not longer be tolerated in this Court. Henceforth, it is accordingly

**ORDERED, ADJUDGED and DECREED** that any proposed order bearing any computer codes of any kind or description will be stricken. The Court will follow this practice through the close of business on December 31, 2007. Thereafter, any proposed order submitted with such inappropriate computer references will be subject to sanctions.

**DONE** at Galveston, Texas this the _____ day of January, 2007.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT FOR

## THE SOUTHERN DISTRICT OF TEXAS

### GALVESTON DIVISION

| | | |
|---|---|---|
| OSWALDO ENRIQUE TOBAR, *et al.* | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO.  G-07-003 |
| | § | |
| UNITED STATES OF AMERICA | § | |

### ORDER STRIKING PLEADING

The Clerk has filed Plaintiffs'  Motion for Admission Pro Hac Vice [Doc. # 2], however, it is deficient in the area(s) checked below:

(NOTE: "L.R." refers to the Local Rules, Southern District of Texas)

1. \_\_\_\_\_        Pleading is not signed. (L.R.11.3)

2. \_\_\_\_\_        Pleading is not in compliance with L.R.11.3.A (1) through (6).

3. \_\_\_\_\_        Caption of the pleading is incomplete. (L.R.10.1)

4. \_\_\_\_\_        No certificate of service, or explanation why service is not required. (L.R.5.3)

5. __X__        Motions are not in compliance with L.R.7:

    a.        __x__    No statement of opposition or non-opposition. (L.R.7.2)

    b.        __x__    No statement re conference w/opposing counsel. (L.R.7.1.D)

    c.        __X__    Separate proposed order *HAS INCORRECT YEAR*. (L.R.7.1.C).

6. \_\_\_\_\_        Motion to consolidate is not in compliance with L.R.7.6.

7. x\_        Other:  Case No. not shown in caption; PLEASE USE *"et al."* instead of listing every Plaintiff's name, *IN BOTH CAPTION AND TEXT.*

    a.        \_\_\_\_    Red vertical lines on pleading. (L.R.11.4)

    b.        \_\_\_\_    Computer codes on proposed order (Galveston General Order 2004-1).

    c.        \_\_\_\_    No space provided for date on proposed order.

    d.        \_\_\_\_    No leave of court.

The Clerk is hereby ORDERED to strike the above instrument from the record and notify counsel of such action.

Dated: __1/10/07__

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 6 2007

Michael N. Milby, Clerk

| | | |
|---|---|---|
| OSWALDO ENRIQUE TOBAR, ET AL, | )( | |
| | )( | |
| Plaintiffs, | )( | |
| | )( | |
| v. | )( | NO.  3:07-CV-00003 |
| | )( | |
| UNITED STATES OF AMERICA, | )( | |
| | )( | |
| Defendant. | )( | |

## CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record certifies that the following have a financial interest in the

outcome of this case:

1.  Oswaldo Enrique Tobar,
2.  Rosa Carmelina Zambrano Lucas
3.  Junior Ivan Pico Alava
4.  Segundo Matias Zambrano Alonzo
5.  Francisco Gabriel Yole Arteago
6.  Fausto Lupercio Arias Castaneda
7.  Frabricio Bayron Cedeno
8.  Joffre Johnny Cedeno Cedeno
9.  Lindon Cleofe Cedeno Cedeno
10. Ramon Eliades Ramon Velez Cedeno
11. Daniel David Quimi Chalen
12. Pablo Eduardo Lucas Conforme
13. Ramon Eduardo Pilligua Conforme
14. Ciro Mariano Lopez Mero
15. Pedro Manuel Lopez Mero
16. Jose Eduardo Lucas Mero
17. Luis Antonio Penafiel Mero
18. Pedro Jose Reyes Mero
19. Telmo Arcadio Chica Obando
20. Luis Miguel Cedeno Pico
21. Jaime Gustavo Palma Pinargote
22. Yardy Klever Flores Segovia
23. Pacho Hernandez Solorzano
24. Carlos Wilfrido Veliz Velez
25. Carlos Orlando Velez Zambrano
26. Jose Luis Zambrano, Zambrano

*PAGE 1 OF 2*

27.     Walter L. Boyaki
28.     Heriberto Ramos
29.     The United States of America
30.     The United States Attorneys Office for the Southern District of Texas

Respectfully submitted,

**MIRANDA & BOYAKI**
Attorneys at Law
4621 Pershing Drive
El Paso, Texas  79903
Tel.: (915) 566-8688
Fax : (915) 566-5906

By:  /s/ Walter L. Boyaki
       **WALTER L. BOYAKI**
       Attorney for Plaintiff
       State Bar No. 02759500

        /s/ Heriberto Ramos
       **HERIBERTO RAMOS**
       Ramos & Associates
       917 Franklin, Suite 300
       Houston, Texas 77002
       State Bar No. 24033102


## CERTIFICATE OF SERVICE

I, **WALTER L. BOYAKI**, do hereby certify that a true and correct copy of the foregoing
instrument was forwarded to **DANIEL DAVID HU**, P.O. Box 61129, Houston, Texas 77208, on this
9th  day of January, 2007.

        /s/ Walter L. Boyaki
       **WALTER L. BOYAKI**

*PAGE 2 OF 2*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| OSWALDO ENRIQUE TOBAR, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action G-07-003 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant | ) | |
| ———————————————————— | ) | |

## ANSWER OF DEFENDANT UNITED STATES OF AMERICA

COMES NOW, Defendant United States of America, by and through the

undersigned counsel, and respectfully submits this Answer of Defendant United States of

America to the Complaint of Oswaldo Enrique Tobar, et al.

1.     Paragraph I does not contain allegations to which any answer is required by the

United States of America; to the extent that admissions, denials, or denials for lack of

knowledge and information would be required of the United States of America, the

allegations are denied, except it is admitted that this is an admiralty and maritime claim

within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that this

Court has subject matter jurisdiction of Plaintiff's Complaint and action against

Defendant, United States of America, a sovereign nation, if at all, solely under the

provisions of the Public Vessels Act, 46 U.S.C. §§ 31101 *et. seq.*, and not otherwise.

2.     Paragraph II does not contain allegations to which any answer is required by the

United States of America; to the extent that admissions, denials, or denials for lack of

knowledge and information would be required of the United States of America, the

allegations are denied for lack of knowledge and information. The United States admits

that the United States Coast Guard operates facilities in Galveston, Texas.

3.    The allegations in Paragraph III are denied.

4.    Paragraph IV does not contain allegations to which any answer is required by the

United States of America; to the extent that admissions, denials, or denials for lack of

knowledge and information would be required of the United States of America, the

allegations are denied.

5.    The allegations in Paragraph V are denied

6.    The allegations in Paragraph VI are denied.

7.    The allegations in Paragraph VII are denied.

8.    The second numbered Paragraph VII does not contain allegations to which any

answer is required by the United States of America; to the extent that admissions, denials,

or denials for lack of knowledge and information would be required of the United States

of America, the allegations are denied.

## FIRST DEFENSE

9.    This Court lacks subject matter jurisdiction as to the claims against the United

States of America.

## SECOND DEFENSE

10.    The Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2

## THIRD DEFENSE

11.     If Plaintiffs sustained injuries and damages by reason of the matters alleged in the

Complaint, which are denied, then said injuries and damages were caused in whole or in

part by Plaintiffs' own negligence and fault, and were not caused in any manner by any

fault or negligence of the United States of America, its officers, agents, servants,

employees or others for whom it was responsible.

## FOURTH DEFENSE

12.     If Plaintiffs sustained injuries and damages by reason of the matters alleged in the

Complaint, which are denied, then said injuries and damages were caused in whole or in

part by the acts of third parties, and were not caused or contributed to in any manner by

any fault or negligence of the United States of America, its officers, agents, servants,

employees or others for whom it was responsible.

## FIFTH DEFENSE

13.     This Court lacks subject matter jurisdiction over Plaintiffs' action against the

United States of America in that Plaintiffs' Complaint alleges damages resulting from the

exercise or performance of, or the failure to exercise or perform, discretionary or

governmental functions by federal agencies, officers, agents, servants, employees or

others for whom the United States of America was or is responsible, for which actions or

failures the United States of America cannot be held liable.

## SIXTH DEFENSE

14.     Venue in this Court is improper.

3

## SEVENTH DEFENSE

15.     This Court lacks jurisdiction of the subject matter of Plaintiffs' complaint and

action against the United States of America in that it claims injuries or damages resulting

from law enforcement activities of the United States for which the United States of

America is not liable as a matter of substantive law.

WHEREFORE, Defendant United States of America prays as follows:

1.     That judgment be entered dismissing Plaintiff's action.

2.     That the United States of America be awarded costs.

3.     That the United States of America may have such other and further relief as

this Court may deem just and proper.


Dated:  March 2, 2007.

                                        Respectfully submitted,

                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        DONALD J. DeGABRIELLE, JR.
                                        United States Attorney

                                        DANIEL HU
                                        Assistant United States Attorney

                                        STEPHEN CAMPBELL
                                        Trial Attorney
                                        Torts Branch, Civil Division


                                          s/ JOHN S. LUCE Jr.
                                        JOHN S. LUCE Jr.

                                        4

Attorney In Charge
New York Bar # 3934213
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone:  (202) 616-4035
Facsimile:  (202) 616-4159
E-Mail: john.luce@usdoj.gov

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2007, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following:

> Walter L. Boyaki.

I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participant:

> Heriberto Ramos
> Ramos & Associates
> 917 Franklin , Suite 300
> Houston, Texas 77002

> <u>s/ JOHN S. LUCE Jr.</u>
> JOHN S. LUCE Jr.
> Attorney In Charge
> New York Bar # 3934213
> Trial Attorney
> Torts Branch, Civil Division
> U. S. Department of Justice
> P.O. Box 14271
> Washington, D.C. 20044-4271
> Telephone:  (202) 616-4035
> Facsimile:  (202) 616-4159
> E-Mail: john.luce@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| OSWALDO ENRIQUE TOBAR, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action G-07-003 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## UNITED STATES' MOTION TO TRANSFER VENUE

The United States of America moves this court to transfer venue pursuant to

Federal Rules of Civil Procedure 12(b)(3) and the venue requirements of the Public

Vessels Act, 46 U.S.C. § 31104.  The Public Vessels Act requires:  "A civil action under

this chapter shall be brought in the district court of the United States for the district in

which the vessel or cargo is found within the United States."  46 U.S.C. § 31104(a).

Transfer is warranted as a matter of law because the public vessel in issue – USS

MCCLUSKY – was in her homeport of San Diego, California on the date the complaint

was filed.


Dated: March 2, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DONALD J. DeGABRIELLE, JR.
United States Attorney

DANIEL HU
Assistant United States Attorney

STEPHEN CAMPBELL
Trial Attorney
Torts Branch, Civil Division


   s/ JOHN S. LUCE Jr.
JOHN S. LUCE Jr.
Attorney In Charge
New York Bar # 3934213
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone:  (202) 616-4035
Facsimile:  (202) 616-4159
E-Mail: john.luce@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2007, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following:

Walter L. Boyaki.

I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participant:

Heriberto Ramos
Ramos & Associates
917 Franklin , Suite 300
Houston, Texas 77002

s/ JOHN S. LUCE Jr.
JOHN S. LUCE Jr.
Attorney In Charge
New York Bar # 3934213
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone: (202) 616-4035
Facsimile: (202) 616-4159
E-Mail: john.luce@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| OSWALDO ENRIQUE TOBAR, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action G-07-003 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM IN SUPPORT OF THE
## UNITED STATES' MOTION TO TRANSFER VENUE

### PRELIMINARY STATEMENT

This memorandum is submitted in support of the United States' motion to transfer the case to the Southern District of California. In accordance with Local Rule LR7.1, the parties have conferred and counsel can not agree about the disposition of the motion.

Plaintiffs designated this action as having been brought against the United States of America under the authority of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et. seq.*, the Suits in Admiralty Act ("SAA"), 46 U.S.C. §§ 30901, *et. seq.*, and the Public Vessels Act ("PVA"), 46 U.S.C. §§ 31101, *et. seq.* Since Plaintiffs allege an improper boarding and seizure by a United States Navy vessel on the high seas this action comes within the exclusive admiralty jurisdiction of this Court, and must be brought against the United States in conformity with the mandatory venue requirements

of the PVA, which requires that this matter be transferred to the Southern District of

California for adjudication.

## STATEMENT OF FACTS

Plaintiffs' complaint alleges that on or about October 5, 2005, in international

waters off the Galapagos Islands agents of the United States conducted a boarding of a

fishing vessel in an unlawful and negligent manner. The boarding was conducted by a

U.S. Coast Guard Law Enforcement Detachment operating from the USS MCCLUSKY

(FFG 41).

