1  PETER D. KEISLER
   Assistant Attorney General
2  KAREN P. HEWITT
   United States Attorney
3  TOM STAHL
   Assistant U.S. Attorney
4  Chief, Civil Division
   880 Front Street, Room 6293
5  San Diego, California  92101-8893
   Telephone: (619) 557-5662
6  R. MICHAEL UNDERHILL
   Attorney in Charge, West Coast Office
7  Torts Branch, Civil Division
   R. SCOTT BLAZE
8  Senior Admiralty Counsel
   Torts Branch, Civil Division
9  U.S. Department of Justice
   P.O. Box 36028
10 450 Golden Gate Avenue, Room 7-5395
   San Francisco, California  94102-3463
11 Telephone: (415) 436-6635
   Fax: (415) 436-6632
12 scott.blaze@usdoj.gov

13 Attorney for Defendant
   United States of America

14                    UNITED STATES DISTRICT COURT

15                  SOUTHERN DISTRICT OF CALIFORNIA

16 OSWALDO ENRIQUE TOBAR, et al.      )  Civil No. 07-CV-00817-WQH-WMC
                                      )
17              Plaintiffs,           )  IN ADMIRALTY
                                      )
18        v.                          )
                                      )
19 UNITED STATES OF AMERICA,          )  DECLARATION OF COUNSEL,
                                      )  R. SCOTT BLAZE,
20              Defendant.            )  IN SUPPORT OF UNITED STATES'
                                      )  MOTION TO DISMISS
21 _____)

22        R. Scott Blaze, being duly sworn, declares:

23        1.    That I counsel of record for defendant United States.

24        2.    That attachment 1 hereto is a true copy from the official files of the United States

25 Department of Justice of plaintiffs' complaint.

26

27

28

DECLARATION OF R. SCOTT BLAZE
IN SUPPORT OF UNITED STATES' MOTION TO DISMISS        1                    07-CV-00817-WQH-WMC

3.      That attachment 2 hereto is a true copy from the official files of the Department of Justice of the ruling in the matter of <u>Liang-Tuan Wei v. Immigration and Naturalization, <i>et al.</i></u>, SA CV 05-217-VBF(ANx)(C.D. CA , March 26, 2007).

4      That attachment 3 hereto is a true copy from the official files of the Department of Justice of the complete initial disclosures by plaintiffs served on the United States.

5      That attachment 4 hereto is a true copy from the official files of the Department of Justice of the administrative claim of one of the plaintiffs, Francisco Arteago.

6.      That attachment 5 hereto is a true copy from the official files of the Department of Justice of letter from plaintiffs' counsel, Walter Boyaki, to the U.S. Coast Guard Claims Chief, dated September 11, 2006.

7      That attachment 6 hereto is a true copy from the official files of the Department of Justice of the administrative claim of one of the plaintiffs, Oswaldo Tobar.

I declare under penalty of perjury, pursuant to 28 U.S.C. Section 1746, that the foregoing is true and correct.

Executed on August 30, 2007.

R. SCOTT BLAZE

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August __31__ , 2007, I mailed a copy of the foregoing

DECLARATION OF R. SCOTT BLAZE IN SUPPORT OF UNITED STATES' MOTION TO

DISMISS by first-class mail, postage prepaid, to:


