UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSWALDO ENRIQUE TOBAR, et al., | Case No. 07CV817 WQH (WMc) |
| Plaintiffs, | **ORDER DENYING MOTION TO COMPEL** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**I.**

**INTRODUCTION AND PROCEDURAL HISTORY**

This matter was transferred to the Southern District on May 4, 2007. [Doc. No. 1.] The Court held an Early Neutral Evaluation Conference ("ENE") on June 14, 2007. [Doc. No. 5.] Following the ENE, the Court required the Defendant to file its anticipated 12(b)(1) motion no later than August 31, 2007. *Id*. In anticipation of the motion to dismiss for lack of subject matter jurisdiction, the Court did not lift the initial stay of discovery in the case. [Local Civil Rule 16.1(c); Doc. No. 2].

On July 27, 2007, the Court held a telephonic status conference as requested by the parties. [Doc. No. 8.] At the telephonic status conference, the Court denied without prejudice, Plaintiffs' oral motion for discovery to respond to Defendant's anticipated 12(b)(1) motion because said motion had not yet been filed. Defendant filed its motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on August 31, 2007. [Doc. Nos. 10-15.] Plaintiffs

renewed their motion for discovery by filing *ex parte* papers on September 5, 2007. [Doc. No. 16.] The Court held a discovery conference on September 12, 2007. Walter Boyaki appeared for Plaintiffs and R.S. Blaze appeared for Defendant. [Doc. No. 18.] Following the conference, the Court ordered both parties to exchange all documentary evidence and contact information identified in the parties' Rule 26 disclosure lists. The Court also ordered further briefing following the discovery conference, which was to concentrate on two issues: "(a) may Plaintiffs take deposition in order to support their opposition to Defendant's motion to dismiss for lack of subject matter jurisdiction and (b) are depositions needed?" *Id.* at 1:25-27. Plaintiffs filed supplemental briefing on September 26, 2007 and October 2, 2007. [Doc Nos. 20-21.] Defendant filed its supplemental briefing in opposition on October 11, 2007. [Doc. No. 22.]

After careful consideration of remarks made by counsel of record at the September 12, 2007 discovery conference, all supplemental briefing filed and exhibits thereto, the Court **DENIES** Plaintiffs' motion to compel.

## II.
## ARGUMENT

**A. Plaintiffs' Argument**

Plaintiffs contend that Defendant's motion relies on jurisdictional issues which are so intertwined with substantive issues that discovery is needed to oppose facts raised by the motion. [Doc. No. 20 at 4.] Specifically, Plaintiffs contend they require additional information about facts underlying the discretionary function defense and law enforcement defense. *Id.* at 5.

**B. Defendant's Argument**

Defendant reiterates that its motion is not one for summary judgment, but a motion to dismiss for lack of subject matter jurisdiction due to the existence of sovereign immunity. [Doc. No. 22 at 3.] Defendant argues that its motion is based on jurisdictional facts set forth by Plaintiffs in their own complaint and that discovery is immaterial to the jurisdictional arguments presented in its motion to dismiss. *Id.* at 4-6.

## III.

## STANDARDS

A trial Court has jurisdiction to determine its own jurisdiction. *Wells Fargo & Company v. Well Fargo Express Company*, 556 F.2d 406, 430 (9th Cir.1977). Accordingly, a court may allow discovery to aid in determining whether it has subject matter jurisdiction. *Id.* Whether or not to grant such discovery is left to the discretion of the court. *Id.*

## IV.

## DISCUSSION

The Court has reviewed Defendant's underlying motion to dismiss and finds that it is clearly noticed and written as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12 (b)(1). [Doc. Nos. 10-11.][1]

The Court has also reviewed Plaintiffs' request for the deposition of Lt. Commander Ellis [Doc. No. 20 at 6], and finds that such discovery is not necessary to demonstrate facts in opposition to the jurisdictional issues raised in Defendant's 12(b)(1) motion. *Wells Fargo & Company*, 556 F.2d at 430 (9th Cir.1977). In particular, the alleged agreement between the Ecuadorian government and agents of the United States about which Plaintiffs propose deposing Lt. Commander Ellis, is not referenced anywhere in the Defendant's motion. Moreover, Plaintiffs are not prejudiced by a continued stay of discovery until the motion to dismiss is resolved by the District Judge. *Id.* at 430 ("An appellate court will not interfere with the trial court's refusal to grant discovery except upon the clearest showing that . . . . actual and substantial prejudice to the litigant" resulted.) This Court ordered at the September 12, 2007 discovery conference that each party had to produce and exchange the actual documents identified in their Rule 26 disclosure lists. Plaintiffs have confirmed in its supplemental letter brief of October 2, 2007 that the government has complied with the Court's order. From the numerous exhibits submitted by Plaintiffs in support of their motion to compel, it is clear that Plaintiffs have ample material with which to oppose Defendant's motion to dismiss.

///

---

[1] The Court notes that the issue of whether subject matter jurisdiction exists is not an issue for this Court, but an issue to be determined by the district judge assigned to this matter, the Honorable William Q. Hayes.

## V.

## CONCLUSION

For the reasons stated herein, the Court **DENIES** Plaintiffs' motion to compel.

**IT IS SO ORDERED.**

DATED: November 7, 2007

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

COPY TO:

HONORABLE WILLIAM Q. HAYES, U.S. DISTRICT JUDGE
ALL PARTIES AND COUNSEL OF RECORD