# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSWALDO ENRIQUE TOBAR, et al., | CASE NO. 07cv817 WQH (WMc) |
| Plaintiffs, | **ORDER** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed by the United States. (Doc. # 10).

## **Background**

On May 4, 2007, Plaintiffs[1] filed a Complaint against the United States in the Southern District of Texas. (Doc. # 1). The Complaint alleges that Plaintiffs are residents of Ecuador. *Complaint,* p. 2. The Complaint alleges that on October 5, 2005, in international waters off the coast of Ecuador, the United States Coast Guard Law

---

[1] The named Plaintiffs are: Oswaldo Enrique Tobar, Francisco Gabriel Yole Arteago, Fausto Lupercio Arias Castaneda, Frabricio Bayron Cedeno, Joffre Johnny Cedeno, Lindon Cleofe Cedeno, Ramon Eliades Ramon Velez Cedeno, Daniel David Quimi Chalen, Pablo Eduardo Lucas Conforme, Ramon Eduardo Pilligua Conforme, Ciro Mariano Lopez Mero, Pedro Manuel Lopez Mero, Jose Eduardo Lucas Mero, Luis Antonio Penafiel Mero, Pedro Jose Reyes Mero, Telmo Arcadio Chica Obando, Luis Miguel Cedeno Pico, Jaime Gustavo Palma Pinargote, Yardy Klever Flores Segovia, Pacho Hernandez Solorzano, Carlos Wilfrido Veliz Velez, Jose Luis Zambrano Zambrano, Carlos Orlando Velez Zambrano, Rosa Carmelina Zambrano Lucas, Junior Ivan Pico Alava, Segundo Matias Zambrano Alonzo.

1  Enforcement Detachment ("Coast Guard"), which is owned and operated by the United
2  States, unlawfully and negligently "stopped, searched, arrested, detained and imprisoned
3  the Plaintiffs, seized the boat [and] destroyed the cargo and fish owned by Plaintiffs." *Id.*
4  The Complaint alleges that this incident arose out of suspicion that Plaintiffs were
5  possessing and smuggling drugs. *Id.* The Complaint alleges that the Coast Guard acted
6  carelessly, recklessly, negligently, or intentionally during the incident, and caused injury to
7  Plaintiffs and their vessel. *Id.* at 3.

8  The Complaint alleges that this action "arises in part" under the Federal Tort Claims
9  Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2661, *et seq.,* the Suits in Admiralty Act
10 ("SAA"), 46 U.S.C. §§ 30901-30918, and the Public Vessels Act ("PVA"), 46 U.S.C. §§
11 31101-31113. The Complaint also alleges that the Coast Guard's conduct violated
12 "international law," "treaty obligations with Ecuador," and Plaintiffs' rights as protected by
13 the United States Constitution. *Complaint,* p. 3-4.

14 On May 4, 2007, the case was transferred from the Southern District of Texas to the
15 Southern District of California. (Doc. # 1).

16 On August 31, 2007, the United States filed a Motion to Dismiss for Lack of Subject
17 Matter Jurisdiction ("Motion to Dismiss"), pursuant to Rule 12(b)(1) of the Federal Rules
18 of Civil Procedure. (Doc. # 10). The United States moves the Court to dismiss this action
19 with prejudice for lack of subject matter jurisdiction on grounds that there has been no
20 waiver of its sovereign immunity under the FTCA, SAA or PVA, and Plaintiffs have failed
21 to establish any other basis for subject matter jurisdiction.

22 On September 5, 2007, Plaintiffs filed a Motion to Compel Discovery (Doc. # 16),
23 which asserted the need for additional discovery in order to oppose the Motion to Dismiss.
24 On November 7, 2007, United States Magistrate Judge McCurine issued an Order Denying
25 the Motion to Compel, concluding that discovery was not necessary for Plaintiffs to oppose
26 facts set out in the Motion to Dismiss. (Doc. # 24).

