WALTER L. BOYAKI
Attorney at Law
4621 Pershing Dr.
El Paso, Texas 79903
Tel.: (915) 566-8688
Fax : (915) 566-5906
E-mail: wboyaki@aol.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OSWALDO ENRIQUE TOBAR, ET AL, | )( | Civil No. 07-CV-00817-WQH-WMC |
| | )( | |
| Plaintiffs, | )( | PLAINTIFFS' FIRST AMENDED COMPLAINT |
| | )( | |
| v. | )( | |
| | )( | |
| UNITED STATES OF AMERICA, | )( | |
| | )( | |
| Defendant. | )( | |
| _____ | )( | |

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, OSWALDO ENRIQUE TOBAR, ROSA CARMELINA ZAMBRANO LUCAS, JUNIOR IVAN PICO ALAVA, SEGUNDO MATIAS ZAMBRANO ALONZO, FRANCISCO GABRIEL YOLE ARTEAGO, FAUSTO LUPERCIO ARIAS CASTANEDA, FRABRICIO BAYRON CEDENO, JOFFRE JOHNNY CEDENO CEDENO, LINDON CLEOFE CEDENO CEDENO, RAMON ELIADES RAMON VELEZ CEDENO, DANIEL DAVID QUIMI CHALEN, PABLO EDUARDO LUCAS CONFORME, RAMON EDUARDO PILLIGUA CONFORME, CIRO MARIANO LOPEZ MERO, PEDRO MANUEL LOPEZ MERO, JOSE EDUARDO LUCAS MERO, LUIS ANTONIO PENAFIEL MERO, PEDRO JOSE REYES MERO,TELMO ARCADIO CHICA OBANDO, LUIS MIGUEL CEDENO PICO, JAIME GUSTAVO PALMA PINARGOTE, YARDY KLEVER FLORES SEGOVIA, PACHO HERNANDEZ SOLORZANO, CARLOS WILFRIDO VELIZ VELEZ, CARLOS ORLANDO VELEZ ZAMBRANO, JOSE LUIS ZAMBRANO,

ZAMBRANO, hereinafter called Plaintiffs, complaining of the UNITED STATES OF AMERICA, hereinafter referred to as Defendant, and would respectfully show the Court the following:

**I.**

This court has jurisdiction over this case under the following statutes and treaties:

1. Suits in Admiralty Act, 42 U.S.C.§741 et. seq., for violations by the U.S. Coast Guard of their own regulations and for violations of non-discretionary functions.

2. Public Vessels Act, 46 U.S.C. §781 et. seq., and specifically 46 U.S.C. §31111 for violations of the act which under similar circumstances would have allowed Americans to bring a civil action in Ecuador, a country which by Article 13, 17 and 23 of the Ecuadorian Constitution has courts open to any wronged person. Reciprocity of the actions exists under the law of each state for foreign nationals and waives sovereign immunity of the United States, if any, under the Public Vessels Act.

3. A mutual treaty signed by the United States and Ecuador under the United Nations Convention on the Law of the Sea which specifies that each country shall bear the responsibility for any loss or damage caused by their actions in suppressing illicit drug traffic by interfering with innocent passage or for wrongfully boarding vessels.

4. The Alien Tort Act, 28 U.S.C. §1350, where the U.S. District Court has original jurisdiction of any civil action by an alien for a tort committed in violation of the law of nations or a treaty of the United States.

5. A specific mutual treaty between Ecuador and the United States for use of the Ecuadorian Air Force base facilities at Manta, Ecuador by the U.S. Coast Guard to facilitate drug interdiction, signed by each country November 12, 1999, and still in effect, whereby the United States agrees to be liable for losses and damages that its actions caused in case no illicit drugs were found (like here).

6. Under the International Convenant on Civil Political Rights (the International Bill of Rights), a treaty signed by both countries to remedy conduct which resulted in illegal detention, cruel or in human treatment.

**II.**

Plaintiffs reside in the country of Ecuador. The Defendant owns and operates a U.S. Coast Guard and U.S. Navy facility in San Diego, California.

**III.**

On or about October 5, 2005 in international waters off the Galapagos Islands in the Pacific Ocean the agents of the Defendant unlawfully and negligently, stopped, searched, arrested, detained and imprisoned the Plaintiffs, seized the boat, destroyed the cargo and fish owned by Plaintiffs ROSA CARMELINA ZAMBRANO LUCAS, and OSWALDO ENRIQUE TOBAR, for allegedly smuggling and possessing illegal drugs.

