# MIRANDA & BOYAKI

*Attorneys & Counselors-at-Law*

(915) 566-8688
FAX (915) 566-5906

RALPH MIRANDA
WALTER L. BOYAKI

JOHN G. MUNDIE
RICARDO D. GONZALEZ

June 20, 2008

4621 PERSHING DRIVE
EL PASO, TEXAS 79903

Honorable William McCurine, Jr.
U.S. Magistrate Judge
U.S. Courthouse
940 Front St., Courtroom C
San Diego, California 92101

RE:   *Tobar, et al v. U.S.A.*,
      No. 07-CV-00817-WQH-WMC

Dear Judge McCurine:

This letter is in reply to the government's request to again stay discovery and is timely sent to you as per your orders.

Briefly, the Government is continuing its pattern of obstructing discovery. To reiterate:

1. Original Government counsel filed an answer to Plaintiffs' petition and agreed to answer discovery, asked for an extension and then current counsel sought to stay discovery. (See Ex. 1)

2. You ordered Government counsel to provide the paperwork on the initial disclosures since government counsel failed to do so.

3. Judge Hayes allowed Plaintiffs to replead their case in an order dated January 15, 2008, which is attached as Exhibit 2.

4. Plaintiffs repled their complaint following closely Judge Hayes' orders. (See Ex. 3)

5. The Government answered with its now third answer on February 19, 2008. (See Ex. 4)

6. The Government did not file another Rule 12(b) motion until June 5, 2008 some 15 months after their first answer and four months after their second answer was filed.

7. The Government waited until Judge Hayes and this court sent Rule 26 discovery documents before filing its Rule 12(b) motion.

8. The Rule 12(b) motion is virtually a carbon copy of the prior motion. Rather than ask for a rehearing on Judge Hayes' order, counsel sat and waited to file a new motion.

9. The motion to stay discovery is made again under false pretext and again attempts to hide the ball.

### Argument and Authorities

### I.

Rule 12, F.R.C.P. and the 9th Circuit Court of Appeals are in sync with the filing of Rule 12(b) motions. Rule 12(b) states, quite clearly, that a motion asserting a defense of a claim, including subject matter jurisdiction and failure to state a claim, must be made before pleading if a responsive pleading is allowed.

The case law follows the rule in that once an answer is filed Rule 12(b) motions are untimely and that answer is an absolute bar to a motion making any of the enumerated 12(b) defenses. *Orange Theater Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3RD Cir. 1944), cert. denied 322 U.S. 740 64 S. Ct. 1057, 88 L. Ed. 1573); *Broad Cast Employers v. International Brotherhood of Teamsters*, 419 F. Supp. 263 (E.D. Pa. 1976); *Vossarda Kis v. Parish*, 36 F. Supp. 1002 (S.D. N.Y. 1941); and *Kadylak v. O'Brien*, 32 F.Supp. 28 (W.D. Pa 1940) also followed more recently and some in this circuit by *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980); *Philippine Airlines, Inc. v. National Mediation Bd.*, 430 F.Supp. 426 (D.C. Cal. 1977); *Youngblood v. Bender*, 104 F.Supp. 2d 618 (E.D. La. 2000); *Xerox Corp. v Apple Computer*, 734 F.Supp. 1542 (N.D. Cal. 1990).

### II.

Further in *Skrtich v. Thornton*, 280 F.3d 1295 (11th Cir. 2002), a case similar to the one now before the court, Defendants who abuse the pretrial process by presenting an <u>untimely defense</u> of qualified immunity to stall, may waive their right to raise the defense at the pretrial stage. In *Skrtich v. Thornton*, the defense answered months before filing a motion to dismiss for a qualified immunity, but the court noted that if a complaint is deficient, it is now too late in the lawsuit to correct or amplify allegations which would then only necessitate more motions and amended answers. To quote the court *supra* at page 1307:

> "Although generally a defendant is disadvantaged when the issue of qualified immunity is not resolved expeditiously, delay may work to the disadvantage of the Plaintiff as well. Witnesses may become unavailable, memories may fade, attorneys fees and cost accumulate, and a deserving Plaintiffs' recovery may be delayed." <u>see also</u> *Apostal v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) and *Guzman-Rivera v. Rivera-Cruz*, 98 F.3d 664 (1st Cir. 1996).

