UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSWALDO ENRIQUE TOBAR, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 07CV817 WQH (WMc)<br><br>**ORDER GRANTING MOTION TO CONTINUE STAY ON DISCOVERY** |

**I.**

**INTRODUCTION AND PROCEDURAL HISTORY**

This matter was transferred to the Southern District on May 4, 2007. [Doc. No. 1.] The Court held an Early Neutral Evaluation Conference ("ENE") on June 14, 2007. [Doc. No. 5.] At the ENE, defense counsel indicated that Defendant planned to file a motion to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction. Following the ENE, the Court, therefore, ordered Defendant to file its anticipated 12(b)(1) motion no later than August 31, 2007. [*Id*.] Due to the pending motion to dismiss for lack of subject matter jurisdiction, the Court did not lift the initial stay of discovery in the case. [Local Civil Rule 16.1(c); Doc. No. 2]. The Court confirmed its ruling that no discovery was needed to respond to Defendant's motion to dismiss in its November 7, 2007 Order denying Plaintiff's motion to compel discovery. [Doc. No. 24.]

On January 15, 2008, the Honorable William Q. Hayes granted Defendant's motion to dismiss Plaintiffs' original complaint for lack of subject matter jurisdiction. [Doc. No. 27.] However, Plaintiffs were given leave to amend. [*Id.*] Plaintiffs filed a First Amended Complaint

on February 5, 2008. [Doc. No. 28.] Defendants filed an Answer to the First Amended Complaint on February 19, 2008. [Doc. No. 29.] On May 7, 2008, the Court issued an Order Setting Rule 26 Compliance and Noticing a Case Management Conference. [Doc. No. 30.]

At the parties' request, the Court held a telephonic discovery conference on June 6, 2008. Walter Boyaki appeared for Plaintiffs. R. Scott Blaze appeared for Defendant United States. [Doc. No. 32.] During the teleconference, defense counsel made an oral motion to continue the stay of discovery in this case pending the District Court's ruling on Defendants' motion to dismiss Plaintiffs' First Amended Complaint for lack of subject matter jurisdiction, which was filed on June 5, 2008. [Doc. No. 31.] After the telephonic discovery conference, the Court issued an order for further briefing on the motion to continue a stay of discovery. [*Id*.]

On June 27, 2008, the Court held a telephonic Case Management Conference. [Doc. No. 41.] Walter Boyaki appeared for Plaintiffs. R. Scott Blaze appeared for Defendant United States. During the June 27, 2008 Case Management Conference, defense counsel renewed its oral motion to continue the stay of discovery in this case. [*Id*.] Following the Case Management Conference, the Court issued an order on July 1, 2008, allowing Defendant to file a short reply brief in support of its oral motion to stay. [*Id*.] The Court held a telephonic hearing on Defendant's motion to stay on August 6, 2008. [Doc. No. 54.] After careful consideration of the briefing filed, exhibits thereto and remarks made by counsel of record at the August 6, 2008 teleconference, the Court **GRANTS** Defendant's oral motion to stay.

## II.

## ARGUMENT

**A. Plaintiffs' Argument**

Plaintiffs contend Defendant's motion seeking a continued stay of discovery constitutes a pattern of obstruction and is procedurally improper due to the answer filed by Defendant on February 19, 2008. [Plaintiff's Opp'n at pp. 1-2.] Plaintiffs further argue that discovery is needed to "prove-up more facts to substantiate a waiver of sovereign immunity." [*Id*. at 4.]

**B. Defendant's Argument**

Defendant argues that the substance of the law in this case has now been narrowed and

established by Judge Hayes' January 15, 2008 Order. [Defendant's Mtn. at 3.]  Defendant further asserts that based on the current law of the case, Plaintiffs cannot, as a matter of law, present facts which would establish subject matter jurisdiction.  [*Id*. at pp. 3-4.]

