1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   OSWALDO ENRIQUE TOBAR, et al.,          CASE NO. 07cv817 WQH (WMc)

12                          Plaintiffs,      **ORDER**
              vs.
13   UNITED STATES OF AMERICA,

14                          Defendant.

15   HAYES, Judge:

16          The matters before the Court are: (1) the Motion to Dismiss for Lack of Jurisdiction

17   Over Subject Matter (Doc. # 31) filed by Defendant United States, (2) the Motion to Strike

18   Motion to Dismiss for Lack of Jurisdiction Over Subject Matter (Doc. # 36) filed by Plaintiffs,

19   (3) the Motion for Leave to File Second Amended Complaint (Doc. # 39) filed by Plaintiffs,

20   (4) the Motion for Leave to File Supplemental Response to the Motion to Dismiss (Doc. # 44)

21   filed by Plaintiffs, and (5) the Ex Parte Motion for Leave to File Excess Pages for Reply

22   Memorandum to the Motion to Dismiss (Doc. # 45) filed by Defendant.

23                          **Background**

24          On January 4, 2007, Plaintiffs initiated this action by filing a complaint in the United

25   States District Court for the Southern District of Texas (Doc. # 12).  The complaint alleges that

26   Plaintiffs are residents of Ecuador.  *Complaint,* p. 2.  The complaint alleges that on October

27   5, 2005, in international waters off the coast of Ecuador, the United States Coast Guard Law

28   Enforcement Detachment ("Coast Guard"), which is owned and operated by the United States,

1    unlawfully and negligently "stopped, searched, arrested, detained and imprisoned the Plaintiffs,

2    seized the boat [and] destroyed the cargo and fish owned by Plaintiffs." *Id.* The complaint

3    alleges that this incident arose out of suspicion that Plaintiffs were possessing and smuggling

4    drugs. *Id.* The complaint alleges that the Coast Guard acted carelessly, recklessly, negligently,

5    or intentionally during the incident, and caused injury to Plaintiffs and their vessel. *Id.* at 3.

6    The complaint alleges that this action "arises in part" under the Federal Tort Claims Act

7    ("FTCA"), 28 U.S.C. §§ 1346(b) and 2661, *et seq.,* the Suits in Admiralty Act ("SAA"), 46

8    U.S.C. §§ 30901-30918, and the Public Vessels Act ("PVA"), 46 U.S.C. §§ 31101-31113. The

9    complaint also alleges that the Coast Guard's conduct violated "international law", "treaty

10   obligations with Ecuador", and Plaintiffs' rights as protected by the United States Constitution.

11   *Complaint,* p. 3-4.

12           On May 4, 2007, the action was transferred to this Court (Doc. # 1).

13           On January 15, 2008, this Court issued an order dismissing the action for lack of subject

14   matter jurisdiction (Doc. # 27). The Court concluded that Plaintiffs failed to meet their burden

15   of establishing subject matter jurisdiction under the FTCA because the action falls within the

16   admiralty jurisdiction of the federal courts; under the SAA because the discretionary function

17   to the SAA's waiver of sovereign immunity applies, thereby retaining the United States'

18   sovereign immunity; under the PVA because Plaintiffs failed to demonstrate reciprocity, which

19   is a jurisdictional prerequisite to the waiver of the United States' sovereign immunity under

20   the PVA; and under the United States Constitution or international law. The Court granted

21   Plaintiffs leave to amend.

22           On February 5, 2008, Plaintiffs filed a first amended complaint ("FAC") (Doc. # 28).

23   The factual allegations in the FAC are essentially identical to those in the complaint. In

24   addition re-alleging the SAA and the PVA as grounds for this Court's subject matter

25   jurisdiction, the FAC alleges the following additional grounds for subject matter jurisdiction:

26   (1) "[a] mutual treaty signed by the United States and Ecuador under the United Nations

