STUART DELERY
Assistant Attorney General
LAURA E. DUFFY
United States Attorney
TOM STAHL
Assistant Attorney
Chief, Civil Division
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5662
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
VICKEY L. QUINN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 75395
San Francisco, California 941023463
Telephone: (415) 436-6645
Facsimile: (415) 436-6632
E-mail: mike.underhill@usdoj.gov
        vickey.l.quinn@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSWALDO ENRIQUE TOBAR, et al., )<br><br>Plaintiffs, )<br><br>vs. )<br><br>UNITED STATES OF AMERICA )<br><br>Defendant. )<br>_____ ) | Case No.: 3:07-cv-00817-WQH-JLB<br><br>IN ADMIRALTY<br><br>DISCOVERY STATUS UPDATE OF UNITED STATES OF AMERICA<br><br>DATE: August 22, 2014<br>TIME: 10:00 a.m.<br>LOCATION: Telephonic |

Pursuant to the Court's Minute Order [Dkt. #134], dated August 7th, and in anticipation of the telephonic status conference to be held on August 22nd, the United States hereby submits the following update regarding the discovery plan that the parties agreed to and that the Court ordered on July 30, 2014:

1. <u>State Department Advisory on Depositions in Ecuador</u>.

By FedEx letter, the United States informed plaintiffs' counsel that Ecuador is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.  Insofar as taking depositions, the United States advised plaintiffs' counsel that the U.S. State Department's publicly available advices on taking evidence abroad provides for a country-by-country listing of the legal status for taking depositions and states, "The taking of voluntary depositions of willing witnesses is not permitted in Ecuador, regardless of the nationality of the witness."  [*See,* page two of Appendix A, the United States' August 11th letter to Plaintiffs' counsel.]

2. <u>Scheduling Depositions</u>.

(a) <u>Depositions of Plaintiffs</u>.  On August 11, 2014, the United States sent an amended notice of deposition for eight crewmember plaintiffs, the depositions to occur in San Diego between September 16-18, 2014. Accompanying the notice was the attached cover letter (Appendix A), which stated, "In the spirit of professional cooperation and accommodation, we are happy

to discuss different dates if these pose an irreconcilable conflict.  That said, we understood Magistrate Judge Burkhardt to instruct each of us to place a high priority on scheduling and commencing the plaintiffs' depositions.  We therefore are proceeding as instructed."

We note that plaintiffs' counsel filed papers with the Court asserting that the deponents arbitrarily have been chosen and that the San Diego venue should give way to Ecuador.  The United States' letter to counsel (Appendix A) explained that the deponents were the JOSTIN's Master, plus the purported "owners" of the small boats/pangas – one of whom (Ms. Zambrano Lucas' son, Segundo Matias Zambrano Alonzo) was also identified by Mr. Tobar *and* Ms. Zambrano Lucas as the business "administrator" for the JOSTIN's alleged fishing operations (neither Tobar nor Zambrano Lucas professed to have knowledge of the business operation).

Moreover, the letter explained that in addition to the fact that plaintiffs subjected themselves to the jurisdiction of the United States and its courts by voluntarily filing suit, the United States intends to have at least one (and likely two) of its retained litigation consultants/experts at the San Diego depositions in order to assist and advise counsel.  The hourly fees and the separate travel costs of flying the San Diego-based consultants/experts to South America (or Panama)

would be prohibitive, not counting the travel costs for counsel and a U.S. court-certified reporter.

(b) <u>Depositions of the United States' Witnesses.</u>

Plaintiffs' counsel filed a document with the Court, stating: "The Defendant has failed to produce at least five witnesses that the Plaintiffs' counsel has been clamoring for for years." We respond simply and as follows: the statement is not truthful. Mr. Boyaki sought the depositions of five witnesses. The United States voluntarily made available CDR Geoff Owen (USCG Retired) and LCDR Bertheau. Both depositions were concluded months ago. The United States also had arranged dates for the voluntary appearances of LCDR Brad Kieserman (USCG Retired) and LCDR Larry Ellis (USCG Retired) on dates proposed by Mr. Boyaki; the latter – not the United States -- *cancelled* those depositions. As made clear in Appendix A, the United States has again asked Mr. Boyaki to propose new mutually convenient dates for the two deponents. We still await his response.

