1
2
3
4
5
6
7

8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| Oswaldo Enrique Tobar, et al. | CASE NO. 07cv817-WQH (JLB) |
|---|---|
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDERS AND MOTION TO QUASH NOTICES OF DEPOSITIONS |
| vs. | |
| United States of America, | |
| Defendant. | [ECF No. 147] |

Before the Court is Plaintiffs' Motion for Protective Orders and Motion to Quash Notices of Depositions, which was filed on September 5, 2014. (ECF No.147.) Defendant United States filed its response and opposition papers on September 10, 2014. (ECF Nos. 148, 149.) Then, on September 15, 2014, Plaintiffs filed a certified translation of an affidavit made by Plaintiff Segundo Matias Alonzo Zambrano. (ECF No. 151.) For the reasons stated herein, Plaintiffs' Motion (ECF No. 147) is DENIED.

**BACKGROUND**

Plaintiffs, 26 Ecuadoran nationals, filed suit against the United States in this district,[1] claiming damages in excess of five million dollars per plaintiff. The parties have met and conferred extensively on where the depositions of the plaintiffs should take place. At one point, the United States expressed its intention to notice the

---

[1] The suit was initially filed in the Southern District of Texas, and then transferred here.

1 depositions of as many as eight of the plaintiffs in San Diego. Through the meet and
2 confer process, the United States agreed to limit the depositions it would seek to
3 conduct in San Diego to two: the captain of the vessel, Plaintiff Jofre Cedeno, and the
4 business administrator of the vessel, Plaintiff Alonzo Zambrano.[2]

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that a "party who wants to depose a person by oral questions must give reasonable written notice to every other party [that] must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). The Rules also note that a court may, for good cause, issue an order to protect a party from oppression, undue burden or expense, including by "specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1) & (c)(1)(B).

A party moving for a protective order as to the place of a noticed deposition bears the burden of showing that specific prejudice or harm will result if no protective order is granted. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). In assessing the motion, "the court should balance the costs and burdens to each side." *U.S. v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624, 626 (S.D. Cal. 2001). "A district court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).

**ANALYSIS**

Plaintiffs have been provided two opportunities to meet their burden of establishing, with supporting evidence, that it would be unduly burdensome for Plaintiff Zambrano and Plaintiff Cedeno to travel to San Diego for deposition. (*See* ECF Nos. 141, 144.) The Court directed the plaintiffs to provide specific evidence as

---

[2] The United States asserts that it "reserves the right to re-notice the other noticed plaintiff deponents, as well as any other plaintiffs." (ECF No. 148 at 3, n.2.) The Court does not take a position on this claimed reservation. The only issue before the Court is the Plaintiffs' motion for a protective order and to quash the notices of deposition as to Plaintiffs Cedeno and Zambrano.

to the burden faced by each individual plaintiff. (*See* ECF No. 144.) This was not done. The plaintiffs were also directed to address how the Court's analysis of the appropriate location for the depositions is impacted by Defendant United States' need to conduct an independent medical examination of at least one of those two plaintiffs. (*Id*.) Plaintiffs did not address this. Plaintiffs were also specifically ordered to include information about what steps plaintiffs had undertaken to obtain visas to travel to the United States for their depositions, and when those steps were undertaken. (*Id*.) This was not addressed.

The only evidence[3] submitted by plaintiffs was a declaration by Plaintiff Alonzo Zambrano, one of the two plaintiffs whose depositions Defendant United States seeks to take in San Diego. Without laying a proper foundation, Plaintiff Zambrano purports to offer conclusory and summary information about the financial situation of the crewmembers collectively, without addressing the specific financial situations of Plaintiff Cedeno or himself, both of whom are presumably in different financial situations than the remainder of the crew members. Significantly, Plaintiff Zambrano's affidavit does not even address whether, and to what extent, traveling to San Diego for a deposition would impose a financial hardship on him.

Conversely, the United States has come forward with evidence to support its position that it would be burdensome and not an efficient use of resources for the United States to proceed with the depositions of these two plaintiffs in Panama or another location, because the United States intends to have two of its experts attend these two depositions and because the United States intends to have Plaintiff Cedeno

---

[3] The court does not consider website screenshots, unaccompanied by a declaration explaining and authenticating the documentation, to be evidence. *Cf. Restis v. Am. Coal. Against Nuclear Iran, Inc.*, No. 13cv5032, 2014 WL 1870368, *3 (S.D.N.Y. Apr. 25, 2014) (holding: "Restis [(a foreign plaintiff)] has not submitted competent evidence to the Court, via affidavit or otherwise, establishing that he is unable to travel from Greece to New York for his deposition . . . . Neither the unsworn statements by counsel in a memorandum of law nor a memorandum of law itself is evidence.").

submit to an Independent Medical Examination by a U.S. medical expert.

Thus, on balance, the depositions should go forward as noticed. Plaintiffs failed to meet their burden to present sufficient evidence of good cause to justify the relief they seek. Plaintiffs' motion for a protective order and to quash the notices of deposition is DENIED.

**CONCLUSION AND ORDER**

Plaintiffs motion for protective order and to quash notices of deposition is DENIED. Defendant United States is granted leave to re-notice these two depositions to proceed in San Diego. Any independent medical examinations of these two plaintiffs should be conducted in coordination with the depositions.[4] Per the offer of the United States (ECF No. 148 at 7, n.7), the United States should issue deposition subpoenas to the two plaintiffs and should draft a letter to the appropriate authorities, requesting that visas for the depositions be issued and expedited to the extent possible.

DATED: September 25, 2014

JILL L. BURKHARDT
United States Magistrate Judge

---

[4] The issue of the appropriateness of the independent medical examinations is not before the Court. This ruling is merely addressing the fact that such examinations, should they be conducted, should be coordinated with the depositions.