WALTER L. BOYAKI
Attorney at Law
4621 Pershing Dr.
El Paso, Texas 79903
Tel.: (915) 566-8688
Fax : (915) 566-5906
E-mail: wboyaki@aol.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSWALDO ENRIQUE TOBAR, ET AL, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. 07-CV-00817-WQH-(JLB) <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND DECLARATORY JUDGMENT** |

TO THE HONORABLE JUDGE OF SAID COURT:

The Plaintiffs file this Brief and Memorandum in support of their Motion for Partial Summary Judgment and Declaratory Judgment pursuant to Rules 56 and 57, Federal Rules of Civil Procedure, on the grounds that the issue of liability was established by the Ninth Circuit Court of Appeals and further, that the issue of damages for each Plaintiff concerning their personal injuries needs to be established.

# I.

# STATEMENT OF CASE

Plaintiffs are Ecuadorian citizens who brought suit against Defendant United States for illegally seizing their fishing boat, the <u>Jostin</u>, on the open seas a few hundred miles from the Galapagos Islands. U.S. Coast Guard personnel assigned to the U.S. Navy frigate, the <u>U.S.S. McClusky</u>, seized, searched and towed the <u>Jostin</u> to Manta, Ecuador for allegedly carrying and smuggling drugs.

The drug allegations proved false; the actions of the U.S. Coast Guard personnel were so egregious that the Ecuadorian crew members and boat owners sought relief in U.S. courts. They were armed with a letter on U.S. Embassy stationery whereby the United States agreed to indemnify them for their losses if no drugs or illegal activity were found. (See attached Exhibit "A"). While no drugs were found in the initial seizure, this did not stop the Coast Guard from seizing the Ecuadorian boat, keeping the crew (including three children) under guard while it towed the <u>Jostin</u> for nine days, ruining an entire catch of fish,[1] and subjecting the crew to strip searches, detention and public ridicule. Plaintiffs brought this action under the Suits in Admiralty Act, 46 U.S.C. §741 <u>et</u>. <u>seq</u>., or the Public Vessels Act, 46 U.S.C. §781 <u>et</u>. <u>seq</u>., and the Federal Tort Claims Act,

---

1 This vessel did not have refrigerators.

28 U.S.C.1346(b) et. seq., as well as violations of international law.

The Ninth Circuit Court of Appeals reversed the first dismissal of the case by this trial court in 639 F.3d 1191 (9th Cir. 2011) (see attached Exhibit "B") and remanded the case for determination whether there was a waiver of sovereign immunity by the United States under the Public Vessels Act, 46 U.S.C. §781 et. seq., along with the question of reciprocity as the controlling issue.

This Trial Court dismissed the case again for lack of subject matter jurisdiction, which the Ninth Circuit Court of Appeals reversed again, 731 F. 3d 938 (9th Cir. 2013) (see attached Exhibit "C"), and incidently ruled that reciprocity under the Public Vessel Act between the United States did exist with Ecuador.

In short, the Ninth Circuit Court of Appeals has ruled the United States is liable to the Plaintiffs for at least their economic damages as set out in the opinion. There is now no legal reason to litigate liability. The United States is responsible under contractual obligation, has essentially admitted no drugs were found, and the Court of Appeals issued its mandate.

However, the Ninth Circuit left open the question of non-economic loss as a measure of damages.  Plaintiffs seek a declaratory judgment from this Court that such damages are indeed compensable.

II.

**STATEMENT OF FACTS**

Plaintiffs, Ecuadorian nationals, were fishing for tuna on October 5, 2005 in international waters off the Galapagos Islands in the Pacific Ocean.

For reasons unknown to Plaintiffs, agents of the U.S. Coast Guard assigned to the U.S.S. McClusky boarded and seized the Ecuadorian fishing vessel named the Jostin.

The agents of the Coast Guard had no probable cause to seize the Jostin; they told the crew that they were involved with smuggling and trafficking in drugs.

The Coast Guard took control of the Jostin and towed it back to Manta, Ecuador. The trip took nine days. The entire fishing catch of the Jostin was ruined to the value of over $500,000.00.