Plaintiffs' complaint does not contain an allegation regarding the location of the

USS MCCLUSKY at the time the complaint was filed. The only venue related allegation

in Plaintiffs' Complaint is that "Plaintiffs reside in the country of Ecuador." (Compl. ¶

II.) The USS MCCLUSKY's home port is San Diego, California. (LCDR Brown Decl. ¶

2.) Plaintiff filed this action on January 4, 2007. On January 4, 2007 the USS

MCCLUSKY was physically located in its homeport of San Diego, California. (LCDR

Brown Decl. ¶ 2; LCDR Brown Decl. Ex A.)

## DISCUSSION

I.    Plaintiffs' Action Lies In Admiralty And Involves A Public Vessel; As Such
      Compliance With The Venue Provisions Of The Public Vessels Act Are
      Mandatory

Plaintiffs' complaint concerns law enforcement actions of the United States on

international waters involving a public vessel of the United States. As such, the

gravamen of plaintiff's complaint arises under the admiralty jurisdiction of this Court.

*See Coumou v. United States*, 107 F. 3d 290, 294 - 95 (5th Cir. 1997) *withdrawn and replaced in part on reh'g*, 114 F 3d 64 (5th Cir. 1997) (applying *Jerome B. Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995) to a Coast Guard law enforcement actions in international waters involving the master of a vessel engaged in maritime commerce). Plaintiff alleges jurisdiction under the FTCA, SAA, and PVA. The availability of a maritime remedy specifically excludes a remedy under the FTCA. 28 U.S.C. § 2680(d); *Coumou*, 107 F. 3d at 294 n.8.

Plaintiffs' alleged injuries and damages were caused by a public vessel within the meaning of the PVA, wherein it provides that an action in admiralty may be brought against the United States for "(1) damages caused by a public vessel of the United States . . . ." 46 U.S.C. § 31102(a); *see Canadian Aviator, LTD. v. United States*, 324 U.S. 215 (1941). The PVA provides the sole basis for the plaintiff to bring this action. *United States v. United Cont'l Tuna*, 425 U.S. 164 (1976); *Coumou*, 107 F. 3d at 294 - 95. While certain provisions of the SAA are incorporated by reference into the PVA -- to the extent those provisions are not inconsistent with the PVA's terms – a plaintiff cannot evade the more restrictive terms of the PVA by also suing under the SIAA. *See United Cont'l Tuna*, 425 U.S. at 169; *Adams v. United States*, 64 F. Supp. 2d 647 (S.D. Tex. 1999); *Pascua v. Astrocielo Neptunea Armandora, S.A.*, 614 F. Supp. 984, 985 (S.D. Tex. 1985).

**II.**     The PVA's Venue Provision Requires That This Action Be Transferred to the
Southern District of California

The United States may only be sued in strict conformity with the conditions by

which it has waived its sovereign immunity from suit. *United States v. Sherwood*, 312

U.S. 584, 586-587 (1941); *Soriano v. United States*, 352 U.S. 270 (1957). Like other

statutes governing claims against the United States, the PVA is a limited waiver of the

sovereign's immunity. In the PVA "Congress has seen fit to establish some limitations as

to *where* the Government is subject to suit." *Martin v. United States*, 323 F. Supp. 1131,

1133 (E.D. Pa. 1970) (emphasis added). Section 31104(a) of the PVA provides that "[a]

civil action under this chapter shall be brought in the district court of the Untied States for

the district in which the vessel or cargo is found within the United States." A public

vessel is "found" by being physically present in the district at the time of filing the

complaint. *Sherman v. United States*, 246 F. Supp. 547, 548 (W.D. Mich. 1965);

*Simonowycz v. United States*, 125 F. Supp. 847 (N.D. Ohio 1954).

Only if a vessel is not within the territorial waters of the United States is a plaintiff

able to bring the action in the district in which he or she resides or if no plaintiff resides in

the United States then in the district court for any district. 46 U.S.C. § 31104(b). The

venue provisions in the PVA are not equal options for these plaintiffs; to the contrary,

they are mutually exclusive venue alternatives. *Chase v. United States*, 1969 A.M.C

1433, 1435 (E.D. Pa. 1969) (not otherwise reported.)

In the present action, the venue provision in the PVA applies and as the subject

vessel was physically located in the Southern District of California when Plaintiffs filed

their complaint on January 4, 2007, venue is proper only in that District. Plaintiffs,

therefore, were required to file this action in the Southern District of California. Having

failed to do so, the action must be transferred to the Southern District of California. *See*

*Asociacion de Pescadores de Vieques, Inc. v. United States*, 497 F. Supp. 54 (D.P.R.

1979); *Gaines v. United States*, 2004 A.M.C. 2177, 2004 WL 3007091 (D. MD. 2004);

*Sneed v. United States*, 1980 A.M.C. 1685 (N.D. Cal. 1980) (not otherwise reported).

## CONCLUSION

For the foregoing reasons, the United States' motion to transfer venue should be

granted.

Dated: March 2, 2007


Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DONALD J. DeGABRIELLE, JR.
United States Attorney

DANIEL HU
Assistant United States Attorney

STEPHEN CAMPBELL
Trial Attorney
Torts Branch, Civil Division


  s/ JOHN S. LUCE Jr.
JOHN S. LUCE Jr.
Attorney In Charge

New York Bar # 3934213
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone:  (202) 616-4035
Facsimile:  (202) 616-4159
E-Mail: john.luce@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2007, I electronically filed the foregoing
with the Clerk of court by using the CM/ECF system which will send a notice of
electronic filing to the following:

Walter L. Boyaki.

I further certify that I mailed the foregoing document and notice of electronic
filing by first-class mail to the following non-CM/ECF participant:

Heriberto Ramos
Ramos & Associates
917 Franklin , Suite 300
Houston, Texas 77002


    s/ JOHN S. LUCE Jr.
JOHN S. LUCE Jr.
Attorney In Charge
New York Bar # 3934213
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone:  (202) 616-4035
Facsimile:  (202) 616-4159
E-Mail: john.luce@usdoj.gov

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | |
|---|---|
| OSWALDO ENRIQUE TOBAR, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.          ) | Civil Action G-07-003 |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

### AFFIDAVIT OF JAMES E. BROWN

I, James E. Brown, make the following statement under oath:

1.    I am a Lieutenant Commander in the United States Navy and am the

Executive Officer of the USS MCCLUSKY (FFG 41).

2.    The USS MCCLUSKY was in her homeport of San Diego California on

January 4, 2007. A true and accurate copy of the Ship's Log for January 4,

2007 is attached hereto as Exhibit A.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on February 27, 2007.

JAMES E. BROWN
Lieutenant Commander
United States Navy
Executive Officer, USS MCCLUSKY (FFG 41)

OPNAV 3100/99 (Rev. 7-84)
S/N 0107-LF-031-0498

# SHIP'S DECK LOG SHEET

USE BLACK INK TO FILL IN THIS LOG

| SHIP TYPE | HULL NUMBER | YEAR | MONTH | ZONE | DAY | | | | |
|---|---|---|---|---|---|---|---|---|---|
| D A F F G | 9.1 | 7 0.1 | Q 4 | E | | | | | |

USS  McCLOSKY

AT / PASSAGE FROM  AUGUSTA SANDIEGO

TO

CLASS  U
HANDL.

| POSITION | ZONE | TIME | POSITION | ZONE | TIME | POSITION | ZONE | TIME | LEGEND |
|---|---|---|---|---|---|---|---|---|---|
| 0800 | | | 1200 | | | 2000 | | | 1 - CELESTIAL |
| L ___ BY ___ | | | L ___ BY ___ | | | L ___ BY ___ | | | 2 - ELECTRONIC |
| λ ___ BY ___ | | | λ ___ BY ___ | | | λ ___ BY ___ | | | 3 - VISUAL |
| | | | | | | | | | 4 - D.R. |

| TIME | ORDER | CSE | SPEED | DEPTH | RECORD OF ALL EVENTS OF THE DAY |
|---|---|---|---|---|---|
| 18 - 21 | 23 - 29 | 30 - 32 | 33 - 36 | 37 - 40 41 | 77 |
| | | | | | 2200 - 0200 |
| 2145 | | | | | ASSUMED THE WATCH PIERSIDE PIER 4 BERTH 5 |
| | | | | | NAVSTA SANDIEGO USING SIX (6) STANDARD MOORING |
| | | | | | LINES DOUBLED FORE AND AFT. ENGINEERING PLANT IS |
| | | | | | AS FOLLOWS: #1 HPAC, #1 LPAC, #3 AC, #4 SSDG |
| | | | | | STBY. #4 AND #5 FIRE PUMP. CO AND XO ARE OFFSHORE |
| | | | | | CDO IS CTG ROLFS, OOD QS¹(SW) POLLARD. |
| 2200 | | | | | TAPS |
| 0145 | | | | | WATCH PROPERLY RELIEVED BY SK² ETHINGTON |
| | | | | | X |
| | | | | | X POLLARD, JLC QS¹(SW) |
| | | | | | 0200 - 0700 |
| 0200 | | | | | ASSUMED THE WATCH MOORED AS BEFORE. |
| 0645 | | | | | PROPERLY RELIEVED BY STGC IVEY |
| | | | | | ~ |
| | | | | | ETHINGTON M² |
| 0645 | | | | | ASSUMED THE WATCH MOORED AS BEFORE. |
| 0651 | | | | | OBSERVED SUNRISE. |
| 0800 | | | | | OBSERVED MORNING COLORS |
| 0810 | | | | | CO ARRIVED |
| 1143 | | | | | WATCH PROPERLY RELIEVED BY ENS HURBAN |
| | | | | | X B H |
| | | | | | X B. IVEY STGC |
| | | | | | 1200 - 1700 |
| 1145 | | | | | ASSUME THE WATCH MOORED AS BEFORE. |
| 1310 | | | | | CMC DEPARTS |
| 1330 | | | | | CO DEPARTS |
| 1645 | | | | | WATCH PROPERLY RELIEVED BY N/C(SW) BIRKICAR |
| | | | | | X MICHAEL HURBAN |

REPORT SYMBOL
OPNAV 3100-10

IF CLASSIFIED STAMP REVIEW / DECLASSIFICATION DATE HEAT

*U.S. GPO: 2005-704-001/20021

IF CLASSIFIED STAMP
SECURITY MARKING HERE

OPNAV 3100/99 (Rev. 7-84)
S/N 0107-LF-031-0498

# SHIP'S DECK LOG SHEET

IF CLASSIFIED STAMP SECURITY MARKING HERE

USE BLACK INK TO FILL IN THIS LOG

| SHIP TYPE | HULL NUMBER | YEAR | MONTH | ZONE | DAY | | CLASS | HANDL |

USS *Mcclusky*
AT / PASSAGE FROM *NAVSTA SAN DIEGO*
TO

| TIME | ORDER | CSE | SPEED | DEPTH | RECORD OF ALL EVENTS OF THE DAY |
|------|-------|-----|-------|-------|----------------------------------|
| | | | | | 1700 - 2200 |
| 1645 | | | | | ASSUMED THE WATCH MOORED AS BEFORE |
| 1654 | | | | | OBSERVED EVENING COLORS. |
| 1735 | | | | | SECURE FROM DIVING OPERATIONS |
| 2145 | | | | | PROPERLY RELIEVED BY SH2 WEBBER |
| | | | | | X |
| | | | | | X A BALCAZAR NC(20) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

OSWALDO ENRIQUE TOBAR, et al,              )
                                           )
                     Plaintiffs,           )
                                           )
          v.                               ) Civil Action G-07-003
                                           )
UNITED STATES OF AMERICA                   )
                                           )
                     Defendant.            )
_____ )

## ORDER GRANTING DEFENDANT UNITED STATES'
## MOTION TO TRANSFER VENUE

CAME ON TO BE CONSIDERED the United States' Motion to transfer venue

under Fed. R. Civ. P. 12(b)(3) and 46 U.S.C. § 31104 (venue requirements of the Public

Vessels Act).  After reviewing said motion and for the reasons stated therein, it is hereby:

ORDERED that said motion is GRANTED and the case is transferred to the

Southern District of California.

DONE and ORDERED in chambers in Galveston, Texas  this ___day of _____,

2007.


                                    _____
                                    Samuel B. Kent
                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| OSWALDO ENRIQUE TOBAR, et al,          ) | |
| ) | |
| Plaintiffs,      ) | |
| ) | |
| v.      ) | Civil Action G-07-003 |
| ) | |
| UNITED STATES OF AMERICA      ) | |
| ) | |
| Defendant      ) | |
| ——————————————————— ) | |

**DEFENDANT UNITED STATES OF AMERICA
CERTIFICATE OF INTERESTED PARTIES**

COMES NOW, Defendant United States of America, by and through the

undersigned counsel, and respectfully submits that the United States of America is

financially interested in the outcome of this litigation.