Walter L Boyaki, Esq.
Miranda & Boyaki
4621 Pershing Drive
E1 Paso, Texas 79903

Albert W. Morris
1025 Cynthia Ave.
Pasadena, California 91107


_____
BONNIE LI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 4 2007

Michael N. Milby, Clerk

| | | |
|---|---|---|
| OSWALDO ENRIQUE TOBAR, | )( | |
| ROSA CARMELINA ZAMBRANO LUCAS, | )( | |
| JUNIOR IVAN PICO ALAVA, | )( | |
| SEGUNDO MATIAS ZAMBRANO ALONZO, | )( | |
| FRANCISCO GABRIEL YOLE ARTEAGO, | )( | |
| FAUSTO LUPERCIO ARIAS CASTANEDA, | )( | |
| FRABRICIO BAYRON CEDENO, | )( | |
| JOFFRE JOHNNY CEDENO CEDENO, | )( | |
| LINDON CLEOFE CEDENO CEDENO, | )( | |
| RAMON ELIADES RAMON VELEZ CEDENO, | )( | |
| DANIEL DAVID QUIMI CHALEN, | )( | |
| PABLO EDUARDO LUCAS CONFORME, | )( | |
| RAMON EDUARDO PILLIGUA CONFORME, | )( | |
| CIRO MARIANO LOPEZ MERO, | )( | |
| PEDRO MANUEL LOPEZ MERO, | )( | NO. |
| JOSE EDUARDO LUCAS MERO, | )( | |
| LUIS ANTONIO PENAFIEL MERO, | )( | |
| PEDRO JOSE REYES MERO, | )( | |
| TELMO ARCADIO CHICA OBANDO, | )( | |
| LUIS MIGUEL CEDENO PICO, | )( | |
| JAIME GUSTAVO PALMA PINARGOTE, | )( | |
| YARDY KLEVER FLORES SEGOVIA, | )( | |
| PACHO HERNANDEZ SOLORZANO, | )( | |
| CARLOS WILFRIDO VELIZ VELEZ, | )( | |
| CARLOS ORLANDO VELEZ ZAMBRANO, | )( | |
| JOSE LUIS ZAMBRANO, ZAMBRANO, | )( | |
| | )( | |
| Plaintiffs, | )( | |
| | )( | |
| v. | )( | |
| | )( | |
| UNITED STATES OF AMERICA, | )( | |
| | )( | |
| Defendant. | )( | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, *OSWALDO ENRIQUE TOBAR, ROSA CARMELINA ZAMBRANO LUCAS,*

*JUNIOR IVAN PICO ALAVA, SEGUNDO MATIAS ZAMBRANO ALONZO, FRANCISCO*

*GABRIEL YOLE ARTEAGO, FAUSTO LUPERCIO ARIAS CASTANEDA, FRABRICIO BAYRON*

*PAGE 1 OF 5*

CEDENO, JOFFRE JOHNNY CEDENO CEDENO, LINDON CLEOFE CEDENO CEDENO, RAMON ELIADES RAMON VELEZ CEDENO, DANIEL DAVID QUIMI CHALEN, PABLO EDUARDO LUCAS CONFORME, RAMON EDUARDO PILLIGUA CONFORME, CIRO MARIANO LOPEZ MERO, PEDRO MANUEL LOPEZ MERO, JOSE EDUARDO LUCAS MERO, LUIS ANTONIO PENAFIEL MERO, PEDRO JOSE REYES MERO,TELMO ARCADIO CHICA OBANDO, LUIS MIGUEL CEDENO PICO, JAIME GUSTAVO PALMA PINARGOTE, YARDY KLEVER FLORES SEGOVIA, PACHO HERNANDEZ SOLORZANO, CARLOS WILFRIDO VELIZ VELEZ, CARLOS ORLANDO VELEZ ZAMBRANO, JOSE LUIS ZAMBRANO, ZAMBRANO, hereinafter called Plaintiffs, complaining of the UNITED STATES OF AMERICA, hereinafter referred to as Defendant, and would respectfully show the Court the following:

### I.

This action arises in part under the Federal Tort Claims Act, 28 U.S.C., Section 1346(b) and 2661 et. seq. and particularly 28 U.S.C. Section 2680(h), the suits in Admiralty Act 42 U.S.C. §741 et. seq. and the Public Vessels Act, 46 U.S.C. Section 781, et. seq.

### II.

Plaintiffs reside in the country of Ecuador. The Defendant owns and operates a U.S. Coast Guard and U.S. Navy facility in Galveston, Texas.

### III.

On or about October 5, 2005 in international waters off the Galapagos Islands in the Pacific Ocean the agents of the Defendant unlawfully and negligently, stopped, searched, arrested, detained and imprisoned the Plaintiffs,  seized the boat, destroyed the cargo and fish owned by Plaintiffs ROSA CARMELINA ZAMBRANO LUCAS, and OSWALDO ENRIQUE TOBAR, for allegedly smuggling and possessing illegal drugs.