27 On November 13, 2007, Plaintiffs filed a Response in Opposition to the Motion to
28 Dismiss. (Doc. # 25). Plaintiffs oppose the Motion to Dismiss on grounds that sovereign

1  immunity has been waived pursuant to the SAA, that the Complaint alleges violations of
2  Plaintiffs' rights as protected by the United States Constitution and international law, and
3  that Plaintiffs are entitled to discovery.
4        On November 26, 2007, the United States filed a Reply to the Motion to Dismiss.
5  (Doc. # 26).

## Standard of Review

7        Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move
8  for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R.
9  Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter
10 jurisdiction over an action. *Assoc. of Medical Colleges v. United States,* 217 F.3d 770,
11 778-779 (9th Cir. 2000). In resolving an attack on a court's jurisdiction, the court may go
12 outside the pleadings and consider evidence beyond the complaint relating to jurisdiction
13 without converting the motion to dismiss into a motion for summary judgment. *Safe Air*
14 *For Everyone v. Doyle,* 373 F.3d 1035, 1039 (9th Cir. 2004).

## Discussion

**I.    Plaintiff's Discovery Request**

17       Plaintiffs contend that the Court should deny the Motion to Dismiss and allow
18 discovery because the Motion to Dismiss relies on jurisdictional issues which are so
19 intertwined with substantive issues that discovery is needed to "find out exactly what the
20 agreement was between the agents of the United States and the Ecuadorian government;
21 and what effect the violation of the Coast Guard's regulations and agreement with the
22 Ecuadorian government had on the so-called discretionary function defense, or law
23 enforcement defense." *Response,* p. 9.
24       The United States contends that the portion of Plaintiffs' Response in Opposition to
25 the Motion to Dismiss which addresses discovery is irrelevant to the Motion to Dismiss,
26 and "for the most part [is] a verbatim repetition of plaintiffs' supplemental brief in support
27 of the motion to compel, which was denied by Magistrate Judge McCurine." *Reply,* p. 3.
28       On November 7, 2007, Magistrate Judge McCurine issued an Order Denying
Plaintiffs' Motion to Compel Discovery. (Doc. # 24). The Magistrate Judge concluded

1 that the discovery requested by Plaintiffs "is not necessary to demonstrate facts in
2 opposition to the jurisdictional issues raised in [the ] 12(b)(1) motion" and that the Motion
3 to Dismiss "is clearly noticed and written as a motion to dismiss for lack of subject matter
4 jurisdiction," not a motion for summary judgment. *Id.* at 3.

5 Plaintiffs' Response in Opposition to the Motion to Dismiss restates the arguments
6 made in Plaintiffs' Supplemental Brief in Support of the Motion to Compel (Doc. # 21),
7 which the Magistrate Judge rejected. (Doc. # 24). The Court agrees with the Magistrate
8 Judge that discovery is not necessary to demonstrate facts in opposition to the Motion to
9 Dismiss. The Court concludes that Plaintiffs are not entitled to discovery to oppose facts
10 set out in the Motion to Dismiss.

11 **II.    Subject Matter Jurisdiction under the Federal Tort Claims Act, Suits in**
12 **Admiralty Act and Public Vessels Act**

13 The United States, as a sovereign, is immune from suit. *United States v. Mitchell,*
14 445 U.S. 535, 538 (1980). A federal district court only has subject matter jurisdiction over
15 a suit against the United States when sovereign immunity has been waived. *Argentine*
16 *Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 435 (1989). "It is axiomatic that
17 Congressional waiver of sovereign immunity is a prerequisite to any suit brought against
18 the United States." *Roberts v. United States,* 498 F.2d 520, 525 (9th Cir. 1974). A waiver
19 of sovereign immunity as contained in any statute "will be strictly construed, in terms of its
20 scope, in favor of the sovereign." *Lane v. Pena,* 518 U.S. 187, 192 (1996).

21 A.    <u>Subject Matter Jurisdiction under the Federal Tort Claims Act</u>

22 The United States contends that the FTCA generally waives sovereign immunity for
23 tort claims against the United States in federal court, but excepts from its general waiver of
24 sovereign immunity claims cognizable in admiralty. The United States contends that the
25 FTCA does not provide subject matter jurisdiction over this action because Plaintiffs'
26 claims "sound solely in admiralty." *Mot. to Dismiss,* p. 4. The United States also contends
27 that even if the FTCA applied to this action, its sovereign immunity would still be retained
28 because the discretionary function and foreign country exceptions to the FTCA's waiver of
sovereign immunity apply.