**IV.**

At all times herein mentioned, the acts of commission or omission of agents of the Defendant were on behalf of the Defendant and were in the course and scope of their employment or agency or such that their actions were intentional as law enforcement officials as defined by 28 U.S.C. Section 2680 (h). The Government agents or employees that were responsible for the damages done to Plaintiffs would be liable just as if they were private persons. No charges were ever subsequently brought against any Plaintiff. Defendant in fact, apologized to the Plaintiffs for the actions of the agents.

**V.**

The agents of the Defendant were careless, reckless and negligent in this case or alternatively their acts were intentional in that they:

1. Arrested and detained the Plaintiffs for no reason for over 99 days.

2. Failed to ascertain that Plaintiffs were not drug dealers and/or smugglers.

3. Arrested the Plaintiffs without probable cause.

4. Falsely imprisoned the Plaintiffs for no reason despite Plaintiffs' protestations.

5. Failed to release the Plaintiffs and their vessel when it became known they were not drug smugglers and did not possess any illegal substances.

6. Violated the Plaintiffs' international legal rights and law of the sea.

7. Violated international law by boarding and seizing a foreign flagged vessel in international waters.

8. Committed various and numerous assaults on Plaintiffs persons during their imprisonment.

9. Wrongfully seized and kept the vessel owned by Plaintiffs ROSA CARMELINA ZAMBRANO LUCAS and OSWALDO ENRIQUE TOBAR.

10. Violated right of privacy of all the Plaintiffs.

11. Destroyed the personal property of the Plaintiffs without probable cause.

12. Held the Plaintiffs as prisoners under armed guard.

13. Violated specific treaty obligations with Ecuador.

## VI.

As a direct and proximate result of one or more of the foregoing acts or omissions on the part of the agents of the Defendant, done in the course and scope of their job the Plaintiffs were permanently injured, damaged and infringed upon, all of which will affect them for the remainder of their natural lives.

## VII.

Further, as a direct and proximate result of said acts of commission or omission on the part of Defendant's agents or employees, the Plaintiffs have suffered the following injuries:

1. All the Plaintiffs were imprisoned in a most hostile environment.

2. All the Plaintiffs have suffered severe humiliation;

3. All the Plaintiffs have suffered physical and mental pain and suffering and will continue to do so in the future;

4. All the Plaintiffs have suffered extreme anxiety and depression and will continue to do so in the future;

5. ROSA CARMELINA ZAMBRANO LUCAS, COMMANDER OSWALDO ENRIQUE TOBAR had their personal property destroyed.

6. They have sustained property damage to the vessel and loss of their catch of fish in the amount of $500,000.00.

7. They have lost the use of the vessel.

8. They suffered public ridicule.

By reason of all the foregoing, the Plaintiffs have been damaged in the sum of $5,025,000.00.

## VII.

On April 18, 2006 Plaintiffs filed a claim for injuries with the United States Navy and Coast Guard. Six months have passed without any action taken by the Defendant on the claim. This is tantamount to denial of the claim.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited and served to appear and answer herein, and that upon final trial of this cause, Plaintiffs have judgment against the Defendant in the sum of $5,025,000.00 and for such other and further relief, both general and special, at law and in equity, to which the Plaintiffs are justly entitled.

Respectfully submitted,

**MIRANDA & BOYAKI**
Attorneys at Law
4621 Pershing Drive
El Paso, Texas  79903
Tel.:  (915) 566-8688
Fax :  (915) 566-5906

By:    /s/ Walter L. Boyaki
**WALTER L. BOYAKI**
State Bar No. 14665300
E-mail: wboyaki@aol.com

## CERTIFICATE OF SERVICE

      I, **WALTER L. BOYAKI**, do hereby certify that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to **R. MICHAEL UNDERHILL**, Attorney in Charge, **R. SCOTT BLAZE**, Senior Admiralty Counsel**,** Torts Branch, Civil Division, U.S. Department of Justice, 7th Floor Federal Bldg., Room 7-5395, 450 Golden Gate Ave., San Francisco, CA 94102-3463, on this 5th day of February, 2008.

                                                     /s/ Walter L. Boyaki
                                              **WALTER L. BOYAKI**