This is exactly the rationale for going forward with discovery in this case. The Defendant has no basis in fact or in law to further delay depositions and discovery.

### III.

At best, the Defendant can request its motion be treated as a motion for a judgment on the pleadings under Rule 12( c), F.R.C.P., see *Mulhall v. District of Columbia*, 747 F.Supp.15 (D.D.C. 1990); *Aldabe v. Aldabe, supra* at 1093; *Youngblood v. Bender*, 104 F.Supp. 2d 618 (E.D. La. 2000).

The problem for the Defense is that they did not file a Rule 12 ( c) motion which is their only available remedy other than summary judgment. A Rule 12( c) motion would not preclude discovery and is not before the court.

### IV.

Meanwhile Defendant continues to dribble out vital information to the Plaintiffs but only as exhibits to its motions. This Honorable Court previously required the Defense to provide initial disclosures and documents. Curiously, the "agreement" between the United States and Ecuador was not provided before. Behold, in the government's its new Rule 12(b)(1) motion, the "agreement" has materialized. (See attached Ex. 5).

In the agreement, Article XIX clearly waives sovereign immunity and agrees to pay third party claims. This is obviously what the Coast Guard wrote when it also agreed to pay damages. (See Ex. 6).

It is a bit disingenuous to tell this Court now, after all this time, that the United States has no agreement to pay anything. This is in accord with the government accepting responsibility for abusing civilians in a foreign country as in *Couzado v. U.S.A.*, 105 F.3d 1389 (11th Cir. 1997). If the Plaintiffs get the opportunity to conduct discovery, counsel assures the Court, we will get <u>all</u> the information, all the agreements and all the facts, not just some self-serving affidavits prepared by the Defendant.

### V.

In its answers the government recognizes that this Court has jurisdiction to hear this case under the Suits in Admiralty Act, 46 U.S.C.§30901 - 30918 and the Public Vessels Act, 46 U.S.C.§31101, et seq.

The government seems to base its defense to any and all of the Plaintiffs' pleadings on sovereign immunity. The difficulty with that position is Judge Hayes essentially took that defense away when he allowed Plaintiffs to replead. Plaintiffs can prove this case.

The Plaintiffs' complaint (it is only a pleadings  and is not required to be more) pleads various waivers of sovereign immunity. For example, the "agreement" with Equador has a

specific provision for claims which could easily be interpreted as a waiver of immunity. Likewise, Ecuador's courts are reciprocal and open to all (see Ex. 6) as required by the Public Vessels Act for jurisdiction and is specifically pled in the complaint.

The Plaintiffs need to be given a chance to obtain further discovery, prove-up more facts to substantiate a waiver of sovereign immunity and go forward to trial.

### Summary

Fundamentally, the Defendant, by filing an answer, waived all its potential ground for a Rule 12(b) motion. It can resurrect the motion under 12(b) only by filing a Rule 12( c) motion or a Rule 56 motion for summary judgment. There are no other procedural ways to go. However, discovery cannot be stayed on the premise that somebody, somewhere will file the correct motion.

The Plaintiffs have been forced to oppose all of the motions filed by the Defendant and in the process opposing numerous exhibits, sworn statements, agreements and facts that only the Defendant has in its possession. This is turning the rules of discovery on their head. Defendant has had written discovery propounded to them since April 2007 which remain unanswered.

Under Rule 26(b), F.R.C.P., the parties may obtain discovery which is relevant to the subject matter involved in the action, whether it relates to the claim or defense. It is not limited to two and three (count them) affidavits of the same defense witnesses as well as numerous other affidavits of other witnesses. It would be easier, better, cheaper, faster and way more efficient to simply depose Brad Kieserman and Lawrence Ellis rather than accepting a self-serving affidavit created by the Defendant's counsel.

Plaintiffs have filed a Rule 12(f), F.R.C.P., motion to strike the Defendant's latest motion. We cite basically the same rules and cases as set out above.

Thank you for your attention. We will see you next week.

Sincerely,

WALTER L. BOYAKI

WLB:ll

Enclosure

P.S.   Judge, Plaintiffs' counsel is involved in the exact same scenario in a case titled *Rosenfeld v. 20th Century Fox, et al* filed in the Central District, No CV07-7040. Judge Anderson denied the Rule 12(b) motion as waived and told counsel to file

4

a 12( c) motion. I would like to tell you I thought of all this, but I really did not. I just sat and said "what a good idea."