## III.

## STANDARDS

A trial court has jurisdiction to determine its own jurisdiction.  *Wells Fargo & Company v. Well Fargo Express Company*, 556 F.2d 406, 430 n. 24 (9th Cir.1977).  Accordingly, a court may allow discovery to aid in determining whether it has subject matter jurisdiction.  *Id.* Whether or not to grant such discovery is left to the discretion of the court.  *Id.*  Discovery should be denied where "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Id.* at 430.

## IV.

## DISCUSSION

**A.  Defendant's 12(b)(1) Motion is Procedurally Valid And Timely**

The lack of subject matter jurisdiction may be raised at any time by any party or by the Court.  Fed.R. Civ. P. 12(h)(3); *see also Attorneys Trust v. Videotape Computer Products, Inc.,* 93 F.3d 593, 594-95 (9th cir. 1996) (noting that while "it is rather unusual for a plaintiff to proceed all the way through trial and then claim that there was no jurisdiction in the first place," such a jurisdictional challenge is valid, despite its late presentation, because of the fundamental importance of subject matter jurisdiction in the federal courts.)  Accordingly, Defendant's current motion to dismiss under Rule 12(b)(1) is procedurally proper and was timely filed despite the filing of Defendant's Answer which occurred approximately four months before Defendant presented the subject motion to dismiss.

**B.  Defendant's Motion to Continue the Discovery Stay is GRANTED.**

In its January 15, 2008 Order, the District Court made the following rulings: (1) Plaintiffs failed to meet their burden of establishing subject matter jurisdiction under the Federal Tort Claims Act, [Doc. No. 27 at 5:24-26]; (2) Plaintiffs failed to establish subject matter jurisdiction under the Suits in Admiralty Act, [Doc. No. 27 at 8:2-4]; (3) Plaintiffs failed to establish subject matter

1 jurisdiction under the Public Vessels Act because there is no waiver of sovereign immunity, [Doc.
2 No. 27 at 8:26-9:1] ; and (4) Plaintiffs have failed to demonstrate subject matter jurisdiction under
3 the United States Constitution or under international law. [Doc. No. 27 at 9:28-10:12.] The District
4 Court also established in its January 15, 2008 Order that subject matter jurisdiction over the United
5 States may only be had when sovereign immunity has been waived. [Doc. No. 27 at 4:13-18.]

6       Plaintiffs contend that discovery should be open to allow the deposition of Brad J.
7 Kieserman, whose declaration Defendant filed in support of its motion to dismiss Plaintiffs' First
8 Amended Complaint. (Plaintiff's Opp'n at 4.)  This Court has reviewed the Declaration of Mr.
9 Kieserman and finds that a deposition of the declarant is not necessary to discover facts pertinent
10 to a waiver of sovereign immunity.  Specifically, Mr. Kieserman's declaration identifies and
11 describes the "Agreement of Cooperation Between the Government of the United States of America
12 And the Government Of The Republic Of Ecuador Concerning United States Access To And Use
13 Of Installations At The Ecuadorian Air Force Base In Manta For Aerial Counter-Narcotics
14 Activities" (the "Bilateral Lease Agreement").  The Bilateral Lease Agreement speaks for itself:
15 it is not a treaty.  It was not signed by the President of the United States and was not ratified by
16 Congress. Plaintiffs do not require a deposition of Mr. Kieserman to establish, as they claim, that
17 "Article XIX clearly waives sovereign immunity and agrees to pay third party claims." (Plaintiff's
18 Opp'n at 3.)   Whether the Bilateral Lease Agreement demonstrates reciprocity, waiver or may
19 otherwise be construed as  treaty conferring subject matter jurisdiction, is a determination for the
20 District Court.  Nevertheless, no discovery is appropriate at this time because the character and
21 effect of the Bilateral /////
22 /////
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

Lease Agreement can be determined as a matter of law without reference to Mr. Kieserman.

## V.
## CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant's motion to continue the stay of discovery pending the District Court's ruling on Defendants' motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiffs' First Amended Complaint

**IT IS SO ORDERED.**

DATED: August 19, 2008

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court