27   Convention on the Law of the Sea which specifies that each country shall bear the

28   responsibility for any loss or damage caused by their actions in suppressing illicit drug traffic

by interfering with innocent passage or for wrongfully boarding vessels," (2) the Alien Tort Act ("ATA"), 28 U.S.C. section 1350, "where the U.S. District Court has original jurisdiction of any civil action by an alien for a tort committed in violation of the law of nations or a treaty of the United States," (3) "[a] specific mutual treaty between Ecuador and the United States for use of the Ecuadorian Air Force base facilities at Manta, Ecuador by the U.S. Coast Guard to facilitate drug interdiction, signed by each country November 12, 1999, and still in effect, whereby the United States agrees to be liable for losses and damages that its actions caused in case no illicit drugs were found (like here)," and (4) the International Covenant on Civil and Political Rights ("ICCPR"), "a treaty signed by both countries to remedy conduct which resulted in illegal detention, cruel or in human treatment." *FAC,* p. 2.

On June 5, 2008, the United States filed the Motion to Dismiss for Lack of Jurisdiction Over Subject Matter ("Motion to Dismiss") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  The United States moves to dismiss the FAC on grounds that "Plaintiffs' amended complaint fails to provide any basis for a conclusion that sovereign immunity has been waived, or subject matter jurisdiction is present." *Mot. to Dismiss,* p. 3.

On June 20, 2008, Plaintiffs filed the Motion to Strike the Motion to Dismiss ("Motion to Strike").  Plaintiffs contend that "[t]he case law follows the rule that once an answer is filed Rule 12(b) motions are untimely and that answer is an absolute bar to a motion making of any of the enumerated 12(b) defenses." *Mot. to Strike,* p. 2.  Plaintiffs contend that since Defendant has filed a responsive pleading, its Rule 12(b) Motion is improper.  *Id.* at 2.  On June 24, 2008, Plaintiffs filed a response in opposition to the Motion to Strike (Doc. # 37).

On June 26, 2008, Plaintiffs filed the Motion for Leave to Amend Complaint ("Motion to Amend").  Plaintiffs state: "Plaintiffs move the Court for leave to amend their complaint because additional facts have come to light and the pleadings need to match the facts. Plaintiffs ask that the court allow them to amend their complaint as reflected in the attached Plaintiffs' Second Amended Complaint."  *Mot. to Amend,* p. 1. The Second Amended Complaint ("SAC") adds the following basis for this Court's subject matter jurisdiction: "Under 10 U.S.C. 2734, 48 C.F.R. 1.46(b) as payable as incident to non combatant activity of

the U.S. Coast Guard." *SAC*, p. 3.  Except for this additional jurisdictional allegation, the allegations in the SAC are essentially identical to those in the FAC.  On July 1, 2008, the United States filed a response in opposition to the Motion to Amend (Doc. # 40).

On July 11, 2008, Plaintiffs filed a response in opposition to the Motion to Dismiss (Doc. # 43).  On July 15, 2008, Plaintiffs filed the Motion for Leave to File Supplemental Response to the Motion to Dismiss ("Motion to Supplement").  Plaintiffs seek to supplement their response in opposition to the Motion to Dismiss with the affidavit of Leonidas H. Villagran, an Ecuadorian attorney, which Plaintiffs contend "is proof of the necessary reciprocity required to waive sovereign immunity under the Public Vessels Act." *Mot. to Supp.,* p. 1.  Villagran attests that under the Ecuadorian Constitution "there is no discrimination against people from other countries, and there is not any restriction to a foreign person to file a lawsuit in our country," that "[f]oreign persons have the same legal rights to sue in Ecuador," and that "a foreign person, company or entity is able to file a lawsuit against an Ecuadorian person, company or entity." *Id.,* Exhibit 1.