Finally, Mr. Boyaki has stated that he wishes to take the deposition of the former Ambassador to Ecuador. We have informed counsel by letter that the witness will need to be subpoenaed. As a further courtesy to counsel, we also provided him with advice concerning the mandatory procedures with which he will need to comply concerning the witness' testimony. [*See*, Appendix B, letter dated May 27, 2014.]

3.     <u>Plaintiffs' Production of Documents</u>.

On August 18th, the United States received a cover letter and 71 additional pages of documents (most in Spanish and without either certified or uncertified translations) which plaintiffs listed as 1) Repair bills; 2) Cost of Tuna Certification; 3) Report of the Captain of the Port concerning the fish and fuel; 4) Report of Director General of Fisheries concerning the inspection and Condition of the Jostlyn [sic] after it was seized; 5) Medical records of Mrs. Lucas; and 6) Medical records of Mr. Cedeno (JOSTIN's Captain), Mr. Mero and Mr. Arteaga (both JOSTIN crewmembers).

The United States seeks certification and clarification that these documents comprise the *complete* remainder of the documents that will be provided.  If they are not, then we ask for a final date certain when any additional documents will/must be provided.  (Pursuant to the Joint Discovery Plan filed with the Court, document discovery closed months ago.)

4.     Plaintiff Rosa Zambrano Lucas will conduct additional searches and <u>provide best available color photos (of the alleged fish catch)</u>.

See response to #3 above.  No photographs were provided with the 71 pages of documents received by the United States on August 18th.  Plaintiff Tobar testified that he viewed such photographs at Zambrano Lucas' house.

//

5.     <u>Documentation of medical care and other damages issues</u>.

See response to #3 above.

6.     Plaintiffs' counsel, Walter Boyaki, will identify documents relied on by estimator and by Dr. Cruz, as well as other records responsive to <u>defendants first request for production of documents</u>.

See response to #3 above.

RELATED DISCOVERY ISSUES

On August 14, 2014, plaintiffs filed their "Designation of Experts" [Dkt. #137], listing their Fed.R.Civ.P. 26 experts.  As stated in plaintiffs' "expert designation #3", plaintiffs claim to have previously produced Ms. Zambrano Lucas' medical records from Cardiologist, Jose Alban Flores, M.D., but no such records have been received by the United States, unless plaintiffs are referring to a few pages within the 71 pages of documents referenced above.  As stated above, the United States seeks certification and clarification that the documents received to date (79 pages previously, plus the 71 received this week) are the *only* documents that will be provided.  If they are not, then we ask for a date certain when the remaining additional documents, if any, will be provided.

///

///

///

///

Plaintiffs' "expert designation #5" states, "See attached report" of Francisco Paredes, M.D.  No report was attached.


Dated:  August 20, 2014                STUART DELERY
                                       Assistant Attorney General
                                       LAURA E. DUFFY
                                       United States Attorney
                                       TOM STAHL
                                       Assistant Attorney, Chief, Civil Division

                                       /s/ R. Michael Underhill
                                       R. MICHAEL UNDERHILL
                                       Attorney in Charge, West Coast Office
                                       Torts Branch, Civil Division
                                       VICKEY L. QUINN
                                       Trial Attorney
                                       Torts Branch, Civil Division
                                       U.S. Department of Justice

                                       Attorneys for Defendant
                                       United States of America

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 20, 2014, I electronically filed the foregoing DISCOVERY STATUS UPDATE OF UNITED STATES OF AMERICA with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Walter L. Boyaki            wboyaki@aol.com

Albert W. Morris            awmorris16@gmail.com


        /s/ Vickey L. Quinn
         Vickey L. Quinn