The Coast Guard found nothing in the search of the Jostin at sea. Another, more intense search occurred in Manta, Ecuador, which also revealed no drugs or contraband. Each of the Jostin crewmen was stripped searched upon their disembarking from the vessel; this included the three children who were aboard the boat.

The United States had a Bilateral Agreement with the Ecuadorian

government to use certain facilities in Manta, Ecuador for drug interdiction. (See Exhibit "D"). This is the location where the <u>Jostin</u> was towed by the U.S. Coast Guard and Navy.

Agents of the United States assured the Ecuadorian government that if they were wrong about finding drugs, the parties would be compensated for their damages. This was written in a letter under the authority of the U.S. Embassy (see Exhibit "A") and the agreements with Ecuador (see attached Exhibit "D").

The United States failed to live up to its guarantee of indemnification of the owners.

Plaintiffs filed their Original Complaint against the United States in the Southern District of Texas, Galveston Division, in Galveston, Texas on January 4, 2007. It was transferred to this Court.

This Court dismissed the Plaintiffs' case, which was reinstated by the 9th Circuit Court of Appeals and remanded to this Court (see attached Exhibit "B"). The 9th Circuit again reversed this Court and remanded the case for damages. (See attached Exhibit "C").

### III.
### LEGAL STANDARDS

Summary judgment shall be granted when the pleadings, discovery and

affidavits on file demonstrate that there is no disputed issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 ( c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986). The moving party must establish both the lack of any genuine issue of material fact and its entitlement to judgment. *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 474 U.S. 574, 577 (1986). Once the moving party carries its initial burden, the non-moving party must provide evidence setting forth specific facts showing that there is a genuine issue for trial. *Deveraux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

Summary judgment is proper when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1980).

Plaintiffs are also entitled to a declaratory judgment under 28 U.S.C. 2201 and Fed. R. Civ. P. 57 and as set out by the 9th Circuit Court of Appeals sending this case back to this Court to rule whether the Plaintiffs can be awarded damages for non-economic loss.

IV.

ARGUMENT

A.   **Plaintiffs Are Entitled to Partial Summary Judgment**

1.1   Even a cursory reading of the 9th Circuit opinion dated September 25, 2013 shows that the only issue left for the District Court to consider is the amount of Plaintiffs' damages. The issue legal liability has been found. 731 F. 3d 938 (9th Cir. 2013).

1.2   The Ninth Circuit Court of Appeals specifically held (pgs 3, 16, 17) that since no drugs were found on the Jostin, the United States owes damages and waived the discretionary function defense as set out by the "Embassy Letter" (see attached Exhibit "A").

1.3   The United States admitted in admission number 4 (see Exhibit "E") that no drugs were found and the deposition of the officer who was in charge of the boarding and searching the Plaintiffs vessel, Jostin, also admitted they found nothing (see attached Exhibit "F").

1.4   At no time was any other evidence of any drug activity found. (See attached Exhibit "F").

1.5   The only issue left for this Court to determine is the damages available to the owners of the Jostin and for its crew.

1.6     The original defenses propounded by the United State have been specifically overruled by the Court of Appeals and are not now subject to be questioned or defended in District Court.

**B.     Plaintiffs Seek Partial Declaratory Judgment**

2.1     As set out in the second 9th Circuit opinion (pg. 18), it needs to be determined if the Plaintiffs are entitled to damages other than economic damages.

2.2     The 9th Circuit opinion does not prohibit awarding damages for false arrest, mental anguish, etc. See 731 F. 3d 938.  In fact, the law review article concerning this case 22 Tulane J. of Int'l & Comp. Law 391 - 410 (2014), sets out in clear language that such a cause of action is necessary to compensate the Plaintiffs (see attached Exhibit "G").

2.3     Once the United States agreed to accept responsibility, it does not have a discretionary defense as set out by *Couzado v. United States*, 105 F. 3d 1389 (11th Cir. 1997).  It is liable to pay for damages it agreed to pay.