Dated:  March 9, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DONALD J. DeGABRIELLE, JR.
United States Attorney

DANIEL HU
Assistant United States Attorney

STEPHEN CAMPBELL
Trial Attorney
Torts Branch, Civil Division

                                    s/ JOHN S. LUCE Jr.
                                   JOHN S. LUCE Jr.
                                   Attorney In Charge
                                   New York Bar # 3934213
                                   Trial Attorney
                                   Torts Branch, Civil Division
                                   U. S. Department of Justice
                                   P.O. Box 14271
                                   Washington, D.C. 20044-4271
                                   Telephone:  (202) 616-4035
                                   Facsimile:  (202) 616-4159
                                   E-Mail: john.luce@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 9, 2007, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following:

Walter L. Boyaki.

I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participant:

Heriberto Ramos
Ramos & Associates
917 Franklin , Suite 300
Houston, Texas 77002

s/ JOHN S. LUCE Jr.
JOHN S. LUCE Jr.
Attorney In Charge
New York Bar # 3934213
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone:  (202) 616-4035
Facsimile:  (202) 616-4159
E-Mail: john.luce@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

OSWALDO ENRIQUE TOBAR, ET AL,  )(
                               )(
            Plaintiffs,        )(
                               )(
v.                             )(        NO.  G-07-003
                               )(
UNITED STATES OF AMERICA,      )(
                               )(
            Defendant.         )(

## PLAINTIFFS' OPPOSITION TO DEFENDANT U.S.A.'S
## MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the Plaintiffs and file this their opposition to the Defendant's Motion to

Transfer Venue and would show the court the following:

## FACTS

1.     This is an action brought by owners and crew members of an Ecuadorian fishing vessel

for false arrest, false imprisonment, and destruction of property against agents of the United

States working for the U.S. Coast Guard and U.S. Navy who illegally boarded and searched

their fishing vessel.

2.     The action occurred in international waters off the coast of Ecuador.

3.     The crew members filed a claim under the Federal Tort Claims Act 28 U.S.C.

§1346(b) et. seq. and brought suits under the Admiralty Act, 42 U.S.C.§741 et. seq. and

Public Vessels Act, 46 U.S.C.§781 et. seq.

*PAGE 1 OF 11*

4.    While not necessary the Plaintiffs acceded to filing a claim under the Federal Tort
Claims Act and give the United States on opportunity to investigate and respond.

5.    It was a fruitless effort to file anything with the agency. No response was forthcoming.
Despite numerous calls to the U.S. Coast Guard Claims Office, none were answered. No one
responded once to any inquiry, phone call, letter. (See attached Exhibit "A").

6.    Plaintiffs went forward trying to meet their statutory obligations and even waited on the
schedule of the U.S.S. McClusky to either be in or out of port. The phone numbers for the
ship were obtained. Either no one would answer, or if there was an answer, no information
was available under the guise of national security. For example, in answer to the question "are
you in port," the answer was they could not give us that information.

7.    Plaintiffs' counsel was able to ascertain off the web site that the captain and first officer
of the U.S.S. McClusky have been transferred and are no longer on the ship.  The experience
of Plaintiffs' counsel, a former Army JAG officer, is that probably one half to one third of the
crew members of the U.S.C. McClusky are already off the ship and transferred. (See Exhibit
"B").

8.    Plaintiffs' counsel could have and would have filed the cause of action at any time had
this information not been withheld.

9.    There is no more convenient place to litigate this case than Galveston, Texas. The
logistical difficulties are clearly easier to overcome for all the witnesses in Galveston, Texas.
San Diego, California is simply too far, too expensive and too difficult for all the parties. (See
attached Exhibit "C" airline schedule).

## ARGUMENT

While the United States is correct to cite 46 U.S.C.§31104 for venue purposes under

the Public Vessels Act, it is not correct that the case should be transferred to San Diego,

California for the following reasons:

### I.

## EQUITABLE ESTOPPEL AND JUDICIAL ESTOPPEL

The actions of agents for the U.S.A. preclude the Defendant from moving for a change

of venue.

The Plaintiffs had no choice but to rely on the actions of the Defendant and its agents.

The Plaintiffs easily could have waited for the U.S.S. McClusky to leave port before filing

their lawsuit, which is incidently the only basis for the change of venue motion. "Litigating

Reliance" has long been a recognized principle of equitable estoppel. Reliance may be found in

preparing for trial. See Davis v. Wakelee, 156 U.S. 680, 15 S.Ct. 555, 39 L.Ed 578 (1895).

Not only were the Plaintiffs taken advantage of, so was this court. The United States

Supreme Court has approved of "Judicial Estoppel" as an equitable doctrine invoked as a

matter of discretion and governed by considerations of equity to prevent flagrantly

opportunistic conduct. New Hampshire v. Maine, 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d

968 (2001).

Texas recognizes both equitable estoppel and judicial estoppel. In Joleewu, Ltd.v. City

of Austin, 916 F.2d 250, 252-254 (5th Cir. 1990), cert. denied 500 U.S. 904 111 S.Ct. 1683,

114 L. Ed. 2d 78, judicial estoppel was based on a statement made under oath (see Defendant's

motion to transfer venue with sworn affidavit) and equitable estoppel requires reliance and

injury to the opposing party as here with the denial of information on the whereabouts of their vessel.

In this case, there is a bad faith intent to play fast and loose with the courts. Because judicial estoppel is designed to protect the judicial system, not the litigants, detrimental reliance by the party opponent is not even required. In re Superior Crewboats, Inc., 374 F.3d 330, 334, 335 (5th Cir. 2004). Further, in a continuing effort, the Defendant did not move to dismiss the case. Rather, the motion is to transfer. Obviously, a dismissal without prejudice would result in Plaintiffs simply waiting for the ship to leave port and then file the case again in this district.

This court should disregard the assertion that the Defendant's ship was in port for venue purposes and the Defendant should be estopped from asserting that position.

## II.

### TRANSFER VENUE

While Admiralty proceedings ordinally were not regarded as civil actions for purposes of the general venue statutes, they were held to come within the general transfer of venue statute, Section 1404(a) of Title 28. Continental Grain Co. v. The FBL - 585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

Under the unification of Admiralty and Civil Procedure, this continues to be true. Elliott v. Carnival Cruise Lines, 231 F. Supp. 2d 555 (S.D. Tex. 2002). Section 1404(a) applies to admiralty cases the same way it applies to diversity cases as this court ruled in Elliott. Factors governing transfer to another district are convenience of the parties and the witnesses . Id.

While it is true an action in rem may be prosecuted in any district where the property is found, even though some of the parties reside in the district, and the cause of action arose elsewhere, venue in admiralty cases is appropriate wherever there is personal jurisdiction. Boutte v. Cenac Towing Inc., 346 F.Supp.2d 922 (D.C. Tex. 2004); and venue is proper wherever process can be served, which in this case was in the Southern District of Texas. In re McDonnel-Douglas Corp., 647 F.2d 515, 516 (5th Cir. 1981); Davis v. Hill Engineering, Inc., 549 F.2d 314 (5th Cir. 1977).

Under 46 U.S.C.§742, a proceeding is proper in this district. The statute specifically allows at the discretion of the court an action such as this to be in any district court of the United States. Franz v. United Sates, 591 F.Supp. 374, 378 (D.C.D.C. 1984). The court indicated that the venue requirements of section 1402(b) should be interpreted liberally in accordance with the venue requirements of section 1391(b) so as to allow venue in a case that could be tried in multiple districts. Id. Plaintiffs hereby make application for trial in this district.

### III.

### CONVENIENCE OF THE PARTIES

Since all the Plaintiffs are Ecuadorian Nationals, they chose a court which was easiest for them to get to. Plaintiffs filed this action on purpose in Galveston, Texas for their convenience since Houston, Texas is the easiest place to get to in the United States.

There are non-stop flights to Houston, Texas from Ecuador each day. The cost is low and the trip is easy. There are no non-stop flights to San Diego. In fact the flights from Ecuador go right through and stop in Houston, Texas. (See attached Exhibit "C").

*PAGE 5 OF 11*

In general, the Plaintiffs' choice of forum should not be disturbed. Shutte v. Armco Steel Corp., 431 F.2d. 22, 25 (3rd Cir. 1970); cert. denied 401 U.S. 910, 27 L. Ed. 2d 808, 91 S. Ct. 871 (1971); Grey v. Continental Marketing Assoc., Inc., 315 F. Supp. 826, 831 (D.C. Ga. 1970); Kephart v. United States, 242 F. Supp. 469 (D.C. Pa. 1965).

Plaintiffs' choice is the primary factor in determining venue. Box v. Ameritrust Texas, N.A., 810 F. Supp. 776, 780 (D.C. Tex. 1992); Heating and Cooling Master Marketers, Inc. v. Contractor Success Groups, Inc., 935 F. Sup. 1167, 1171 (D.C. Kan. 1996).

It is then incumbent upon the moving party to demonstrate a strong case for transfer by showing that the interest of justice and of the parties will be served most fairly and efficiently in the transfer forum. Snyder v. Madera Broadcasting, Inc., 872 F.Supp. 1191 (D.C. N.Y. 1995).

The Defendant moving for transfer must show that the original forum is inconvenient for it and that the Plaintiffs would not be substantially inconvenienced by a transfer. Standard Office Systems of Fort Smith, Inc., v. Ricoh Corp., 742 F. Supp. 534, 539 (D.C. Ark. 1990). The airline schedule alone is substantial inconvenience.

Some of the factors other than residence to consider which all weigh in Plaintiff's favor are:

(1)  Ability to bear the expense of litigation.

When the Plaintiffs have little or no ability to bear expenses and his own travel, it is a main consideration to deny transfer. Heller Financial, Inc., v. Riverdale Auto Parts, Inc., 713 F. Supp. 1125, 1129 (D.C. Ill. 1989).  In this case, the Plaintiffs are poor Ecuadorian fishermen with little or no means.

(2)  Location of Counsel.

Plaintiffs had tremendous difficulty finding counsel experienced in admiralty cases

dealing with the Federal Tort Claims Act.  Availability of skilled counsel is a factor, <u>American

Can Co. v. Crown Cork & Seal Co.</u>, 433 F. Supp. 333 (D.C. Wisc. 1977); <u>Dworkin v.

L.F.P., Inc.</u>, 647 F. Supp. 1275 (D.C. Wyo. 1986) and the cost of transportation of Plaintiffs'

counsel to travel and their living expenses which must be borne by Plaintiffs have a direct

bearing on convenience and cost when considering a motion to transfer. <u>Cambridge Filter

Corp. v. International Filter Co. Inc.</u>, 548 F. Supp. 1308 (D.C. Nev. 1982).

(3)  Expert Witnesses.

Since this is a tort case, expert witnesses are required. They are difficult and expensive

to obtain for Plaintiffs in any case.  In this case none of Plaintiffs' witnesses, experts or

otherwise are in California.  It is more convenient for the experts to come to trial in Galveston,

Texas especially those which reside close by.  The courts recognize that in certain cases expert

witnesses you can trust are extremely difficult to find and this is a consideration. <u>Lykes Bros.

S.S.Co. v. Sugarman</u>, 272 F. 2d 679, 681 (2nd Cir. 1959); <u>American General Fire & Cas. v.

Wal-Mart Stores, Inc.</u>, 791 F. Supp. 763 (D.C. Ark. 1992).

(4) Convenience of Witnesses.

This is obviously the most important issue. <u>See Elliott v. Carnival Cruise Lines</u>, <u>Supra</u>

at 562 and <u>Gundle Lining Construction Corp. v. Firemans Fund Ins. Co.</u>, 844 F. Supp. 1163,

1166 (S.D. Tex. 1994).

It is apparent that most of the locations of most of the defense fact witnesses are

unknown.  (See Exhibit "B").  Since the defense fact witnesses were all in the U.S. Navy or

***PAGE 7 OF 11***

U.S. Coast Guard, they will at this time be scattered all over the country.

Since there will be witnesses at least in Ecuador, Texas, California, and elsewhere, no particular place is more convenient. Rather, this case is like <u>Continental Airlines, Inc. v. American Airlines, Inc.</u>, 805 F. Supp. 1392, 1397 (D.C. Tex. 1992). There are equally convenient forums.

From the Plaintiffs' prospective at this point, we neither want nor need any witnesses in California. Transfer is not proper if the result is to shift the inconvenience from one party to another. <u>Kimball v. Schwartz</u>, 580 F. Supp. 582, 588 (D.C. Pa. 1984); <u>Ammon v. Kaplow</u>, 468 F. Supp. 1304 (D.C. Kan. 1979); <u>Dupre v. Spanier Marine Corp.</u>, 810 F. Supp. 823, 826 (D.C. Tex. 1993). Plaintiffs' logistical problem is easier to overcome in Galveston, Texas. The Defendant's logistical problem is not affected either way.