## IV.

At all times herein mentioned, the acts of commission or omission of agents of the Defendant were on behalf of the Defendant and were in the course and scope of their employment or agency or such that their actions were intentional as law enforcement officials as defined by 28 U.S.C. Section 2680 (h).  The Government agents or employees that were responsible for the damages done to Plaintiffs would be liable just as if they were private persons. No charges were ever subsequently brought against any Plaintiff. Defendant in fact, apologized to the Plaintiffs for the actions of the agents.

## V.

The agents of the Defendant were careless, reckless and negligent in this case or alternatively their acts were intentional in that they:

1. Arrested and detained the Plaintiffs for no reason for over 99 days.

2. Failed to ascertain that Plaintiffs were not drug dealers and/or smugglers.

3. Arrested the Plaintiffs without probable cause.

4. Falsely imprisoned the Plaintiffs for no reason despite Plaintiffs' protestations.

5. Failed to release the Plaintiffs and their vessel when it became known they were not drug smugglers and did not possess any illegal substances.

6. Violated the Plaintiffs' constitutional rights under the IV, V, VI, VIII, and XIV amendments to the United States Constitution.

7. Violated international law by boarding and seizing a foreign flagged vessel in international waters.

8. Committed various and numerous assaults on Plaintiffs persons during their imprisonment.

*PAGE 3 OF 5*

Declaration of R. Scott Blaze, Attachment 1, Page 3 of 6

9.      Wrongfully seized and kept the vessel owned by Plaintiffs ROSA CARMELINA

        ZAMBRANO LUCAS and OSWALDO ENRIQUE TOBAR.

10.     Violated right of privacy of all the Plaintiffs.

11.     Destroyed the personal property of the Plaintiffs without probable cause.

12.     Held the Plaintiffs as prisoners under armed guard.

13.     Violated treaty obligations with Ecuador.

## VI.

As a direct and proximate result of one or more of the foregoing acts or omissions on the part

of the agents of the Defendant, done in the course and scope of their job the Plaintiffs were

permanently injured, damaged and infringed upon, all of which will affect them for the remainder of

their natural lives.

## VII.

Further, as a direct and proximate result of said acts of commission or omission on the part of

Defendant's agents or employees, the Plaintiffs have suffered the following injuries:

1.      All the Plaintiffs were imprisoned in a most hostile environment.

2.      All the Plaintiffs have suffered severe humiliation;

3.      All the Plaintiffs have suffered physical and mental pain and suffering and will

        continue to do so in the future;

4.      All the Plaintiffs have suffered extreme anxiety and depression and will continue to do

        so in the future;

5.      ROSA CARMELINA ZAMBRANO LUCAS, COMMANDER OSWALDO

        ENRIQUE TOBAR had their personal property destroyed.

6.      They have sustained property damage to the vessel and loss of their catch of fish in the

        amount of $500,000.00.

*PAGE 4 OF 5*

7.    They have lost the use of the vessel.

8.    They suffered public ridicule.

By reason of all the foregoing, the Plaintiffs have been damaged in the sum of $5,025,000.00.

### VII.

On April 18, 2006 Plaintiffs filed a claim for injuries with the United States Navy and Coast

Guard. Six months have passed without any action taken by the Defendant on the claim. This is

tantamount to denial of the claim.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited and served

to appear and answer herein, and that upon final trial of this cause, Plaintiffs have judgment against the

Defendant in the sum of $5,025,000.00 and for such other and further relief, both general and special,

at law and in equity, to which the Plaintiffs are justly entitled.

Respectfully submitted,

**MIRANDA & BOYAKI**
Attorneys at Law
4621 Pershing Drive
El Paso, Texas  79903
Tel.:  (915) 566-8688
Fax :  (915) 566-5906

**WALTER L. BOYAKI**
Attorney for Plaintiffs
State Bar No. 02759500

**HERIBERTO RAMOS**
Ramos & Associates
917 Franklin, Suite 300
Houston, Texas 77002
State Bar No. 24033102

*PAGE 5 OF 5*

JS 44
(Rev. 07/89)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

JUNIOR IVAN PICO ALAVA, ET AL

**DEFENDANTS**

UNITED STATES OF AMERICA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  EL PASO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
WALTER L. BOYAKI
4621 PERSHING DR.
EL PASO, TEXAS 79903

ATTORNEYS (IF KNOWN)

*United States District Court*
*Southern District of Texas*
*FILED*
*JAN 04 2007*
*Michael N. Milby, Clerk*

## II. BASIS OF JURISDICTION  (PLACE AN ✗ IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES  (PLACE AN ✗ IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION  (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

F.T.C.A., 28 U.S.C., Section 1346b and 2671; et. seq.