Plaintiffs appear to agree that this action is cognizable in admiralty and that the FTCA does not apply, stating that the FTCA "despite being supplanted in maritime claims, still is used for guidance since the scope of tort liability within the jurisdiction of admiralty includes actions based on negligence, claims for damage to vessels or cargo, claims for personal injuries on navigable waters, etc." *Response,* p. 4.

The FTCA generally waives the United States' sovereign immunity for its torts to the same extent a private actor would be liable. 28 U.S.C. §§ 1346(b), 2680(b). However, actions within the admiralty jurisdiction of the federal courts are explicitly excluded from the FTCA. *Id.* "Although the FTCA usually provides the waiver in tort actions, the FTCA is inapplicable where an admiralty claim exists." *Williams v. United States,* 711 F.2d 893 (9th Cir. 1983). A tort claim falls within the admiralty jurisdiction of the federal courts if (1) the tort occurs on or over navigable waters (the "locality" or "situs" test), and (2) the actions giving rise to the tort claim "bear a significant relationship to traditional maritime activity" (the "nexus" or "relationship" test). *Taghadomi v. United States,* 401 F.3d 1080, 1084 (9th Cir. 2005).

Plaintiffs do not dispute that the events giving rise to their claims occurred on navigable waters and bear a significant relationship to traditional maritime activity. The "locality" or "situs" test is satisfied because Plaintiffs' claims derive from the boarding, search and seizure of Plaintiffs' vessel in navigable waters off the coast of Ecuador. *See Taghadomi,* 401 F.3d at 1084. The "nexus" or "relationship" test is satisfied because all of the claims alleged in the Complaint derive from Coast Guard operations of stopping, boarding, searching and seizing Plaintiffs' vessel. *See Kelly v. United States,* 531 F.2d 1144, 1148 (2d Cir. 1976) (holding that operations of the Coast Guard bear a significant relationship to traditional maritime activity). The Court concludes that Plaintiffs have failed to meet their burden of establishing subject matter jurisdiction under the FTCA because this action falls within the admiralty jurisdiction of the federal courts.

  B.  <u>Subject Matter Jurisdiction under the Suits in Admiralty Act</u>

The United States contends that the SAA generally waives sovereign immunity in admiralty actions, but that the discretionary function exception retains sovereign immunity

for conduct that involves an element of choice and is grounded in policy considerations. The United States contends that the SAA does not provide a basis for subject matter jurisdiction in this action because the discretionary function applies.

Plaintiffs contend that the discretionary function exception does not apply to this action because the Coast Guard's acts involved the implementation of clear Coast Guard mandates under objective criteria and were not grounded in social, economic or political policy considerations.

The SAA provides that "[i]n a case in which, if a vessel were privately owned or operated, or if cargo were privately owned or possessed, or if a private person or property were involved, a civil action in admiralty could be maintained, a civil action in personam may be brought against the United States or a federally-owned corporation." 46 U.S.C. § 30903. However, a well-recognized exception to the SAA's general waiver of the sovereign immunity is the "discretionary function" exception. *Earles v. United States,* 935 F.2d 1028, 1032 (9th Cir. 1991). The Supreme Court has articulated two factors (the "*Gaubert* factors") for courts to consider when determining whether the discretionary function exception applies to a particular case: (1) whether the nature of the challenged conduct involved "an element of judgment or choice," and (2) whether "social, economic or political policy" considerations are implicated. *United States v. Gaubert,* 499 U.S. 315, 322-23 (1991); *see also Berkovitz v. United States,* 486 U.S. 531, 536-37 (1988).