On July 21, 2007, the United States filed the Ex Parte Motion for Leave to File Excess Pages for Reply Memorandum ("Motion to File Excess Pages").  The United States contends that it "can not adequately respond to the arguments properly contained in the opposition, and those addressing previously unidentified allegations, etc. within 10 pages" because Plaintiffs' opposition "contains numerous pages addressing issues not addressed in the" Motion to Dismiss and "also contains allegations and argument concerning alleged sources of subject matter jurisdiction not previously pleaded." *Mot. to File Excess Pages,* p. 2.  On July 21, 2008, the United States filed a reply to the response in opposition to the Motion to Dismiss (Doc. # 46).  On July 25, 2008, Plaintiffs filed a response in opposition to the Motion to File Excess Pages (Doc. # 52).

## Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter.  Fed. R. Civ. P. 12(b)(1).  The burden is on the plaintiff to establish that the court has subject matter

jurisdiction over an action. *Assoc. of Medical Colleges v. United States,* 217 F.3d 770, 778-779 (9th Cir. 2000). In resolving an attack on a court's jurisdiction, the court may go outside the pleadings and consider evidence beyond the complaint relating to jurisdiction without converting the motion to dismiss into a motion for summary judgment. *Safe Air For Everyone v. Doyle,* 373 F.3d 1035, 1039 (9th Cir. 2004). Issues regarding subject matter jurisdiction may be raised at any time, even on appeal, by motion or sua sponte by the court. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland,* 316 F.3d 822, 826-27 (9th Cir. 2002).

## Discussion

### I.        Motion to Strike Motion to Dismiss

Plaintiffs move to strike the Motion to Dismiss on grounds that the United States has filed an answer in this action and is therefore barred from filing a motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. However, issues regarding subject matter jurisdiction may be raised at any time, even on appeal, by motion or sua sponte by the court. Fed. R. Civ. P. 12(h)(3); *Snell,* 316 F.3d at 826-27. The Court concludes that, despite filing an answer in this action, the United States is not barred from filing a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Court denies the Motion to Strike.

### II.       Motion for Leave to File Supplemental Response to the Motion to Dismiss

Plaintiffs seek to supplement their response to the Motion to Dismiss by filing the affidavit of Ecuadorian attorney Villagran. The Court grants the Motion to Supplement, and has reviewed the affidavit of attorney Villagran in deciding the Motion to Dismiss.

### III.      Ex Parte Motion for Leave to File Excess Pages for Reply Memorandum to the Motion to Dismiss

The United States moves the Court for leave to file excess pages for its reply to the Motion to Dismiss on grounds. The Court grants the Motion for Leave to File Excess Pages, and has reviewed the United States' entire reply to the Motion to Dismiss in deciding the Motion to Dismiss.

**IV.    Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The United States, as a sovereign, is immune from suit.  *United States v. Mitchell,* 445 U.S. 535, 538 (1980).  "It is axiomatic that Congressional waiver of sovereign immunity is a prerequisite to any suit brought against the United States." *Roberts v. United States,* 498 F.2d 520, 525 (9th Cir. 1974).  The United States "may not be sued without its consent and the terms of such consent define the court's jurisdiction." *Baker v. United States,* 817 F.2d 560, 562 (9th Cir. 1987).  A federal district court only has subject matter jurisdiction over a suit against the United States when sovereign immunity has been waived. *Amerada Hess Shipping Corp.,* 488 U.S. at 435.  A waiver of sovereign immunity as contained in any statute "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena,* 518 U.S. 187, 192 (1996).  "A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity." *Baker,* 817 F.2d at 562.

A.    Motion to Dismiss Pursuant to Rule 12(b)(1)

The United States contends that Rule 12(b)(1) of the Federal Rules of Civil Procedure is the proper vehicle for bringing the instant Motion to Dismiss because, regardless of whether a defendant has filed a responsive pleading, "[t]he issue of subject matter jurisdiction may be raised at any time, even on appeal." *Mot. to Dismiss,* p, 2-3.