2.4     Under 28 U.S.C. §2680(h), there are exceptions for law enforcement defenses under the Federal Tort Claims Act and by assimilation under the Public Vessels Act for officers who have violated Plaintiffs' rights.  See *Sutton v. U.S.*, 819 F.2d 1289 (5th Cir. 1987).  While the 9th Circuit left the window open as to damages for other than economic loss, the case law, such as *Carlson v. Green*, 446

U.S. 14 (1980), holds that subject matter jurisdiction was not waived by the discretionary function.

2.5    Finally, under the standards of *Abreu v. U.S.*, 468 F. 3d 20 (1st Cir. 2006) (where the government violated federal law); *Gotha v. U.S.*, 115 F. 3d 176 (3rd Cir. 1997) (where the Navy negligently failed to provide railings and lighting); *Drake Towing Co. v. Meisner Marine Const. Co.*, 725 F. 2d 1060 (11th Cir. 1985) (where the Coast Guard negligently placed temporary buoys in a water way), *Dick V. U.S.*, 617 F. 2d 724 (2nd Cir.) (where the Coast Guard was liable for negligence in boat rescue efforts) and *Hurd v. U.S.*, 134 F. Supp. 745 (D.S.C. 2001) negligence in acting recklessly is not within the discretionary function exception to liability. Likewise *Hurd*, supra, *Tiffany v. U.S.*, 931 F. 2d 271 (4th Cir. 1991); and *Faust v. S.C. Highway Dept.*, 721 F. 2d 934 (4th Cir. 1983) ruled that the discretionary function exception apply to suits in admiralty.

2.6    If the Court would rule on the issue of non-economic damages, it would save the parties tremendous expense in time and money since there are potentially 40 more witnesses all over the world to be deposed on this issue. If there are no non-economic damages, there is no case for most of the Plaintiffs.

2.7    The purpose of the Declaratory Judgment provision is to settle and afford relief from uncertainty and insecurity with respect to rights, status and legal

relations. It is not the function of the Court in a declaratory judgment action to rewrite the contract. Rule 57, Fed. R. Civ. P. specifically provides that the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is, like here, appropriate. *Powell v. McCormack*, 395 U.S. 486 (1969).

## V.

### PLAINTIFFS' MOTION TO DEFER DISCOVERY UNTIL THE COURT RULES ON THE PLAINTIFFS' MOTION FOR SUMMARY AND DECLARATORY JUDGMENT

3.1   It is apparent from the above motions and brief that the Court may substantially facilitate the adjudication of this case. Further, if either side is not satisfied, they may again seek relief from the 9th Circuit.

3.2   There are potentially 40 or more witnesses than would be deposed in this case who are located all over the world to include, Guayaquil, Quito, and Monta, Ecuador, the Panama Canal Zone, Panama, San Diego, California, Washington, D.C., Charleston, South Carolina and El Paso, Texas, to name a few.

3.3   A ruling on Plaintiffs' Motion for Summary Judgment and for Declaratory Judgement may preclude most of the above witnesses' depositions and may preclude a large portion of the case. It would save judicial time and resources for the Court to rule and may save large amounts of Plaintiffs' time and money (and

for Defendant) if the issues are so narrowed. It is an understatement that most of the Plaintiffs are poor Ecuadorian fishermen who never asked to be in this situation or to be in this Court and certainly cannot afford it. (See attached Exhibit "H").

## CONCLUSION

The Court has a real opportunity to follow the dictates of the 9th Circuit Court of Appeals and narrow this case down to the real issue of damages.

Respectfully submitted,

**BOYAKI LAW FIRM**
Attorneys at Law
4621 Pershing Drive
El Paso, Texas  79903
Tel.:  (915) 566-8688
Fax :  (915) 566-5906

By:     /s/ Walter L. Boyaki
**WALTER L. BOYAKI**
State Bar No. 14665300
E-mail: wboyaki@aol.com

## CERTIFICATE OF CONFERENCE

The undersigned conferred with counsel for Defendant and he is opposed to this motion.

/s/ Walter L. Boyaki
**WALTER L. BOYAKI**

## CERTIFICATE OF SERVICE

      I, **WALTER L. BOYAKI**, do hereby certify that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to **R. MICHAEL UNDERHILL** and **VICKEY L. QUINN**, on this 24th day of October, 2014.