### IV.

### <u>THE BURDEN IS ON THE U.S.A.</u>

The burden is on the Defendant U.S. A. to establish why there should be a transfer of forum. <u>Elliott v. Carnival Cruise Lines</u>, <u>Supra</u> at 559. It is <u>not</u> enough that the Defendant prefers another forum, <u>Meineke Muffler Shops, Inc., v. Feldman</u>, 480 F. Supp. 1307 (D.C. Tex. 1979) nor is it enough to merely show the claim arose elsewhere. <u>Jumara v. State Farm Inc., Co.</u>, 55 F. 3rd 873, 879 (3rd Cir. 1995); <u>Plum Tree, Inc., v. Stockment</u>, 488 F. 2d 754 (3rd Cir. 1973); <u>Virginia Electric & Power Co.v. Sun Shipbuilding Co.</u>, 389 F. Supp. 568 (D.C. Va. 1975).

In this case, there is simply a bold faced allegation that it would be more convenient to move the case to California. As shown above this is simply not so. In fact, it may not be

more convenient to transfer the case without some showing of why (names and addresses of witnesses, experts, parties, etc.) it is more convenient.  Unless it is obvious and necessary, the Plaintiffs' choice does not get disturbed.

The liability issue is the only reason to transfer.  Without some list of experts, critical witnesses, damage witnesses, etc., the location the Defendant seeks may be wholly inconvenient.  Even if some witnesses are in California, it will still not out-weight Plaintiffs' choice as set out above.  As in <u>Schindelheim v. Braniff Airways, Inc.</u>, 202 F. Supp. 313 (D.C. N.Y.), the damage issue many times out weighs the liability issue.

### PRAYER

It is apparent that Defendant has no real basis to request a transfer other than to push the case to a less convenient place for the Plaintiffs. The case belongs in Galveston, Texas and the Motion to Transfer Venue should be denied.

Respectfully submitted,

**MIRANDA & BOYAKI**
Attorneys at Law
4621 Pershing Drive
El Paso, Texas  79903
Tel.:  (915) 566-8688
Fax :  (915) 566-5906

By:  /s/ Walter L. Boyaki
  **WALTER L. BOYAKI**
  Attorney for Plaintiff
  State Bar No. 02759500

/s/ Heriberto Ramos
**HERIBERTO RAMOS**
Ramos & Associates
917 Franklin, Suite 300
Houston, Texas 77002
State Bar No. 24033102

## CERTIFICATE OF SERVICE

I, **WALTER L. BOYAKI**, do hereby certify that a true and correct copy of the
foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF
System which will transmit notification of such filing to **JOHN S. LUCE, JR.**, Trial Attorney,
Torts Branch, Civil Division, U.S. Department of Justice, P.O. Box 14271, Washington, D.C.
20044-4271, on this 14th day of March, 2007.

/s/ Walter L. Boyaki
**WALTER L. BOYAKI**

*PAGE 10 OF 11*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

OSWALDO ENRIQUE TOBAR, ET AL,      )(
                                   )(
               Plaintiffs,         )(
                                   )(
v.                                 )(        NO.  G-07-003
                                   )(
UNITED STATES OF AMERICA,          )(
                                   )(
               Defendant.          )(

## AFFIDAVIT

STATE OF TEXAS                     )(
                                   )(
COUNTY OF EL PASO                  )(

**BEFORE ME**, the undersigned authority, on this day personally appeared WALTER L.

BOYAKI who after being by me first duly sworn, states the following:

"My name is WALTER L. BOYAKI.  I am of sound mind, over the age of 18 years and fully
qualified to make this affidavit.  I am the attorney of record for Plaintiffs.  I have personal knowledge
of the facts contained herein.  Attached as Exhibits to Plaintiffs' Opposition to Defendant U.S.A.'s
Motion to Transfer Venue, or in the alternative, for Summary Judgment are the following:

"Exhibit "A" represents a true and correct copy of letters.

"Exhibit "B"  represents a true and correct copy of U.S.S. McClusky's Ship Information.

"Exhibit "C" represents a true and correct copy of airline schedule.

Affiant says nothing further."

                                        /s/ Walter L. Boyaki
                                   **WALTER L. BOYAKI**


**SUBSCRIBED AND SWORN TO BEFORE ME** by the said WALTER L. BOYAKI
this 14th day of March, 2007.

                                   /s/ Leticia Leal
                                   Notary Public in and for the
                                   State of Texas

*PAGE 11 OF 11*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| OSWALDO ENRIQUE TOBAR, ET AL, | )( | |
| | )( | |
| Plaintiffs, | )( | |
| | )( | |
| v. | )( | NO.  G-07-003 |
| | )( | |
| UNITED STATES OF AMERICA, | )( | |
| | )( | |
| Defendant. | )( | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT U.S.A.'S
MOTION TO TRANSFER VENUE**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the Plaintiffs and file this their opposition to the Defendant's Motion to

Transfer Venue and would show the court the following:

**FACTS**

1.      This is an action brought by owners and crew members of an Ecuadorian fishing vessel

for false arrest, false imprisonment, and destruction of property against agents of the United

States working for the U.S. Coast Guard and U.S. Navy who illegally boarded and searched

their fishing vessel.

2.      The action occurred in international waters off the coast of Ecuador.

3.      The crew members filed a claim under the Federal Tort Claims Act 28 U.S.C.

§1346(b) et. seq. and brought suits under the Admiralty Act, 42 U.S.C.§741 et. seq. and

Public Vessels Act, 46 U.S.C.§781 et. seq.

*PAGE 1 OF 11*

4.      While not necessary the Plaintiffs acceded to filing a claim under the Federal Tort

Claims Act and give the United States on opportunity to investigate and respond.

5.      It was a fruitless effort to file anything with the agency. No response was forthcoming.

Despite numerous calls to the U.S. Coast Guard Claims Office, none were answered. No one

responded once to any inquiry, phone call, letter. (See attached Exhibit "A").

6.      Plaintiffs went forward trying to meet their statutory obligations and even waited on the

schedule of the U.S.S. McClusky to either be in or out of port. The phone numbers for the

ship were obtained. Either no one would answer, or if there was an answer, no information

was available under the guise of national security. For example, in answer to the question "are

you in port," the answer was they could not give us that information.

7.      Plaintiffs' counsel was able to ascertain off the web site that the captain and first officer

of the U.S.S. McClusky have been transferred and are no longer on the ship.  The experience

of Plaintiffs' counsel, a former Army JAG officer, is that probably one half to one third of the

crew members of the U.S.C. McClusky are already off the ship and transferred. (See Exhibit

"B").

8.      Plaintiffs' counsel could have and would have filed the cause of action at any time had

this information not been withheld.

9.      There is no more convenient place to litigate this case than Galveston, Texas. The

logistical difficulties are clearly easier to overcome for all the witnesses in Galveston, Texas.

San Diego, California is simply too far, too expensive and too difficult for all the parties. (See

attached Exhibit "C" airline schedule).

## ARGUMENT

While the United States is correct to cite 46 U.S.C.§31104 for venue purposes under

the Public Vessels Act, it is not correct that the case should be transferred to San Diego,

California for the following reasons:

## I.

### EQUITABLE ESTOPPEL AND JUDICIAL ESTOPPEL

The actions of agents for the U.S.A. preclude the Defendant from moving for a change

of venue.

The Plaintiffs had no choice but to rely on the actions of the Defendant and its agents.

The Plaintiffs easily could have waited for the U.S.S. McClusky to leave port before filing

their lawsuit, which is incidently the only basis for the change of venue motion. "Litigating

Reliance" has long been a recognized principle of equitable estoppel. Reliance may be found in

preparing for trial. See Davis v. Wakelee, 156 U.S. 680, 15 S.Ct. 555, 39 L.Ed 578 (1895).

Not only were the Plaintiffs taken advantage of, so was this court. The United States

Supreme Court has approved of "Judicial Estoppel" as an equitable doctrine invoked as a

matter of discretion and governed by considerations of equity to prevent flagrantly

opportunistic conduct. New Hampshire v. Maine, 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d

968 (2001).

Texas recognizes both equitable estoppel and judicial estoppel. In Joleewu, Ltd.v. City

of Austin, 916 F.2d 250, 252-254 (5th Cir. 1990), cert. denied 500 U.S. 904 111 S.Ct. 1683,

114 L. Ed. 2d 78, judicial estoppel was based on a statement made under oath (see Defendant's

motion to transfer venue with sworn affidavit) and equitable estoppel requires reliance and

*PAGE 3 OF 11*

injury to the opposing party as here with the denial of information on the whereabouts of their vessel.

In this case, there is a bad faith intent to play fast and loose with the courts. Because judicial estoppel is designed to protect the judicial system, not the litigants, detrimental reliance by the party opponent is not even required. In re Superior Crewboats, Inc., 374 F.3d 330, 334, 335 (5th Cir. 2004). Further, in a continuing effort, the Defendant did not move to dismiss the case. Rather, the motion is to transfer. Obviously, a dismissal without prejudice would result in Plaintiffs simply waiting for the ship to leave port and then file the case again in this district.

This court should disregard the assertion that the Defendant's ship was in port for venue purposes and the Defendant should be estopped from asserting that position.

## II.

### TRANSFER VENUE

While Admiralty proceedings ordinally were not regarded as civil actions for purposes of the general venue statutes, they were held to come within the general transfer of venue statute, Section 1404(a) of Title 28. Continental Grain Co. v. The FBL - 585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

Under the unification of Admiralty and Civil Procedure, this continues to be true. Elliott v. Carnival Cruise Lines, 231 F. Supp. 2d 555 (S.D. Tex. 2002). Section 1404(a) applies to admiralty cases the same way it applies to diversity cases as this court ruled in Elliott. Factors governing transfer to another district are convenience of the parties and the witnesses . Id.

*PAGE 4 OF 11*

While it is true an action in rem may be prosecuted in any district where the property is found, even though some of the parties reside in the district, and the cause of action arose elsewhere, venue in admiralty cases is appropriate wherever there is personal jurisdiction. Boutte v. Cenac Towing Inc., 346 F.Supp.2d 922 (D.C. Tex. 2004); and venue is proper wherever process can be served, which in this case was in the Southern District of Texas. In re McDonnel-Douglas Corp., 647 F.2d 515, 516 (5th Cir. 1981); Davis v. Hill Engineering, Inc., 549 F.2d 314 (5th Cir. 1977).

Under 46 U.S.C.§742, a proceeding is proper in this district. The statute specifically allows at the discretion of the court an action such as this to be in any district court of the United States. Franz v. United Sates, 591 F.Supp. 374, 378 (D.C.D.C. 1984). The court indicated that the venue requirements of section 1402(b) should be interpreted liberally in accordance with the venue requirements of section 1391(b) so as to allow venue in a case that could be tried in multiple districts. Id. Plaintiffs hereby make application for trial in this district.

## III.

## CONVENIENCE OF THE PARTIES

Since all the Plaintiffs are Ecuadorian Nationals, they chose a court which was easiest for them to get to. Plaintiffs filed this action on purpose in Galveston, Texas for their convenience since Houston, Texas is the easiest place to get to in the United States.

There are non-stop flights to Houston, Texas from Ecuador each day. The cost is low and the trip is easy. There are no non-stop flights to San Diego. In fact the flights from Ecuador go right through and stop in Houston, Texas. (See attached Exhibit "C").

*PAGE 5 OF 11*

In general, the Plaintiffs' choice of forum should not be disturbed. <u>Shutte v. Armco</u>
<u>Steel Corp.</u>, 431 F.2d. 22, 25 (3rd Cir. 1970); <u>cert.</u> <u>denied</u> 401 U.S. 910, 27 L. Ed. 2d 808, 91
S. Ct. 871 (1971); <u>Grey v. Continental Marketing Assoc., Inc.</u>, 315 F. Supp. 826, 831 (D.C.
Ga. 1970); <u>Kephart v. United States</u>, 242 F. Supp. 469 (D.C. Pa. 1965).

Plaintiffs' choice is the primary factor in determining venue. <u>Box v. Ameritrust Texas,</u>
<u>N.A.</u>, 810 F. Supp. 776, 780 (D.C. Tex. 1992); <u>Heating and Cooling Master Marketers, Inc.</u>
<u>v. Contractor Success Groups, Inc.</u>, 935 F. Sup. 1167, 1171 (D.C. Kan. 1996).

It is then incumbent upon the moving party to demonstrate a strong case for transfer by
showing that the interest of justice and of the parties will be served most fairly and efficiently
in the transfer forum. <u>Snyder v. Madera Broadcasting, Inc.</u>, 872 F.Supp. 1191 (D.C. N.Y.
1995).