## V. NATURE OF SUIT  (PLACE AN ✗ IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 620 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 630 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN  (PLACE AN ✗ IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S)  (See instructions):
IF ANY

JUDGE _____  DOCKET NUMBER _____

DATE

*[signature]*

SIGNATURE OF ATTORNEY OF RECORD

Declaration of R. Scott Blaze, Attachment 1, Page 6 of 6

UNITED STATES DISTRICT COURT

P-SEND



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.    **SA CV 05-217-VBF(ANx)**                            Dated: **March 26, 2007**

Title:    Liang-Tuan Wei *-v-* Immigration and Naturalization Service, et al.

---

PRESENT:    HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

Rita Sanchez
Courtroom Deputy

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                        None Present

PROCEEDINGS (IN CHAMBERS):        ORDER GRANTING DEFENDANT'S MOTION TO
                                 DISMISS THE ACTION FOR LACK OF SUBJECT
                                 MATTER JURISDICTION [fld 2/27/07]

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds
that these matters are appropriate for decision without oral argument. The Court has read and
considered Defendant United States' Motion to Dismiss pursuant to Federal Rule of Civil
Procedure 12(b)(1), as well as Plaintiff Liang-Tuan Wei's Opposition, Defendant's Reply, and all
other papers, declarations, and exhibits in this matter.

Defendant's Motion to Dismiss is **GRANTED**, because
1.    Defendants have shown that
        a.    Its actions fall under the "admiralty" exception to the Federal Tort Claims
              Act's waiver of sovereign immunity, and
        b.    Its actions fall under the "discretionary function" exception to the Suits in
              Admiralty Act's waiver of sovereign immunity,
2.    Plaintiff has not refuted any of Defendants' claims with respect to these issues.

MINUTES FORM 90
CIVIL - GEN



DOCKETED ON CM

MAR 27 2007

Initials of Deputy Clerk

BY ___ 010

<u>DISCUSSION</u>

### 1. Plaintiff's Claims Sound in Admiralty

28 U.S.C. §2680(d) provides that the FTCA's waiver of sovereign immunity does not apply to "[a]ny claim for which a remedy is provided by chapter 309 or 311 of title 46 relating to claims or suits in admiralty against the United States." The first reference is to the Suits in Admiralty Act ("SAA"), which provides a waiver of sovereign immunity for actions against the United States where, "if a vessel were privately owned or operated, or if cargo were privately owned or possessed, or if a private person or property were involved, a civil action in admiralty could be maintained." 46 U.S.C. §30901.

Defendant argues that all of Plaintiff's claims could be maintained in admiralty. Defendant's Motion pp. 8-10. In its Opposition, Plaintiff does not dispute Defendant's characterization of the claims. Based on the papers before the court, it is uncontroverted that Defendant's behavior falls under the exception to the FTCA's waiver of sovereign immunity set forth in 28 U.S.C. §2680(d). Thus the Court holds that §2680 precludes Plaintiff from asserting the FTCA's waiver, and that Plaintiff may only invoke the waiver provided under the SAA.

### 2. The Discretionary-Function Exception Under The SAA

In *Earles v. U.S.*, the 9th Circuit held that the discretionary-function exception provided in §2680(a) applies under the SAA as well as the FTCA. 939 F.2d 1028, 1032. A two-part test applies in determining whether the exception applies to a particular action by the government. First, the Court must determine whether the challenged action by its nature involves "an element of judgment or choice." *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000). Second, the Court must ask whether the conduct implement social, economic, or political policy considerations. This aspect of the Court's inquiry "accords with Congress' purpose in enacting the exception: to prevent judicial intervention in... the political, social, and economic judgments of governmental agencies." *Berkovitz v. United States*, 486 U.S. 531, 538 (1988).