In *Mid-South Holding Company, Inc. v. United States,* 225 F.3d 1201 (11th Cir. 2000), the Eleventh Circuit addressed "whether the 'discretionary function' exception to the waiver of the sovereign immunity found in the [SAA] precludes a claim arising out of the allegedly negligent performance of a search of a vessel by the [Coast Guard]." The Eleventh Circuit noted 14 U.S.C. § 89(a) grants the Coast Guard authority to "make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction for the prevention, detection, and suppression of violations of the law of the United States [and] at any time go on board of any vessel . . . and examine, inspect and search the vessel and use all necessary force to compel compliance." 14 U.S.C. § 89(a). The court concluded that the Coast Guard's law

enforcement authority, articulated in 14 U.S.C. § 89(a), leaves the Coast Guard "a great deal of discretion . . . in deciding which vessels to board and search, thus satisfying the first prong of the *Gaubert* analysis." *Id.* at 1205-1206. The court went on to state that "the on-site decisions of the [government] agents concerning the manner in which to search the vessel also fall within the scope of the discretionary function exception . . . [b]ecause no statute or corresponding regulation prescribes the methodology for boarding or searching a vessel." *Id.* at 1206-1207. The court concluded that the second *Gaubert* factor was satisfied because "the decision to board and search a vessel is the product of the balancing of various compelling policy considerations." *Id.* at 1205-06, fn. 6; *see also B&F Trawlers, Inc. v. United States,* 841 F.2d 626, 631 (5th Cir. 1988) (holding that "the discretionary function exception in principle shields from tort liability the Coast Guard's apprehension and transportation of drug-running vessels").

Plaintiffs allege that the Coast Guard unlawfully stopped, searched and seized Plaintiffs' vessel suspected of drug smuggling. To support the contention that this allegedly unlawful conduct was discretionary, the United States submitted the Declaration of Brad J. Kieserman, the Chief of Operations Law at U.S. Coast Guard Headquarters, who attests that "[a]t all times, the Coast Guard is operating under its authority in 14 U.S.C. § 89 whenever it conducts maritime law enforcement," and that "the decision to conduct a boarding, the personnel who shall comprise the boarding team, and the manner of conducting the boarding is always left to the discretion of the on-scene Commander or Officer in Charge and Boarding Officer." *Kieserman Decl.* ¶¶ 8, 11. The first *Gaubert* factor is satisfied because the only evidence in the record demonstrates that the decision to stop, board, search and seize suspected drug smuggling vessels and the manner in which government agents conduct such activity is discretionary. *See* 14 U.S.C. § 89(a); *Mid-South Holding Co.,* 225 F.3d at 1205; *Kieserman Decl.* ¶¶ 8, 11. The second *Gaubert* factor is satisfied because the challenged conduct implicates "social, economic or political policy considerations" in light of Congress' declaration that "trafficking in controlled substances aboard vessels is a serious international problem and universally condemned" and that "such trafficking presents a specific threat to the security and societal well-being

1 of the United States." *See B&F Trawlers, Inc.,* 841 F.2d at 631 (quoting 46 U.S.C. §
2 1902). The Court concludes Plaintiffs have failed to establish subject matter jurisdiction
3 under the SAA because the discretionary function exception applies, retaining sovereign
4 immunity.

   C.  <u>Subject Matter Jurisdiction under the Public Vessels Act</u>

6   The United States contends there is no waiver of sovereign immunity under PVA
7 because Plaintiffs have not satisfied their burden of demonstrating "that a similar action in
8 plaintiffs' national courts (Ecuador) would be allowed if a United States national were the
9 plaintiff there." *Mot. to Dismiss,* p. 23. The United States contends that the PVA does not
10 provide subject matter jurisdiction because Plaintiffs have failed to demonstrate reciprocity,
11 which is a jurisdictional prerequisite to the waiver of sovereign immunity under the PVA.

12   The Complaint and the Response in Opposition to the Motion to Dismiss generally
13 assert that this action arises pursuant to the PVA, but neither address reciprocity.

14   The PVA waives sovereign immunity in admiralty actions for "damages caused by
15 a public vessel of the United States." 46 U.S.C. App. § 781. Pursuant to the "reciprocity"
16 provision of the PVA, nationals of a foreign country "may not maintain a civil action under
17 this chapter . . . unless it appears to the satisfaction of the court in which the action is
18 brought that the government of that country, in similar circumstances, allows nationals of
19 the United States to sue in its courts." 46 U.S.C. § 31111; *see also United States v. United*
20 *Continental Tuna,* 560 F.2d 569 (9th Cir. 1977). The plaintiff must demonstrate
21 reciprocity, which is required for sovereign immunity to be waived under the PVA. *United*
22 *States v. United Continental Tuna Corp.,* 425 U.S. 164 (1976).