Plaintiffs contend that "Rule 12(b) states, quite clearly, that a motion asserting a defense of a claim, including subject matter jurisdiction and failure to state a claim, must be made before pleading if a responsive pleading is allowed." *Opposition,* p. 2.  Plaintiffs contend that "[s]ince the Defendant has waived their grounds for a Rule 12(b) motion, they are basically left with a Rule 12(c) motion, or a Rule 56 summary judgment motion, for their arguments on lack of jurisdiction." *Id.* at 4.

As previously discussed, issues regarding subject matter jurisdiction may be raised at any time, even on appeal, by motion or sua sponte by the court. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland,* 316 F.3d 822, 826-27 (9th Cir. 2002).  The United States' Motion to Dismiss under Rule 12(b)(1) is proper even though the United States has filed a responsive pleading in this case because such a motion may be brought at any time.  The Court concludes that the

1   Motion to Dismiss pursuant to Rule 12(b)(1) is proper.

2         B.    <u>The Suits in Admiralty Act</u>

3        The United States contends that Plaintiffs fail to address the Court's holding in its

4   January 15, 2008 order that the SAA is not a valid basis for subject matter jurisdiction over this

5   action because discretionary function exception to the SAA's waiver of sovereign immunity

6   applies.  The United States contends that this failure "is fatal to any attempt to resurrect their

7   action." *Mot. to Dismiss,* p. 2.

8        Plaintiffs contend that the "United States has in admiralty cases waived sovereign

9   immunity and gave private owners and operators of vessels the same right of recovery from

10   the government for damages caused by public vessels which they would have against a private

11   shipowner or operator." *Opposition,* p. 9.  Plaintiffs contend that the discretionary function

12   exception to the United States' waiver of sovereign immunity does not apply to this action.

13        The SAA provides that "[i]n a case in which, if a vessel were privately owned or

14   operated, or if cargo were privately owned or possessed, or if a private person or property were

15   involved, a civil action in admiralty could be maintained, a civil action in personam may be

16   brought against the United States or a federally-owned corporation."  46 U.S.C. § 30903.

17   However, a well-recognized exception to the SAA's general waiver of the sovereign immunity

18   is the "discretionary function" exception. *Earles v. United States,* 935 F.2d 1028, 1032 (9th

19   Cir. 1991).

20        The Court's January 15, 2008 order concluded that "Plaintiffs have failed to establish

21   subject matter jurisdiction under the SAA because the discretionary function exception applies,

22   retaining sovereign immunity." (Doc. # 27, p. 8-9).  The FAC does not allege additional facts

23   with respect to the SAA.  Plaintiffs' opposition to the instant Motion to Dismiss restates the

24   arguments made in their opposition to the United States' initial motion to dismiss with respect

25   to why the discretionary function should not apply to this action.  The Court already considered

26   and rejected these arguments in the January 15, 2008 order.  The Court concludes that the SAA

27   is not a valid basis for subject matter jurisdiction because the discretionary function exception

28   to the United States' waiver of sovereign immunity under the SAA applies, retaining the

1   sovereign immunity of the United States under the SAA.

2         C.    <u>The Public Vessels Act</u>

3         The United States contends that the PVA "contains a condition precedent to any

4   consideration as to whether the PVA may waive sovereign immunity. Unless plaintiffs satisfy

5   this reciprocity requirement, the PVA can not waive sovereign immunity in actions by foreign

6   nationals." *Mot. to Dismiss,* p. 9. The United States further contends that whether Plaintiffs

7   satisfy the reciprocity requirement is immaterial because "satisfaction of the [reciprocity]

8   requirement does not create jurisdiction otherwise barred by the PVA." *Id.* at 9, 11.

9         Plaintiffs contend that they have demonstrated reciprocity under the PVA because "[t]he

10   Country of Ecuador in its constitution specifically includes the rights of all persons . . . and

11   basically has an open courts doctrine for any wronged inhabitant . . . and by definition grants

12   to citizens of any country including the United States, the same rights to pursue remedies in

13   its courts for personal injury or death to the same extent it grants its own citizens those rights."

14   *Id.* at 11.

15         The PVA waives sovereign immunity in admiralty actions for "damages caused by a

16   public vessel of the United States." 46 U.S.C. App. § 781. Pursuant to the "reciprocity"

17   provision of the PVA, nationals of a foreign country "may not maintain a civil action under this

18   chapter . . . unless it appears to the satisfaction of the court in which the action is brought that

19   the government of that country, in similar circumstances, allows nationals of the United States

20   to sue in its courts." 46 U.S.C. § 31111; *see also United States v. United Continental Tuna,*

21   560 F.2d 569 (9th Cir. 1977). The plaintiff must demonstrate reciprocity, which is required

22   for sovereign immunity to be waived under the PVA. *United States v. United Continental*

23   *Tuna Corp.,* 425 U.S. 164 (1976).

24         Plaintiffs submitted the declaration of Ecuadorian attorney Villagran to demonstrate

25   reciprocity. Villagran attests that according to the Constitution of Ecuador, "there is no

26   discrimination against people from other countries, and there is not any restriction to a foreign

27   person to file a lawsuit in our country . . . . This means that a foreign person, company or

28   entity is able to file a lawsuit against an Ecuadorian person, company or entity." *Villagran*

*Decl.,* p. 1.  However, Plaintiffs do not allege or submit any evidence to demonstrate that Ecuador waives its sovereign immunity in admiralty actions brought in Ecuador's courts by foreigners for damages caused by a public vessel of Ecuador.  The Court concludes that the PVA is not a valid basis for subject matter jurisdiction because Plaintiffs have not demonstrated reciprocity, which is a jurisdictional prerequisite to the waiver of sovereign immunity under the PVA.

          C.     United Nations Convention on the Law of the Sea

The United States contends that the United Nations Convention on the Law of the Sea ("UNCLOS") is "not entitled to status of a treaty or statute, and can not waive, and has not waived, sovereign immunity of the United States" because the United States has not ratified the UNCLOS.  *Mot. to Dismiss,* p. 14-15.

Plaintiffs contend:

> The [United States] seems to make a big deal out of the fact that the [United States] never signed the Law of the Sea Treaty.  What counsel for the government does not tell the court is that the United States has a statute that covers the exact situation of Americans interfering with foreigners or for wrongfully boarding their ships, etc. 21 U.S.C.S. § 904 . . . authorizes the Attorney General of the United States to pay tort claims in the manner authorized by the F.T.C.A. when such claims arise in a foreign country in connection with drug enforcement abroad.

*Opposition,* p. 18.

A treaty that has not been ratified does not give rise to an individually enforceable right. *The Amiable Isabella,* 19 U.S. (6 Wheat.) 1 (1821); *see Garza v. Lappin,* 253 F.3d 918, 925 (7th Cir. 2001) (when the United States has signed, but not ratified, an international agreement, the agreement "does not yet qualify as one of the 'treaties' of the United States that creates binding obligations").  The United States has not ratified the United Nations Convention on the Law of the Sea.  *United States v. Alaska,* 503 U.S. 569 (1992).  The Court concludes that the UNCLOS is not a valid basis for subject matter jurisdiction because it has not been ratified and therefore Plaintiffs do not have an individually enforceable right under the UNCLOS.

///

///

///

D.      Alien Tort Act

The United States contends that the ATA "has been interpreted as a jurisdictional statute only - it has not been held to imply any waiver of sovereign immunity." *Mot. to Dismiss,* p. 13 (internal quotations omitted).  The United States contends that the ATA is not a valid basis for subject matter jurisdiction because it does not waive the sovereign immunity of the United States.

Plaintiffs contend that the ATA waives the sovereign immunity of the United States. Plaintiffs contend that the United States has violated the law of nations by illegally seizing Plaintiffs' vessel, illegally seizing the Plaintiffs and imprisoning them, and illegally searching Plaintiffs, which "thereby gives Plaintiffs a remedy under the ATA." *Opposition,* p. 17.

The ATA "does not provide a waiver of sovereign immunity." *Industria Panificadora S.A. v. United States,* 957 F.2d 886, 887 (D.C. Cir. 1992). The ATA "has been interpreted as a jurisdictional statute only - it has not been held to imply any waiver of sovereign immunity." *Goldstar (Panama) S.A. v. United States,* 967 F.2d 956, 968 (4th Cir. 1992).  The Court concludes that the ATA is not a valid basis for subject matter jurisdiction because it does not waive the sovereign immunity of the United States.

E.      "Specific Treaty Between Equador and the United States" Dated November 12, 1999

The United States contends that the November 12, 1999 "treaty" ("November 12 Agreement") referred to by Plaintiffs does not provide a basis for subject matter jurisdiction. First, the United States contends that the November 12 Agreement does not apply on its face to maritime boarding and searches because it "is an agreement to provide for the use of an Air Force Base in Manta, Ecuador, for aerial counter-narcotics activities." *Mot. to Dismiss,* p. 15. Second, the United States contends that the November 12 Agreement makes "no mention of waivers of sovereign immunity, private rights of action or jurisdiction of courts of the United States." *Id.* at 15-16.  Third, the United States contends that the November 12 Agreement is a bilateral agreement, not a treaty ratified by the Senate and therefore is "not a legislative act capable of waiving sovereign immunity, nor was it intended to be." *Id.* at 16.

07cv817 WQH (WMc)

Plaintiffs contend that the United States and Ecuador "entered into a bilateral agreement concerning the use of certain facilities on Manta, Ecuador for the use of [the United States]." *Opposition*, p. 13.  Plaintiffs contend that the November 12 Agreement contains an indemnity provision "whereby the [United States] would pay for its mistakes resulting in claims by third parties." *Id.*  Plaintiffs contend that the November 12 Agreement is a "maritime contract" and creates an "obligation enforceable in admiralty and any dispute concerning the set of obligations can be litigated in the federal courts."  *Id.* at 14.  Plaintiffs contend that the November 12 Agreement waives the United States' sovereign immunity because "in admiralty [Plaintiffs] could have brought an action against any individual or corporation who destroyed his fish by illegally stopping and appropriating his boat.  So too can he bring an action against the U.S. government for this illegal action which then must be brought in admiralty;" and "tort claims and immunity from suit are not a one statute act.  Rather as the U.S. Supreme Court stated, it should be construed to fit into the entire statutory system of remedies against the government to make it workable, consistent and equitably whole." *Id.* at 15.

The November 12 Agreement is entitled in full: "Agreement of cooperation between the government of the United States of America and the government of the Republic of Ecuador concerning United States access to and use of installations at the Ecuadorian Air Force Base in Manta for aerial counter-narcotics activities." *Mot. To Dismiss,* Exhibit 1.  As previously discussed, a waiver of the sovereign immunity of the United States must be "unequivocal." *Franconia Assoc. v. United States,* 536 U.S. 129 (2002).  "[A] decision to create a private right of action is one better left to legislative judgment" and courts are reluctant to infer a private right of action unless the legislature supplies one expressly. *Sosa v. Alverez-Machian,* 542 U.S. 692, 727 (2004).  Even if the November 12 Agreement applied to maritime boarding and searches and created a private right of action, the November 12 Agreement does not contain a waiver of the sovereign immunity of the United States.  The Court concludes that Plaintiffs have failed to demonstrate that the November 12 Agreement is a valid basis for subject matter jurisdiction because the November 12 Agreement does not waive sovereign immunity of the United States.

F. <u>International Covenant on Civil and Political Rights</u>

The United States contends that the ICCPR does not provide a waiver of the sovereign immunity of the United States because the ICCPR does not provide a private right of action, individual standing or subject matter jurisdiction.

Plaintiffs contend that the United States' "conduct violates international standards of human rights and is in itself a waiver of sovereign immunity." *Opposition,* p. 17.  Plaintiffs contend that the ICCPR "covers illegal detention [and] cruel and inhuman treatment." *Id.* at 18.

A treaty ratified by the Senate can only be enforced in the courts if it is self-executing or if implementing legislation has been passed. *Dreyfus v. Von Finck,* 534 F.2d 24 (2d Cir. 1976).  The ICCPR is not self-executing and Congress has not passed implementing legislation. *Hawkins v. Comparet-Cessani,* 33 F. Supp. 2d 1244. 1257 (C.D. Cal. 1999); *Jama v. INS,* 22 F. Supp. 2d 353, 364-65 (D.N.J. 1998).  The ICCPR "does not create a private right of action or separate form of relief enforceable in the United States courts." *Guaylupo-Moya v. Gonzales,* 423 F.3d 121, 137 (2d Cir. 2005).  The Court concludes that Plaintiffs have failed to demonstrate that the ICCPR is a valid basis for subject matter jurisdiction because the ICCPR does not create a private right of action enforceable in the United States courts.

## V. Motion for Leave to File Second Amended Complaint

Plaintiffs move the Court for leave to file a SAC on grounds that "additional facts have come to light and the pleadings need to match the facts." *Mot. to Amend,* p. 1.  Plaintiffs attached the proposed SAC to the Motion to Amend.  The SAC alleges that this Court has jurisdiction "[u]nder 10 U.S.C. 2734, 49 C.F.R. 1.46(b) as payable as incident to non combatant activity of the U.S. Coast Guard." *SAC,* p. 2.  Other than alleging this additional ground for jurisdiction, the SAC is essentially identical to the FAC.

The United States opposes the Motion to Amend on grounds that the Motion to Amend is procedurally deficient because Plaintiffs failed to state in either a memorandum or declaration what the "additional facts" that have come to light might be. *Mot. to Amend,* p. 2. The United States further opposes the Motion to Amend on grounds that amending the FAC

1   would be futile because neither 10 U.S.C. section 2734 nor 49 C.F.R. 1.46(b) provide a basis

2   of jurisdiction.

3         "A district court does not err in denying leave to amend where the amendment would

4   be futile." *Deveraturda v. Globe Aviation Security Services,* 454 F.3d 1043, 1044-46 (9th Cir.

5   2006). As previously discussed, a district court only has subject matter jurisdiction over a suit

6   against the United States when the United States has waived its sovereign immunity. *Argentine*

7   *Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 435 (1989). Neither the 10 U.S.C.

8   section 2734 nor 49 C.F.R. section 1.46 provide any waiver of the United States' sovereign

9   immunity. Other than this additional jurisdictional basis, the SAC alleges the same

10  jurisdictional bases as the FAC, which the Court has determined are insufficient. The Court

11  concludes that granting Plaintiffs leave to amend the FAC to add 10 U.S.C. section 2734 and

12  49 C.F.R. section 1.46 as bases for subject matter jurisdiction would be futile because neither

13  10 U.S.C. section 2734 nor 49 C.F.R. section 1.46 waives the sovereign immunity of the

14  United States. The Motion to Amend is denied.

15                        **Conclusion**

16        IT IS HEREBY ORDERED that the (1) Motion to Strike Motion to Dismiss for Lack

17  of Jurisdiction Over Subject Matter (Doc. # 36) is **DENIED**; (2) Motion for Leave to File

18  Second Amended Complaint (Doc. # 39) is **DENIED;** (3) Motion for Leave to File

19  Supplemental Response to the Motion to Dismiss (Doc. # 44) is **GRANTED;** (4) Ex Parte

20  Motion for Leave to File Excess Pages for Reply Memorandum to the Motion to Dismiss (Doc.

21  # 45) is **GRANTED;** and (5) Motion to Dismiss for Lack of Jurisdiction Over Subject Matter

22  (Doc. # 31) is **GRANTED.** The above-captioned action is **DISMISSED.**

23  DATED:  September 19, 2008

24                                   *William Q. Hayes*

25                            **WILLIAM Q. HAYES**
                        United States District Judge

26

27

28