The Defendant moving for transfer must show that the original forum is inconvenient
for it and that the Plaintiffs would not be substantially inconvenienced by a transfer. <u>Standard</u>
<u>Office Systems of Fort Smith, Inc., v. Ricoh Corp.</u>, 742 F. Supp. 534, 539 (D.C. Ark. 1990).
The airline schedule alone is substantial inconvenience.

Some of the factors other than residence to consider which all weigh in Plaintiff's favor
are:

(1)  Ability to bear the expense of litigation.

When the Plaintiffs have little or no ability to bear expenses and his own travel, it is a
main consideration to deny transfer. <u>Heller Financial, Inc., v. Riverdale Auto Parts, Inc.</u>, 713
F. Supp. 1125, 1129 (D.C. Ill. 1989).  In this case, the Plaintiffs are poor Ecuadorian
fishermen with little or no means.

(2) Location of Counsel.

Plaintiffs had tremendous difficulty finding counsel experienced in admiralty cases

dealing with the Federal Tort Claims Act.  Availability of skilled counsel is a factor, American

Can Co. v. Crown Cork & Seal Co., 433 F. Supp. 333 (D.C. Wisc. 1977);  Dworkin v.

L.F.P., Inc., 647 F. Supp. 1275 (D.C. Wyo. 1986) and the cost of transportation of Plaintiffs'

counsel to travel and their living expenses which must be borne by Plaintiffs have a direct

bearing on convenience and cost when considering a motion to transfer. Cambridge Filter

Corp. v. International Filter Co. Inc., 548 F. Supp. 1308 (D.C. Nev. 1982).

(3)  Expert Witnesses.

Since this is a tort case, expert witnesses are required. They are difficult and expensive

to obtain for Plaintiffs in any case.  In this case none of Plaintiffs' witnesses, experts or

otherwise are in California.  It is more convenient for the experts to come to trial in Galveston,

Texas especially those which reside close by.  The courts recognize that in certain cases expert

witnesses you can trust are extremely difficult to find and this is a consideration. Lykes Bros.

S.S.Co. v. Sugarman, 272 F. 2d 679, 681 (2nd Cir. 1959); American General Fire & Cas. v.

Wal-Mart Stores, Inc., 791 F. Supp. 763 (D.C. Ark. 1992).

(4) Convenience of Witnesses.

This is obviously the most important issue. See Elliott v. Carnival Cruise Lines, Supra

at 562 and Gundle Lining Construction Corp. v. Firemans Fund Ins. Co., 844 F. Supp. 1163,

1166 (S.D. Tex. 1994).

It is apparent that most of the locations of most of the defense fact witnesses are

unknown.  (See Exhibit "B"). Since the defense fact witnesses were all in the U.S. Navy or

*PAGE 7 OF 11*

U.S. Coast Guard, they will at this time be scattered all over the country.

Since there will be witnesses at least in Ecuador, Texas, California, and elsewhere, no particular place is more convenient. Rather, this case is like Continental Airlines, Inc. v. American Airlines, Inc., 805 F. Supp. 1392, 1397 (D.C. Tex. 1992). There are equally convenient forums.

From the Plaintiffs' prospective at this point, we neither want nor need any witnesses in California. Transfer is not proper if the result is to shift the inconvenience from one party to another. Kimball v. Schwartz, 580 F. Supp. 582, 588 (D.C. Pa. 1984); Ammon v. Kaplow, 468 F. Supp. 1304 (D.C. Kan. 1979); Dupre v. Spanier Marine Corp., 810 F. Supp. 823, 826 (D.C. Tex. 1993). Plaintiffs' logistical problem is easier to overcome in Galveston, Texas. The Defendant's logistical problem is not affected either way.

## IV.

## THE BURDEN IS ON THE U.S.A.

The burden is on the Defendant U.S. A. to establish why there should be a transfer of forum. Elliott v. Carnival Cruise Lines, Supra at 559. It is not enough that the Defendant prefers another forum, Meineke Muffler Shops, Inc., v. Feldman, 480 F. Supp. 1307 (D.C. Tex. 1979) nor is it enough to merely show the claim arose elsewhere. Jumara v. State Farm Inc., Co., 55 F. 3rd 873, 879 (3rd Cir. 1995); Plum Tree, Inc., v. Stockment, 488 F. 2d 754 (3rd Cir. 1973); Virginia Electric & Power Co.v. Sun Shipbuilding Co., 389 F. Supp. 568 (D.C. Va. 1975).

In this case, there is simply a bold faced allegation that it would be more convenient to move the case to California. As shown above this is simply not so. In fact, it may not be

*PAGE 8 OF 11*

more convenient to transfer the case without some showing of why (names and addresses of

witnesses, experts, parties, etc.) it is more convenient.  Unless it is obvious and necessary, the

Plaintiffs' choice does not get disturbed.

The liability issue is the only reason to transfer.  Without some list of experts, critical

witnesses, damage witnesses, etc., the location the Defendant seeks may be wholly

inconvenient.  Even if some witnesses are in California, it will still not out-weight Plaintiffs'

choice as set out above.  As in Schindelheim v. Braniff Airways, Inc., 202 F. Supp. 313 (D.C.

N.Y.), the damage issue many times out weighs the liability issue.

## PRAYER

It is apparent that Defendant has no real basis to request a transfer other than to push

the case to a less convenient place for the Plaintiffs. The case belongs in Galveston, Texas and

the Motion to Transfer Venue should be denied.

Respectfully submitted,

**MIRANDA & BOYAKI**
Attorneys at Law
4621 Pershing Drive
El Paso, Texas  79903
Tel.:  (915) 566-8688
Fax :  (915) 566-5906

By:  /s/ Walter L. Boyaki
**WALTER L. BOYAKI**
Attorney for Plaintiff
State Bar No. 02759500

*PAGE 9 OF 11*

/s/ Heriberto Ramos
**HERIBERTO RAMOS**
Ramos & Associates
917 Franklin, Suite 300
Houston, Texas 77002
State Bar No. 24033102

## **CERTIFICATE OF SERVICE**

    I, **WALTER L. BOYAKI**, do hereby certify that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to **JOHN S. LUCE, JR.**, Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, P.O. Box 14271, Washington, D.C. 20044-4271, on this 14th day of March, 2007.

                                       /s/ Walter L. Boyaki
                                  **WALTER L. BOYAKI**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

OSWALDO ENRIQUE TOBAR, ET AL,   )(
   )(
           Plaintiffs,   )(
   )(
v.   )(   NO.  G-07-003
   )(
UNITED STATES OF AMERICA,   )(
   )(
           Defendant.   )(

## AFFIDAVIT

STATE OF TEXAS   )(
   )(
COUNTY OF EL PASO   )(

**BEFORE ME**, the undersigned authority, on this day personally appeared WALTER L.

BOYAKI who after being by me first duly sworn, states the following:

"My name is WALTER L. BOYAKI. I am of sound mind, over the age of 18 years and fully
qualified to make this affidavit. I am the attorney of record for Plaintiffs. I have personal knowledge
of the facts contained herein. Attached as Exhibits to Plaintiffs' Opposition to Defendant U.S.A.'s
Motion to Transfer Venue, or in the alternative, for Summary Judgment are the following:

"Exhibit "A" represents a true and correct copy of letters.

"Exhibit "B"  represents a true and correct copy of U.S.S. McClusky's Ship Information.

"Exhibit "C" represents a true and correct copy of airline schedule.

Affiant says nothing further."

                    /s/ Walter L. Boyaki
                    **WALTER L. BOYAKI**

**SUBSCRIBED AND SWORN TO BEFORE ME** by the said WALTER L. BOYAKI
this 14th day of March, 2007.

                    /s/ Leticia Leal
                    Notary Public in and for the
                    State of Texas

August 21, 2006


Litigation Branch
U.S. Coast Guard Claims
Maintenance & Logistics Command Pacific
Bldg. 54C, Coast Guard Island
Alameda, CA 94501

Attn: LT. Commander Owen

RE:    Claim of Ecuadorian Fishing Boat Justin and Crew v. USS McCluskey
       Acc #06-084

Dear LT. Commander Owen:

        We were given your name as the officer handling this case. If this is incorrect, please pass this letter to the appropriate counsel.

        We are getting ready to file this case in U.S. District Court. I am, however, in need of some information.

        Would you be so kind to acknowledge receipt of the claim, let me know if you need anything from us (some of this incident is on video tape) and give me a point of contact.

        Thank you for your attention.

                                        Sincerely,



                                        WALTER L. BOYAKI


WLB:ll




                                                        EXHIBIT A

September 11, 2006

Mr. G.D. Owens
Chief, Claims
Pacific JAG Office
Coast Guard Island, Bldg. 54-A
Alameda,CA 94501-5100

RE:     Ecuadorian claims

Dear Mr. Owen:

 At hand is your letter of September 1, 2006.

 It would be most helpful if you would forward me the information in your file as how this happened and who is responsible.

 As I am sure you know, we have letters from the U.S. Coast Guard which in effect accepts liability and asks for our damages. Do you have those letters? We will be happy to send them.

 Our damages are set out in the claims. They are fairly simple. They lost a boat load of fish, they were unable to get back out for three months and our government was kind enough to falsely imprison and illegally search these innocent people for 9 days.

 I believe under Adams v. United States, 615 F. 2d 284 (5th Cir. 1980), we have provided your agency with everything we need to. We will file in U.S. District Court shortly as soon as our six months are up (although I do not think the waiting period is required in this case).

 It would be helpful if I had more or for that matter any information from your agency. Since my experience with the Navy and the Coast Guard regarding claims is totally negative, why don't you surprise me and make an effort to settle the claim. We will even escort you to Ecuador. It is a beautiful country, and these claimants are very nice people. I am sure they will be most cooperative.

 I await your response, if any.

Sincerely,

WALTER L. BOYAKI

WLB:ll             EXHIBIT A

October 5, 2006


Mr. G.D. Owen
Chief, Claims and Litigation Branch
Pacific JAG Office
U.S. Coast Guard Claims
Alameda, CA 94501

RE:    Ecuadorian Claims

Dear Mr. Owen:

It appears from your last letter that you have no information in this case.

As such, I will file it in Galveston, Texas next month. It might be helpful if we knew;1) why the personnel of the U.S.S. McClusky boarded and seized our ship; and 2) is it more convenient to file this case in California or Texas?

For your information, attached is a letter from the Coast Guard through the U.S. Embassy offering to pay damages.

It would seem to me that the way to handle this claim is to provide the claimants with some necessary information and let us respond. But then again, what do I know about claims?

Send your empty file and your nonexistent litigation report to Houston. The U.S. Attorney will be like me and have to start from scratch.

Thank you for your non-cooperation.

Sincerely,



WALTER L. BOYAKI


WLB:ll

Enclosure

EXHIBIT A

     

Home | Ship's Info | Pictures | Welcome Aboard | Our namesake | Contacts |

## "Fightin' 41"



http://www.mcclusky.navy.mil/shipinfo.htm



## Commanding Officers

| | | | | CDR Christenson | Mar 99-Nov 00 |
|---|---|---|---|---|---|
| Dec 83-Jan 86 | CDR Chapman | Apr 92-Jan 94 | | CDR Haflich | Nov 00-Jul 02 |
| Jan 86-Feb 88 | CDR Waterman | Jun 94-Jan 96 | | CDR Parriott | Jul 02-May 04 |
| Feb 88-Apr 90 | CDR Frothingham | Jan 96-Sep 97 | | CDR Awai | May 04-Apr 06 |
| Apr 90-Apr 92 | CDR Turner | Sep 97-Mar 99 | | CDR Schultz | Apr 06-Present |

Proud to be part of Commander Destroyer Squadron ONE (COMDESRON ONE)

Ex B-1

Case 3:07-cv-00817-WQH-JLB    Document 1-1    Filed 05/04/07    PageID:4389    Page
                                   70 of 99
:S McCLUSKY (FFG-41) :: Executive Officer

USS McCLUSKY (FFG-41) || Executive Officer

Page (



| Home | Ship's Info | Pictures | Welcome Aboard | Our namesake | Contacts | New~ |

### Lieutenant Commander James E. Brown

**Executive Officer - USS McClusky**

Ex B-2



Lieutenant Commander James Brown was raised in Las Vegas, Nevada. He attended the United States Naval Academy, where he earned a Bachelor of Science degree in Chemistry, and was commissioned in May 1993.

LCDR Brown's first sea tour was onboard USS CHANCELLORSVILLE (CG 62) where he served as the OI Division Officer and Strike Officer. He then entered the Nuclear Power Pipeline, and arrived onboard USS JOHN C. STENNIS (CVN 74). There he served as the Chemistry and Radiological Controls Assistant during STENNIS' maiden around-the-world deployment.

Upon completion of his Division Officer tours, LCDR Brown transferred to Expeditionary Warfare Training Group, Pacific, where he taught Naval Gunfire and was a Range Safety Officer for live fire

Ex B- 3

exercises on San Clemente Island. LCDR Brown then completed Department Head school and reported to USS CURTS (FFG 38) as the Operations Officer and then transferred to USS NIMITZ (CVN 68) as the Reactor Electrical Assistant.

LCDR Brown was then assigned to the Nuclear Power Mobile Training Team for Commander, Naval Air Forces Pacific.

His personal awards include the Navy and Marine Corps Commendation Medal (four gold stars) and the Navy and Marine Corps Achievement Medal.

LCDR Brown assumed duties as Executive Officer of USS MCCLUSKY (FFG 41) on 14 July 2006.

**Commanding Officer | Command Master Chief**

$4B-4$

Build your own trip - UIO to IAH

Page 1 of 3


Expedia.com

Welcome, **walter**  Sign in/Sign out:    📧 My Itineraries   ❓ My Account   ❓ Customer Support

Start search over

# Quito, Ecuador (UIO) to Houston, TX (IAH)

Change your search:

**Departure airport:**
UIO (Quito)

**Destination airport:**
IAH (Houston)

**Departing: (mm/dd/yy)**
4/19/2007
Anytime

**Returning (mm/dd/yy)**
4/23/2007
Anytime

**Airline:** ℹ️ More Info
No Preference

**Class**
Economy / Coach

☐ Nonstop flights only
☐ Refundable flights only

|  | All Results | Copa | Continental | American Airlines | Delta |
|---|---|---|---|---|---|
| **Nonstop** | from $802 see below | --- | from $802 | --- | --- |
| **1 stop** | from $740 see below | --- | from $741 | from $740 | --- |
| **2+ stops** | from $640 see below | from $640 | from $640 | from $816 | from $827 |

Change travelers
**1 Adult,**
**Change travelers**

✈ - Indicates flight is operated by another airline. Move your mouse over the icon for details.

**Note:** The prices shown below are for the flight only; they are e-ticket prices and include all flight taxes and itinerary requires paper tickets there will be an additional charge

## 1 Choose a departing flight or view complete roundtrips

Sort by:   ● Price    ○ Duration    ○ Departure time    ○ Arrival time

✈ from **$640 Roundtrip**

**7:40 am** Depart Quito (UIO)
Arrive Houston (IAH) **7:36 pm**

Thu **19-Apr**
Duration 11hr 56mn

**Copa 210 / 300**
**Continental 491**
Connect in Panama City Intl.), Miami (MIA)
⊕ Choose this

Preview seat availability

✈ from **$740 Roundtrip**

**6:40 am** Depart Quito (UIO)
Arrive Houston (IAH) **5:10 pm**

Thu **19-Apr**
Duration: 10hr 30mn

**American Airlines 9**
Connect in Miami (MIA)
⊕ Choose this

Preview seat availability

✈ from **$741 Roundtrip**

**6:40 am** Depart Quito (UIO)
Arrive Houston (IAH) **4:30 pm**

Thu **19-Apr**
Duration: 9hr 50mn

**American Airlines 9**
**Continental 391**
Connect in Miami (MIA)
⊕ Choose this

Preview seat availability

✈ from **$802 Roundtrip**

**6:40 am** Depart Quito (UIO)
Arrive Houston (IAH) **12:08 pm**

Thu **19-Apr**
Duration 5hr 28mn

**Continental 654**
Nonstop flight
⊕ Choose this

Preview seat availability

$Ex"C"$



from **$816** Roundtrip

6:40 am Depart Quito (UIO)
Arrive Houston (IAH) 5:47 pm

Thu **19-Apr**
Duration: 11hr 7mn

**American Airlines** 9
**Continental** 2943
Connect in Miami (MIA).
(MCO)

⊙ **Choose this**

Preview seat availability

from **$816** Roundtrip

6:40 am Depart Quito (UIO)
Arrive Houston (IAH) 7:13 pm

Thu **19-Apr**
Duration 12hr
33mn

**American Airlines** 9
**Continental** 1687
Connect in Miami (MIA)
(MCO)

⊙ **Choose this**

Preview seat availability

from **$827** Roundtrip

9:55 pm Depart Quito (UIO)
Arrive Houston (IAH) 10:07 am    ⓘ +1 day

Thu **19-Apr**
Duration: 12hr
12mn



**Delta** 195  / 846
Connect in Atlanta (Hart
Total stops: 2

⊙ **Choose this**

Preview seat availability

from **$860** Roundtrip

8:25 am Depart Quito (UIO)
Arrive Houston (IAH) 7:13 pm

Thu **19-Apr**
Duration 10hr
48mn

**American Airlines** 9
**Delta** 6126
**Continental** 1687
Connect in Miami (MIA).
(MCO)

⊙ **Choose this**

Preview seat availability

from **$962** Roundtrip

6:40 am Depart Quito (UIO)
Arrive Houston (IAH) 7:13 pm

Thu **19-Apr**
Duration: 12hr
33mn

**American Airlines** 9
**Continental** 9305
Connect in Miami (MIA).
(MCO)

⊙ **Choose this**

Preview seat availability

from **$1979** Roundtrip

7:40 am Depart Quito (UIO)
Arrive Houston (IAH) 7:25 pm

Thu **19-Apr**
Duration: 11hr
45mn



**Copa** 210
**Delta** 8058
Connect in Mexico City
Total stops: 2

⊙ **Choose this**

Preview seat availability

PRICE HINTS.
**For your convenience, we've
added estimated price hints
to some of these flights.
Prices may vary and will be
verified prior to purchase.**

QUESTIONS?

Can I use a credit card
with a billing address
outside the U S ?

*EX C-1*



**Expedia.com**

Welcome, **walter** Sign in/Sign out                    My itineraries    My Account    Customer Support

Start search over

## Quito. Ecuador (UIO) to San Diego, CA (SAN)



Change your search

**Departure airport:**
UIO (Quito)

**Destination airport·**
SAN (San Diego)

**Departing: (mm/dd/yy)**
4/19/2007
Anytime

**Returning· (mm/dd/yy)**
4/23/2007
Anytime

**Airline** ℹ More info
No Preference

**Class**
Economy / Coach

☐ Nonstop flights only
☐ Refundable flights only

**Change Travelers**
**1 Adult.**
**Change travelers**

✈ - Indicates flight is operated by another airline. Move your mouse over the icon for details

|  | All Results | Continental | United | Copa | American Airlines |
|---|---|---|---|---|---|
| **Nonstop** | --- | --- | --- | --- | --- |
| **1 stop** | from $864 see below | from $864 | --- | --- | --- |
| **2+ stops** | from $801 see below | from $801 | from $801 | from $864 | from $1123 |

**Note:** The prices shown below are for the flight only; they are e-ticket prices and include all flight taxes and itinerary requires paper tickets there will be an additional charge. These results cover a metro area with several Review your choices carefully.

## 1  Choose a departing flight or view complete roundtrips

**Sort by:** ⦿ **Price**  ◯ Duration  ◯ Departure time  ◯ Arrival time

✈ from **$801** Roundtrip

6:40 am Depart Quito (UIO)
Arrive Carlsbad (CLD) 4:40 pm

Thu **19-Apr**
Duration 12hr 0mn

**Continental** 654 / 1
**United** ✈5750
Connect in Houston (IAH)
Angeles (LAX)
→ **Choose this**

Preview seat availability

✈ from **$864** Roundtrip

6:40 am Depart Quito (UIO)
Arrive San Diego (SAN) 3:43 pm

Preview seat availability

Thu **19-Apr**
Duration. 11hr 3mn

**Continental** 654 / 4
Connect in Houston (IAH)
→ **Choose this**

✈ from **$864** Roundtrip

7:40 am Depart Quito (UIO)
Arrive San Diego (SAN) 7:26 pm

Thu **19-Apr**
Duration: 13hr 46mn

**Copa** 210
**Continental** 889 / 1
Connect in Panama City
Intl. (Houston (IAH))
→ **Choose this**

Preview seat availability

✈ from **$864** Roundtrip

7:40 am Depart Quito (UIO)
Arrive San Diego (SAN) 8:36 pm

Thu **19-Apr**
Duration: 14hr 56mn

**Copa** 210
**Continental** 889 / 4
Connect in Panama City
Intl ) (Houston (IAH))

$EX C - 2$

Build your own trip - UIO to SAN



Preview seat availability

                         (→) Choose this

**from $1123 Roundtrip**
**8:25 am** Depart Quito (UIO)
Arrive San Diego (SAN) **7:26 pm**

Thu **19-Apr**
Duration: 13hr 1mn

 **American Airlines** 9
**Continental 1689**
Connect in Miami (MIA)
(IAH)

     (→) **Choose this**

Preview seat availability

**from $1123 Roundtrip**
**8:25 am** Depart Quito (UIO)
Arrive San Diego (SAN) **8:36 pm**

Thu **19-Apr**
Duration: 14hr
11mn

 **American Airlines** 9
**Continental 435**
Connect in Miami (MIA)
(IAH)

     (→) Choose this

Preview seat availability

**from $1123 Roundtrip**
**6:40 am** Depart Quito (UIO)
Arrive San Diego (SAN) **7:26 pm**

Thu **19-Apr**
Duration: 14hr
46mn

 **American Airlines** 9
**Continental 1689**
Connect in Miami (MIA)
(IAH)

     (→) Choose this

Preview seat availability

**from $1123 Roundtrip**
**6:40 am** Depart Quito (UIO)
Arrive San Diego (SAN) **8:36 pm**

Thu **19-Apr**
Duration: 15hr
56mn

 **American Airlines** 9
**Continental 391 / 4**
Connect in Miami (MIA)
(IAH)

     (→) Choose this

Preview seat availability

**from $1196 Roundtrip**
**6:40 am** Depart Quito (UIO)
Arrive San Diego (SAN) **8:36 pm**

Thu **19-Apr**
Duration: 15hr
56mn

 **American Airlines** 9
**Continental 435**
Connect in Miami (MIA)
(IAH)

     (→) Choose this

Preview seat availability

**from $1242 Roundtrip**
**6:40 am** Depart Quito (UIO)
Arrive San Diego (SAN) **4:40 pm**

Thu **19-Apr**
Duration: 12hr 0mn

 **Continental 654 / 2**
**American Airlines** 1
Connect in Houston (IAH
(Dallas-Fort Worth Intl.)

     (→) Choose this

Preview seat availability

**from $1242 Roundtrip**
**6:40 am** Depart Quito (UIO)
Arrive San Diego (SAN) **5:15 pm**

Thu **19-Apr**
Duration: 12hr

 **Continental 654 / 2**

Get
**15,000**
OnePass®
bonus miles

Get
**15,000**
OnePass®
bonus miles

Get
**15,000**
OnePass®
bonus miles

Apply Now►

**CHASE O**

PRICE NOTE
For your convenience, we've
added estimated price hints
to some of these flights.
Prices may vary and will be
verified prior to purchase.

PAYMENT
Can I use a credit card
with a billing address
outside the U.S.?

$\mathcal{E}x\ C - 3$

Build your own trip - UIO to SAN                                            Page 3 of 3

[?] Is t safe to buy
    online?                                            35mn                 A'A    **American Airlines** 1

[?] Need help with th s                                                            Connect in Houston (IAH
    page?                    Preview seat availability                             (Dallas-Fort Worth Intl.)

[?] Other FAQs                                                                     (→) **Choose thi**

                    ➤ from **$1369 Roundtrip**
                    **6:40 am** Depart Quito (UIO)        Thu **19-Apr**    A'A    **American Airlines** 9
                    Arrive San Diego (SAN) **7:28 pm**    Duration: 14hr
                                                          46mn                     **Continental 391** / 1

                                                                                   Connect in Miami (MIA),
                                                                                   (IAH)
                    Preview seat availability
                                                                                   (→) **Choose thi**

about expedia.com  |  press room  |  investor relations  |  Expedia Inc. terms of use  |  privacy policy  |  become an affiliate  |  advertising  |
home  |  flights  |  hotels  |  cars  |  cruises  |  earn ThankYou Points  |  site map

Expedia, Inc. is not responsible for content on external Web sites ©2007 Expedia, Inc. All rights reserved
Photos: Getty Images, Corbis

Plus sign ( ) means taxes and fees are additional

International sites:  United Kingdom  |  Canada  |  Germany  |  France  |  Italy  |  Netherlands  |  Australia  |  Japan  |  Sweden  |  Norway  |  Denma

$Ex C - 4$

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

OSWALDO ENRIQUE TOBAR, et al,          )
                                       )
                    Plaintiffs,        )
                                       )
          v.                           )          Civil Action G-07-003
                                       )
UNITED STATES OF AMERICA               )
                                       )
                    Defendant          )
_____)

## UNITED STATES' LEAVE TO FILE REPLY

The United States of America moves to seek leave of Court to file the attached

Reply to Plaintiffs' Opposition to United States' Motion to Transfer Venue.


Dated: March 20, 2007

                              Respectfully submitted,

                              PETER D. KEISLER
                              Assistant Attorney General

                              DONALD J. DeGABRIELLE, JR.
                              United States Attorney

                              DANIEL HU
                              Assistant United States Attorney

                              STEPHEN CAMPBELL
                              Trial Attorney
                              Torts Branch, Civil Division

s/ JOHN S. LUCE Jr.
JOHN S. LUCE Jr.
Attorney In Charge
New York Bar # 3934213
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone:  (202) 616-4035
Facsimile:  (202) 616-4159
E-Mail: john.luce@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 20 2007, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following:

Walter L. Boyaki

I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participant:

Heriberto Ramos
Ramos & Associates
917 Franklin , Suite 300
Houston, Texas 77002


s/ JOHN S. LUCE Jr.
JOHN S. LUCE Jr.
Attorney In Charge
New York Bar # 3934213
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone:  (202) 616-4035
Facsimile:  (202) 616-4159
E-Mail: john.luce@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| OSWALDO ENRIQUE TOBAR, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action G-07-003 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**REPLY TO PLAINTIFFS' OPPOSITION TO
UNITED STATES' MOTION TO TRANSFER VENUE**

The United States of America has moved to transfer venue pursuant to Federal

Rules of Civil Procedure 12(b)(3) and the venue requirements of the Public Vessels Act,

46 U.S.C. § 31104 asserting that transfer of this admiralty and maritime action is

warranted as a matter of law because the public vessel in issue – USS MCCLUSKY –

was in her homeport of San Diego, California on the date the complaint was filed.

Plaintiffs have opposed the motion and the Government now replies.

Plaintiffs' arguments regarding transfer of venue wholly fail to address the venue

provisions of the Public Vessels Act ("PVA"), as set forth in the United States motion,

which require venue in the Southern District of California. Instead, Plaintiffs engage in

an analysis of whether transfer of venue is proper under the "convenience of the parties"

provision of 28 U.S.C. § 1404.  This is not the proper analysis.[1]  Because venue is not

proper in this Honorable Court, transfer of venue is warranted under 28 U.S.C. § 1406.

*See, e.g.*, 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

§ 3817 n. 25 ("[46 U.S.C. § 31104] relates to venue, not jurisdiction, and the remedy for

noncompliance is transfer, not dismissal.  *Roque v. U.S.*, D.C. Puerto Rico 1964, 227

F.Supp. 178.")

      Plaintiffs' alternative reference to the venue provisions of the Suits in Admiralty

Act ("SAA") is misplaced.  The provisions of PVA take precedence over the SAA.

However, even if the SAA venue provisions were applicable, the only proper venue

would remain in the Southern District of California.  The venue provisions of the SAA

provide:  "A civil action under this chapter shall be brought in the district court of the

United States for the district in which--(1) any plaintiff resides or has its principal place

of business; or (2) the vessel or cargo is found."  46 U.S.C. § 30906.  Because the

Plaintiffs reside in Ecuador, the only proper venue under the SAA is where the vessel is

found.  In this case, that is the Southern District of California.

      The Plaintiffs' arguments of equitable and judicial estoppel fail as a matter of law.

The Supreme Court has consistently held that the "Government may not be estopped on

---

[1]    Even as to this incorrect standard, it is worth noting that Plaintiffs do not
assert any connection to Galveston; Plaintiffs reside in Ecuador and Plaintiffs' counsel
has his office in El Paso.  Plaintiffs merely assert that there is a direct flight from Ecuador
to Houston.

the same terms as any other litigant." *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 60 (1984). The Supreme Court recognizes the Government's compelling arguments, based upon sovereign immunity and separation of powers, in support of a bright line rule foreclosing estoppel against the Government. *See, e.g., Office of Personnel Management v. Richmond*, 496 U.S. 414, 23 (1990). The Court has, however, left open the possibility of estoppel based on some type of "affirmative misconduct." *Id.* at 421 - 22. Therefore, to establish equitable estoppel against the Government Plaintiffs must establish the elements of equitable estoppel and some type of affirmative misconduct.

Equitable estoppel requires "a definitive misrepresentation of fact to another person having reason to believe that the other will rely upon it and the other in reasonable reliance upon it does act. . . ." *Heckler*, 467 at 59 (quoting Restatement (Second) of Torts § 984(1) (1979)). In the instant case, however, Plaintiffs assert only that an unidentified person either did not answer a phone or, when asked, would not provide the operational schedule of a United States Navy warship. Based on Plaintiffs own assertion, they have failed to establish the elements of estoppel.

Plaintiffs also fail to establish a claim of judicial estoppel. The doctrine of judicial estoppel is set out in *New Hampshire v. Maine*: "'where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be

3

to the prejudice of the party who acquiesced in the position formerly taken by him.'" *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).  This is the first instance in which the United States has taken a position regarding venue, therefore judicial estoppel simply does not apply.

Prior to filing the present suit, Plaintiffs filed administrative claims with the Coast Guard.  Plaintiffs assert that filing claims with the Coast Guard was a fruitless effort and that "No one responded to any inquiry, phone call, letter." (Pls.' Opp'n to U.S. Mot. to Transfer Venue ¶ 5 (emphasis in original).)  In support of this assertion, Plaintiffs' attached an Exhibit containing three letters written to the Coast Guard.  Two of the letters acknowledge receipt of letters from the Coast Guard; thus plainly contradicting the assertion that no one responded.  For purposes of completeness the two letters from the Coast Guard are attached hereto as Exhibit A.  Both simply request that Plaintiffs supply more evidence of their losses to support the claims.  Neither is misleading, nor do they mention the subject of proper venue of an action against the United States.

For the foregoing reasons, the United States' motion to transfer venue should be granted.

Dated: March 20, 2007

                              Respectfully submitted,

                              PETER D. KEISLER
                              Assistant Attorney General

                              DONALD J. DeGABRIELLE, JR.

4

United States Attorney

DANIEL HU
Assistant United States Attorney

STEPHEN CAMPBELL
Trial Attorney
Torts Branch, Civil Division


   s/ JOHN S. LUCE Jr.  
JOHN S. LUCE Jr.
Attorney In Charge
New York Bar # 3934213
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone:  (202) 616-4035
Facsimile:  (202) 616-4159
E-Mail: john.luce@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 20, 2007, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following:

Walter L. Boyaki

I further certify that I mailed the foregoing document and notice of electronic filing by first-class mail to the following non-CM/ECF participant:

Heriberto Ramos
Ramos & Associates
917 Franklin , Suite 300
Houston, Texas 77002


s/ JOHN S. LUCE Jr.
JOHN S. LUCE Jr.
Attorney In Charge
New York Bar # 3934213
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box 14271
Washington, D.C. 20044-4271
Telephone: (202) 616-4035
Facsimile: (202) 616-4159
E-Mail: john.luce@usdoj.gov

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| OSWALDO ENRIQUE TOBAR, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action G-07-003 |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

### AFFIDAVIT OF GEOFFREY OWEN

I, Geoffrey D. Owen, make the following statement under oath:

1.    I am a Lieutenant Commander in the United States Coast Guard and am the

Branch Chief of the U.S. Coast Guard Maintenance and Logistics

Command, Pacific Claims and Litigation Branch.

2.    A true and accurate copy of the letters I sent to Mr. Walter Boyaki on

September 1, 2006 and September 13, 2006 are attached hereto as Exhibit

A.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on March 16, 2007.

GEOFFREY D. OWEN

U.S. Department of
Homeland Security

United States
Coast Guard

Commander
Maintenance & Logistics Command Pacific
Pacific JAG Office

Coast Guard Island, Bldg. 54-A
Alameda, CA 94501-5100
Staff Symbol: (lc)
Phone:(510)437-3364
Fax: (510)437-3337



5890
3306LC0113
September 13, 2006

Miranda & Boyaki
Attn: Mr. Walter Boyaki
4621 Pershing Drive
El Paso, Texas 79903

Dear Mr. Boyaki:

Regarding your letter of September 11, 2006, the only materials contained in this office's file are the twenty-six Standard Form 95s for the individual claimants you represent and copies of your correspondence with the United States Navy and this office. Our investigation into this matter is ongoing.

As I noted in my letter of September 1, 2006, I am unable to evaluate these claims because no evidence was presented to support the amounts claimed for property damage/loss or personal injury. I direct your attention to 33 C.F.R. Part 25 and the sections that discuss evidence required to be submitted with a claim, specifically:

### § 25.115  Evidence supporting a claim.

The claimant shall present independent evidence to support a claim. This evidence may include, if available, statements of witnesses, accident or casualty reports, photographs and drawings.

### § 25.117  Proof of amount claimed for personal injury or death.

The following evidence must be presented when appropriate:

(a) Itemized medical, hospital, and burial bills.

(b) A written report by the attending physician including:

(1) The nature and extent of the injury and the treatment,

(2) The necessity and reasonableness of the various medical expenses incurred,

(3) Duration of time injuries prevented or limited employment,

(4) Past, present, and future limitations on employment,

(5) Duration and extent of pain and suffering and of any disability or physical disfigurement,

(6) A current prognosis,

(7) Any anticipated medical expenses, and

(8) Any past medical history of the claimant relevant to the particular injury alleged.

Note: An examination by an independent medical facility or physician may be required to provide independent medical evidence against which to evaluate the written report of the claimant's physician.

EXHIBIT _A_, _2 of 4_

5890
3306LC0113
September 13, 2006

The settlement authority determines the need for this examination, makes mutually convenient arrangements for such an examination, and bears the costs thereof.

(c) All hospital records or other medical documents from either this injury or any relevant past injury.

(d) If the claimant is employed, a written statement by the claimant's employer certifying the claimant's:

(1) Age,

(2) Occupation,

(3) Hours of employment,

(4) Hourly rate of pay or weekly salary,

(5) Time lost from work as a result of the incident, and

(6) Claimant's actual period of employment, full-time or part-time, and any effect of the injury upon such employment to support claims for lost earnings.

(e) If the claimant is self-employed, written statements, or other evidence showing:

(1) The amount of earnings actually lost, and

(2) The Federal tax return if filed for the three previous years.

(f) If the claim arises out of injuries to a person providing services to the claimant, statement of the cost necessarily incurred to replace the services to which claimant is entitled under law.

## § 25.119  Proof of amount claimed for loss of, or damage to, property.

The following evidence must be presented when appropriate:

(a) For each particular lost item, evidence of its value such as a bill of sale and a written appraisal, or two written appraisals, from separate disinterested dealers or brokers, market quotations, commercial catalogs, or other evidence of the price at which like property can be obtained in the community. The settlement authority may waive these requirements when circumstances warrant. The cost of any appraisal may be included as an element of damage if not deductible from any bill submitted to claimant.

(b) For each particular damaged item which can be economically repaired, evidence of cost of repairs such as a receipted bill and one estimate, or two estimates, from separate disinterested repairmen. The settlement authority may waive these requirements when circumstances warrant. The cost of any estimate may be included as an element of damage if not deductible from any repair bill submitted to claimant.

(c) For any claim which may result in payment in excess of $20,000.00, a survey or appraisal shall be performed as soon as practicable after the damage accrues, and, unless waived in writing, shall be performed jointly with a government representative.

(d) If the item is so severely damaged that it cannot be economically repaired or used, it shall be treated as a lost item.

(e) If a claim includes loss of earnings or use during repairs to the damaged property, the following must also be furnished and supported by competent evidence:

(1) The date the property was damaged;

2

EXHIBIT _A_ 3 oF 4

5890
3306LC0113
September 13, 2006

(2) The name and location of the repair facility;

(3) The beginning and ending dates of repairs and an explanation of any delay between the date of damage and the beginning date;

(4) A complete description of all repairs performed, segregating any work performed for the owner's account and not attributable to the incident involved, and the costs thereof;

(5) The date and place the property was returned to service after completion of repairs, and an explanation, if applicable, of any delay;

(6) Whether or not a substitute for the damaged property was available. If a substitute was used by the claimant during the time of repair, an explanation of the necessity of using the substitute, how it was used, and for how long, and the costs involved. Any costs incurred that would have been similarly incurred by the claimant in using the damaged property must be identified;

(7) Whether or not during the course of undergoing repairs the property would have been used, and an explanation submitted showing the identity of the person who offered that use, the terms of the offer, time of prospective service, and rate of compensation; and

(8) If at the time of damage the property was under charter or hire, or was otherwise employed, or would have been employed, the claimant shall submit a statement of operating expenses that were, or would have been, incurred. This statement shall include wages and all bonuses which would have been paid, the value of fuel and the value of consumable stores, separately stated, which would have been consumed, and all other costs of operation which would have been incurred including, but not limited to, license and parking fees, personnel expenses, harbor fees, wharfage, dockage, shedding, stevedoring, towage, pilotage, inspection, tolls, lockage, anchorage and moorage, grain elevation, storage, and customs fees.

(f) For each item which is lost, actual or constructive, proof of ownership.

Again, as I have previously noted, this is not a denial. Should this information be received, we shall proceed with consideration of these claims. Finally, this letter should in no way be interpreted as waiving any rights of the United States or other legal requirements including any applicable statute of limitations.

Sincerely,

G. D. OWEN
Chief, Claims and Litigation Branch

3

EXHIBIT A, 4 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| OSWALDO ENRIQUE TOBAR, ET AL, | )( | |
| | )( | |
| Plaintiffs, | )( | |
| | )( | |
| v. | )( | NO.  3:07-CV-00003 |
| | )( | |
| UNITED STATES OF AMERICA, | )( | ADMIRALTY |
| | )( | |
| Defendant. | )( | |
| | )( | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

Pursuant to Rule 26(f), Federal Rules of Civil Procedure, the parties file this Joint

Discovery/Case Management Plan as follows:

1.    State where and when the meeting of the parties required by Rule 26(f) was held, and
identify the counsel who attended for each party.

> March 20, 2007, by phone.  Walter L. Boyaki for Plaintiff, John S. Luce, Jr.,
> for Defendant U.S.A.

2.    List the cases related to this one that are pending in any state or federal court, with the
case number and court.

> None.

3.    Briefly describe what this case is about.

> Alleged false arrest and imprisonment of Plaintiffs who are Ecuadorian
> fishermen by U.S. Naval and Coast Guard personnel.  Alleged wrongful seizure
> of the Plaintiffs Ecuadorian fishing vessel, willful destruction of private
> property, violation of civil rights and violation of international law on the high
> sea.

4.    Specify the allegation of federal jurisdiction.

> FTCA 28 U.S.C. §1346(b) and 2661.  Admiralty under 42 U.S.C. § 741, et.
> seq. and Public Vessels Act, 46 U.S.C. §781, et. seq.

*PAGE 1 OF 6*

5.      Name the parties who disagree and the reasons.

Defendant, United States, disagrees for the following reasons.  Plaintiffs allege
an improper boarding and seizure by a United States Navy vessel on the high
seas; therefore this action comes within the exclusive admiralty jurisdiction of
this Court.  This Court has jurisdiction of Plaintiff's Complaint and action
against Defendant, United States of America, a sovereign nation, if at all, solely
under the provisions of the Public Vessels Act, 46 U.S.C. §§ 31101 *et seq.*,
incorporating the consistent provisions of the Suits in Admiralty Act, 46 U.S.C.
§§ 30901 *et seq.*, and not otherwise.

The United States' Answer also sets forth affirmative defenses based on lack of
subject matter jurisdiction.

6.      List anticipated additional parties that should be included, when they can be added, and
by whom they are wanted.

None known at this time.

7.      List anticipated interventions.

None.

8.      Describe class-action issues.

None.

9.      State whether each party represents that it has made the initial disclosures required by
Rule 26(a).  If not, describe the arrangements that have been made to complete the
disclosures.

Plaintiff will make his initial disclosure on or before April 15, 2007. Defendant
U.S.A. will make their initial disclosure on or before April 15, 2007.

10.     Describe the proposed agreed discovery plan, including:

A.      Responses to all the matters raised in Rule 26(f).

Prompt settlement is not feasible without depositions of facts witnesses
and  the parties' respective experts. The initial disclosures  shall be made
by April 15, 2007. No changes in the timing or form of discovery is needed
at this time, except since there are non-citizen witnesses, additional time

*PAGE 2 OF 6*

may be required to comply with international protocol and procedure to obtain discovery.

B.    When and to whom the Plaintiff anticipates it may send interrogatories

Plaintiff anticipates sending Interrogatories to the Defendant by April 1, 2007.

C.    When and to whom the Defendant anticipates it may send interrogatories.

Defendant USA anticipates sending Interrogatories to Plaintiff by May 15, 2007.

D.    Of whom and by when the Plaintiff anticipates taking oral depositions.

Plaintiff anticipates deposing Defendant's agents including the ship's captain, the people in charge of the Coast Guard operation and some non-citizen Ecuadorian witnesses, no later than the close of discovery.

E.    Of whom and by when the Defendant anticipates taking oral depositions.

Defendant U.S.A. anticipates deposing the Plaintiffs, Plaintiffs' experts, and possibly non-citizen witnesses, no later than the close of discovery.

F.    When the Plaintiff (s) (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiffs by October 1, 2007
Defendant's responsive experts by November 15, 2007

G.    List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) expert report).

Plaintiffs anticipates deposing Defendant expert no later than the close of discovery.

H.   List expert depositions the opposing party anticipates taking and their
     anticipated completion date.  See Rule 26(a)(2)(6) (expert report).

        Defendant anticipates deposing Plaintiff's experts no later
        than the close of discovery.

11.   If the parties are not agreed on a part of the discovery plan, describe the separate views
      and proposals of each party.

        N/A.

12.   Specify the discovery beyond initial disclosures that has been undertaken to date.

        None.

13.   State the date the planned discovery can reasonably be completed.

        February 28, 2008; except since there are non-citizen witnesses, additional time
        may be required to comply with international protocol and procedure to obtain
        discovery.

14.   Describe the possibilities for a prompt settlement or resolution of the case that were
      discussed in your Rule 26(f) meeting.

        It is premature to reasonably discuss settlement until the depositions of the
        parties are completed.

15.   Describe what each party has done or agreed to do to bring about a prompt resolution.

        Nothing can be reasonably be done to speed resolution until discovery is largely
        completed.

16.   From the attorneys' discussion with the client, state the alternative dispute resolution
      techniques that are reasonably suitable, and when such a technique may be effectively
      used in this case.

        The parties believe mediation may be suitable after discovery is largely
        completed.

17.   Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint
      position on a trial before a magistrate judge.

        The parties do not agree to trial before a magistrate judge.

*PAGE 4 OF 6*

18.     State whether a jury demand has been made and if it was made on time.

No demand for a trial by jury has been made and is not appropriate in this case.

19.     Specify the number of hours it will take to present the evidence in this case.

For Plaintiffs – 3 days of trial.
For Defendant - 2-3 days of trial.

20.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.

Defendant United States' Motion to Transfer Venue.

21.     List other motions pending.

None.

22.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

This action involves non-citizen witnesses, including each Plaintiff; therefore, additional time may be required to comply with international protocol and procedure to obtain discovery.

23.     Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Person, listing the date of filing for original and any amendments.

It is so certified.  Plaintiffs filed their disclosure on January 16, 2007.  Defendant United States filed its disclosure on March 9, 2007.

24.     List the names, bar numbers, addresses, and telephone number of all counsel.

Walter L. Boyaki                         Attorney for Plaintiffs
Miranda & Boyaki
4621 Pershing Drive
El Paso, Texas  79903
(915) 566-8688; Fax: (915) 566-5906

Mr. John S. Luce, Jr.                    Attorney for Defendant U.S.A.
Trial Attorney
U.S. Department of Justice

*PAGE 5 OF 6*

Aviation/Admiralty Litigation
Torts Branch, Civil Division
P.O. Box 14271
Washington, DC 20044-4271
(202) 616-4035; Fax: (202) 616-4159


/s/ Walter L. Boyaki                                         March 22, 2007

**WALTER L. BOYAKI**                                    **Date**
**Attorney for Plaintiffs**


 s/ JOHN S. LUCE Jr.                                         March 22, 2007
**JOHN S. LUCE, Jr.**                                       **Date**
**Attorney for Defendant U.S.A.**

*PAGE 6 OF 6*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| OSWALDO ENRIQUE TOBAR, *et al.* | § |
| | § |
| V. | §    CIVIL ACTION NO. G-07-3 |
| | § |
| UNITED STATES OF AMERICA | § |

## DOCKET CONTROL ORDER

1.  October 2, 2007    **PLAINTIFF'S EXPERTS** will be designated in accordance with Rule 26(b), FRCP by this date and reports (except medical reports which can be obtained otherwise), shall be tendered. No additional experts will be permitted to testify except for good cause shown.

2.  November 9, 2007    **DEFENDANT'S EXPERTS** will be designated in accordance with Rule 26(b), FRCP by this date and reports (except I.M.E. reports which can also be obtained otherwise), shall be tendered. No additional experts will be permitted to testify except for good cause shown.

3.  December 30, 2007    **DISCOVERY** should be completed by this date. Counsel may, by agreement, continue discovery beyond the deadlines, but there will be no intervention by the Court, without a showing of extreme prejudice. No trial setting will be vacated because of information acquired in post-deadline discovery.

4.  January 4, 2008    **SIGNED JOINT PRE-TRIAL ORDER** (ORIGINAL AND ONE (1) COPY) WITH EXHIBIT LISTS, WHICH CONFORMS TO THE FORMAT SET FORTH IN APPENDIX B OF THE LOCAL RULES.

5.  January 11, 2008    **PRE-TRIAL CONFERENCE** at **12:00 p.m.,** before the Magistrate Judge. Limine matters will be addressed at this conference.

6.  January 14, 2008    **NON-JURY TRIAL DATE**: Counsel **MUST** be prepared for trial at **8:30 a.m.,** on this date before the District Court.

The pretrial order shall be filed with the office of the District Clerk in <u>GALVESTON</u> and should be <u>joint</u>, succinct, brief and concise. It should be accompanied by (1) a Witness List identifying each witness, and stating whether or not such witness is or is not a fact or expert witness, and regarding the latter, the area of expertise; and (2) an Exhibit List, specifically including vertical columns and blocks, allowing for the indication of whether any piece of evidence has been "marked", "offered", "objected to", "admitted" and "date", for each and every piece of evidence.

IT IS EXPRESSLY ORDERED THAT FAILURE TO ADHERE TO THE REQUIREMENT OF JOINT AND COMPLETE SUBMISSION WILL CONSTITUTE THE BASIS FOR SEVERE SANCTIONS, UP TO AND INCLUDING THE STRIKING OF THE PLEADINGS OF ANY PARTY NOT HEREWITH COMPLYING.

FAILURE TO TENDER APPROPRIATE EVIDENCE LISTS WILL RESULT IN THE OFFENDING PARTIES' PROSCRIPTION FROM OFFERING <u>ANY</u> EVIDENCE AT THE TRIAL IN THIS CAUSE.

If this cause is on the jury docket then the Pretrial Order shall be accompanied by an <u>agreed</u>, and <u>jointly</u> prepared, full and complete jury charge, specifically including all necessary substantial and precatory instructions <u>specifically</u> including the precise details of (1) the *prima facie* elements of any cause of action asserted, (2) legal definitions required by the jury, (3) items of damages, and (4) methods of calculation of damages, <u>together with complete appropriate interrogatory forms</u>. These will be <u>joint</u>, complete, and succinct. In the event that the parties, in good faith, cannot agree upon the language of the charge, the parties will, in any event, submit a single, <u>unified</u> charge, wherein they will set out in the charge each offering, in succession, regarding which there is disagreement, separated by the word "or", with the totality of each such disputed offering to be in emboldened type, and from which the Court can make a single selection. Accompanying the charge will be all authority, citations or related materials which the offering party relies upon, to allow the Court to have an opportunity to fully and completely consider such. **FAILURE TO COOPERATE AND TO JOINTLY SUBMIT THE FULL AND COMPLETE CHARGE, WITH INCLUDED OPTIONS, AS NECESSARY, WILL RESULT IN SEVERE SANCTIONS, UP TO AND INCLUDING THE STRIKING OF THE PLEADINGS OF ANY PARTY, AND SEVERE FINANCIAL SANCTIONS ASSESSED AGAINST ANY OFFENDING ATTORNEY.** There is absolutely <u>no</u> excuse for any delay in the submission of this item.

**To insure full notice, each party who receives this notice shall contact all other counsel of record and/or any <u>pro se</u> litigants to insure receipt of notice, and as regards any counsel or <u>pro se</u> litigant claiming non-receipt, the contacting attorney shall forward a copy of it to said counsel or party.**

<u>N O T I C E</u>

**FAILURE TO COMPLY WITH THIS ORDER WILL RESULT
IN SANCTIONS PURSUANT TO FED.R.CIV.P. 16(f).**

**DONE** at Galveston, Texas, this 11th day of April, 2007.

Samuel B. Kent
United States District Judge