Defendant asserts that the seizure and forfeiture of Plaintiff's vessel "involved the exercise of discretion by Government law enforcement agents," and musters a number of analogous cases supporting the claim that the Defendants' actions meet the public policy requirement. Defendant's Motion, pp. 13-18. In its Opposition, Plaintiff ignores the issue altogether, failing even to allege that the discretionary-function exception does not apply. Based on the papers before the Court, it

MINUTES FORM 90                                                    Initials of Deputy Clerk   rs
CIVIL - GEN

*Declaration of R. Scott Blaze, Attachment 2, Page 2 of 4*

is uncontroverted that Defendant's conduct falls under this exception to the SAA's waiver of sovereign immunity.

### 3. Plaintiff's Failure to Name the United States As A Defendant

Plaintiff indeed failed to name the United States as a defendant in this action. However, the Court need not address this point, because Plaintiff has failed to allege that the Defendant's activities do not fall under the discretionary-function exception to the SAA's waiver of sovereign immunity.

### 4. The "Law Enforcement" Exception to the FTCA

Defendant has argued that even if the admiralty and discretionary-function exceptions to the FTCA's waiver of sovereign immunity did not apply, the law-enforcement exception under the FTCA would apply. This is one of the arguments in the Motion to which Plaintiff's Opposition actually responds. Plaintiff replies that because the crew members in question were ultimately acquitted of the criminal charges against them, §2680(c)'s exception does not apply. As Defendant points out in its Reply brief, however, Plaintiff relies on only one of the four prongs of the exception. The exception set forth in §2680(c) requires the fulfilment of four separate conditions for the exception to apply. One of these requirements is that the claimant's interest was not actually forfeited. 28 U.S.C. §2680(c)(2). Plaintiff has admitted that its interest was administratively forfeited. Plaintiff's entire cause of action boils down to the assertion that the vessel was wrongfully forfeited. See, e.g., Complaint ¶16. As a result, Plaintiff's arguments concerning the inapplicability of the law-enforcement exception fail. However, the Court need not determine the applicability of the law-enforcement exception generally, because Defendant has already established that the discretionary-function exception requires the dismissal of Plaintiff's cause of action.

### 5. The PVA's Waiver of Sovereign Immunity

Defendant addresses the question whether Plaintiff might avail itself of the waiver of sovereign immunity under the PVA. Plaintiff never alleged subject matter jurisdiction under the PVA's exception, but Defendant preemptively asserted that if Plaintiff's cause of action *were* cognizable under the PVA, it would be precluded by the statute of limitations in 46 U.S.C. §745. In its Opposition, Plaintiff responded that §745 was repealed on October 6, 2006. Why it bothered to raise this point is unclear, however, because Plaintiff *still* failed to allege subject matter jurisdiction

under the PVA.  Defendant responded in its Reply that §745 was not repealed, but rather recodified as §30905.

In any event, the Court need not decide this question.  Plaintiff has consistently asserted only one source of the waiver of sovereign immunity: The Federal Tort Claims Act.  But because Plaintiff has not refuted Defendant's argument that Plaintiff's claims fall under the admiralty exception in 28 U.S.C. §2680(d), Plaintiff cannot avail itself of the FTCA's exception.  Therefore, the PVA's waiver cannot save Plaintiff's claim.

## CONCLUSION

Defendant's Motion to Dismiss sets forth a credible case for the applicability of the exception to the FTCA's waiver of sovereign immunity set forth in 28 U.S.C. §2680, and of the applicability of the discretionary-function exception to the Suits in Admiralty Act's waiver of sovereign immunity. Plaintiff's Complaint and Opposition to the Motion  fail to raise any counter-arguments with respect to these matters.  Taken on their face, and assuming the truth of every assertion contained in them, Plaintiff's papers fail to establish that this Court has subject matter jurisdiction in this case.

Accordingly, it is the Court's ruling that Defendant's Motion to dismiss this cause of action is **GRANTED.**

The Clerk shall serve copies of this Order on both parties.

IT IS SO ORDERED.

MIRANDA & BOYAKI @002/004

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

OSWALDO ENRIQUE TOBAR, ET AL,     )(
                                  )(
              Plaintiffs,         )(
                                  )(
v.                                )(        NO. 3:07-CV-00003
                                  )(
UNITED STATES OF AMERICA.         )(
                                  )(
              Defendant.          )(

**PLAINTIFFS' INITIAL DISCLOSURES**

A.    Persons likely to have discoverable information in support of Plaintiff's claims:

      1.    Plaintiffs:

            Oswaldo Enrique Tobar,
            Rosa Carmelina Zambrano Lucas
            Junior Ivan Pico Alava
            Segundo Matias Zambrano Alonzo
            Francisco Gabriel Yole Arteago
            Fausto Lupercio Arias Castaneda
            Frabricio Bayron Cedeno
            Joffre Johnny Cedeno Cedeno
            Lindon Cleofe Cedeno Cedeno
            Ramon Eliades Ramon Velez Cedeno
            Daniel David Quini Chalen
            Pablo Eduardo Lucas Conforme
            Ramon Eduardo Pilligua Conforme
            Ciro Mariano Lopez Mero
            Pedro Manuel Lopez Mero
            Jose Eduardo Lucas Mero
            Luis Antonio Penafiel Mero
            Pedro Jose Reyes Mero
            Telmo Arcadio Chica Obando
            Luis Miguel Cedeno Pico
            Jaime Gustavo Palma Pinargote
            Yardy Klever Flores Segovia
            Pacho Hernandez Solorzano
            Carlos Wilfrido Veliz Velez
            Carlos Orlando Velez Zambrano
            Jose Luis Zambrano, Zambrano

*PAGE 1 OF 3*

2.    Agents of the Defendant:

   CDR Awai
   LT CRD James Brown
   GD Owen
   Lawrence K. Ellis

   All those listed in Defendant's disclosures.

3.    Eduardo Navas Najera
   Director of Merchant Marine
   Navy of Ecuador
   Guayaquil, Ecuador

4.    Families of the Plaintiffs

5.    The parties experts to include:

   Leonidas Villagran
   Ecuadorian Lawyer
   Guayaquil, Ecuador

6.    Other witnesses who may be identified during discovery.

B.    Documents in support of claims:

1.    Coast Guard and Navy regulations.

2.    Letters from the Coast Guard to the Plaintiffs asking for damages.

3.    Curriculum vitae of each of Plaintiffs' experts.

4.    Video tape and pictures of Plaintiffs' fishing boat.

5.    Costs of Plaintiffs lost catch to include the cost of tuna.

C.    Damage computation:

1.    Documents to show lost earning capacity, if any and lost wages.

2.    Documents to show lost fishing catch.

3.    Documents to show the cost of a wasted fishing trip to include lost fuel, food, wages, etc.

4.    Documents to show damage to the fishing boat.

*PAGE 2 OF 3*

D.   Expert witnesses:

1.   Leonidas Villagran
     Ecuadorian Lawyer
     Guayaquil, Ecuador

     Mr. Villagan will testify concerning the violations of Ecuadorian law.

Respectfully submitted,

MIRANDA & BOYAKI
Attorneys at Law
4621 Pershing Drive
El Paso, Texas 79903
Tel: (915) 566-8688
Fax : (915) 566-5906

By: _____

WALTER L. BOYAKI
Attorney for Plaintiff
State Bar No. 02759500

HERIBERTO RAMOS
Ramos & Associates
917 Franklin, Suite 300
Houston, Texas 77002
State Bar No. 24033102

## CERTIFICATE OF SERVICE

I, **WALTER L. BOYAKI**, do hereby certify that a true and correct copy of the foregoing instrument was forwarded to **JOHN S. LUCE, JR.**, Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, P.O. Box 14271, Washington, D.C. 20044-4271, on this 17th day of April, 2007.

/s/ Walter L. Boyaki
WALTER L. BOYAKI

PAGE 3 OF 3

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>Navy Claims<br>9620 Maryland Ave., Suite 100<br>Norfolk, VA 23511<br>U.S. Coast Guard Claims<br>Coast Guard Island, Bldg 54C<br>Alameda, CA 94501 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br>Francisco Gabriel Yole Arteago<br>Calle 11, Ave. 28<br>Manta, Ecuador |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>10-4-50 | 5. MARITAL STATUS<br>M | 6. DATE AND DAY OF ACCIDENT<br>Oct. 5, 2005 | 7. TIME (A.M. or P.M.)<br>– |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Wrongful search and seizure of vessel, false imprisonment, unlawful detention, false arrest, wrongful search of person, negligently failed to release the claimant, and boat. Violated military regulations and international law. Claim is brought under Suits in Admiralty Act, Public Vessels Act, and incidently under the F.T.C.A.

*RECEIVED FOR REC'D TCU, N OJAG-NAVY*

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

Loss of fish and damage to vessel.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

All causes of action for the above violations including pain and suffering, lost wages, lost business, lost cargo and fish, mental anguish and medical bills.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
| Numerous crew members on USS McClusky | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (In dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| $25,000.00 | $5,000,000.00 | N/A | $5,025,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Francisco [signature]* | 13b. Phone number of signatory | 14. DATE OF CLAIM<br>4 10 06 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109<br>Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

*MLC PAC<br>MAY 1 6 2006<br>CLAIMS BRANCH*

08/11/2006  16:40 FAX  9155665906          MIRANDA & BOYAKI                          002/002

# MIRANDA & BOYAKI
*Attorneys & Counselors-at-Law*

(915) 566-8689
FAX (915) 566-5906

RALPH MIRANDA
WALTER L. BOYAKI

4521 PERSHING DRIVE
EL PASO, TEXAS 79903

JOHN G. MUNDIE
RICARDO D. GONZALEZ

September 11, 2006

Mr. G.D. Owens
Chief, Claims
Pacific JAG Office
Coast Guard Island, Bldg. 54-A
Alameda, CA 94501-5100

M L C   P A C
SEP 1 1 2006
CLAIMS BRANCH

RE:     Ecuadorian claims

Dear Mr. Owen:

At hand is your letter of September 1, 2006.

It would be most helpful if you would forward me the information in your file as how this happened and who is responsible.

As I am sure you know, we have letters from the U.S. Coast Guard which in effect accepts liability and asks for our damages. Do you have those letters? We will be happy to send them.

Our damages are set out in the claims. They are fairly simple. They lost a boat load of fish, they were unable to get back out for three months and our government was kind enough to falsely imprison and illegally search these innocent people for 9 days.

I believe under Adams v. United States, 615 F. 2d 284 (5th Cir. 1980), we have provided your agency with everything we need to. We will file in U.S. District Court shortly as soon as our six months are up (although I do not think the waiting period is required in this case).

It would be helpful if I had more or for that matter any information from your agency. Since my experience with the Navy and the Coast Guard regarding claims is totally negative, why don't you surprise me and make an effort to settle the claim. We will even escort you to Ecuador. It is a beautiful country, and these claimants are very nice people. I am sure they will be most cooperative.

I await your response, if any.

Sincerely,

WALTER L. BOYAKI

WLB:ll

Declaration of R. Scott Blaze, Attachment 5, Page 1 of 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 4-30-88 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See Instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| U.S. Navy Claims 9620 Maryland Ave., Suite 100 Norfolk, VA 23511 U.S. Coast Guard Claims Coast Guard Island, Bldg., 54C Alameda, CA 94501 | Oswaldo Enrique Galarza Tobar Ciudadela El Limonar, Villa D-10 Ave Doming Comin Y Av. de los Almendros Manta, Ecuador |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH | 5. MARITAL STATUS M | 6. DATE AND DAY OF ACCIDENT Oct. 5, 2005 | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

Wrongful search and seizure of vessel. Negligently failed to release the seized vessel. Negligently destroyed cargo, fish and fishing lines. Violated military regulations and international law. Negligently caused claimant's diplomatic/naval credential to be withdrawn.

RECEIVED
APR REC'D
TCU, N
CHAG NAVY

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

Loss of fish and cargo and damage to vessel and claimant's business.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

All causes of action for loss of business and forcing the claimant's vessel into port. Plus all actions for loss of credentials for pending assignment to Washington, D.C.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
| Crew members of USS McClusky. | |

MLC PAO
MAY 16 ...
CLAIMS BRANCH

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| $500,000.00 | $10,000,000.00 | N/A | $10,500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM 4/17/0[] |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-107
Previous editions not usable
NSN 7540-00-634-4046
STANDARD FORM 95 (Rev. 7-85)

Declaration of R. Scott Blaze, Attachment 6, Page 1 of 1