23   Plaintiffs have failed to demonstrate reciprocity because they make no assertion in
24 the Complaint or Response in Opposition to the Motion to Dismiss that the government of
25 Ecuador would allow United States nationals to sue in its courts under similar
26 circumstances. In failing to address reciprocity, Plaintiffs have failed to satisfy the
27 jurisdictional prerequisite to the waiver of sovereign immunity under the PVA. *See United*
28 *Continental Tuna Corp.,* 425 U.S. at 164. The Court concludes that Plaintiffs have failed to
establish subject matter jurisdiction under the PVA because there is no waiver of sovereign

1 immunity under the PVA.

## III. Subject Matter Jurisdiction under the United States Constitution or International Law

The United States contends that Plaintiffs have failed to establish subject matter jurisdiction under the United States Constitution because "neither the Constitution nor the laws passed in pursuance of it have any force in foreign territory unless in respect of our own citizens," Plaintiffs "admit they are all citizens of Equador, not the United States," and there "is no allegation that plaintiffs have any connection with the United States at all, either geographically or legally." *Mot. to Dismiss,* p. 23-24 (quoting *United States v. Curtiss-Wright Export Corp.,* 299 U.S. 304, 318 (1936)). The United States contends that Plaintiffs have failed to establish subject matter jurisdiction under international law because they "neither identify any tenet of customary international law, or any treaty or bilateral agreement which may have been abridged, much less provide a basis for jurisdiction." *Mot. to Dismiss,* p. 24.

Plaintiffs respond that "[h]ere we have the Ecuadorian fisherman subjected to nine days at sea and then they were detained again on shore. The U.S. Constitution may not apply four hundred miles out in the Pacific ocean, but international law and human decency should still prevail despite the illusions of the U.S. Coast Guard." *Response,* p. 24.

"Neither the Constitution nor the laws passed in pursuance of it have any force in foreign territory unless in respect of our own citizens . . . and operation of the nation in such territory must be governed by treaties, international understandings and compacts, and the principles of international law." *United States v. Curtiss-Wright Export Corp.,* 299 U.S. 304, 318 (1936). Absent authorizing legislation, "an individual has access to courts for enforcement of a treaty's provisions only when the treaty is self-executing, that is, when it expressly or impliedly provides a private right of action." *Tel-Oren v. Libyan Arab Republic*, 726 F.2d 774, 808 (D.C. Cir. 1984) (citing *Head Money Cases,* 112 U.S. 580, 598-99 (1884).

The Complaint alleges that the Coast Guard's conduct violated Plaintiffs rights as protected by various amendments of the United States Constitution. Plaintiffs, however, do

1 not assert that they are citizens of the United States, that their Constitutional claims arose in
2 the United States, or that they otherwise have any connection with the United States that
3 would grant them standing to sue under the United States Constitution in federal court. The
4 Court concludes that Plaintiffs have failed to demonstrate subject matter jurisdiction under
5 the United States Constitution. *See Curtiss-Wright Export Corp.,* 299 U.S. at 318.

6       The Complaint also alleges that the Coast Guard's conduct violated "treaty
7 obligations with Equador" and "violated international law by boarding and seizing a
8 foreign flagged vessel in international waters." *Complaint,* p. 3. Plaintiffs, however, fail to
9 identify any specific treaty or tenet of international law under which they are suing. The
10 Court concludes that Plaintiffs' general allegations that the United States violated a treaty
11 with Ecuador and international law are insufficient to satisfy their burden of demonstrating
12 the Court has subject matter jurisdiction under international law.

### Conclusion

14       The Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 10) filed by
15 the United States is **GRANTED.** The Complaint is **DISMISSED with leave to amend.** If
16 Plaintiffs wish to amend the Complaint, they must file and serve a First Amended
17 Complaint within thirty (30) days of the date of this Order.

18 DATED: January 15, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge