1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

OSWALDO ENRIQUE TOBAR, et al.,

Civil No. 07cv00817-WQH-JLB

12

ORDER

Plaintiffs,

13

vs.

14

UNITED STATES OF AMERICA,

15

Defendant.

16

HAYES, Judge:

17

     The matters before the Court are the "Motion" in Limine filed by Plaintiffs (ECF

18

No. 198) and the Motion in Limine filed by Defendant (ECF No. 199).

19

**I. Background**

20

     On January 4, 2007, Plaintiffs commenced this action by filing a Complaint

21

against Defendant United States of America in the Southern District of Texas. (ECF

22

No. 1). On May 2, 2007, this action was transferred to this Court. (ECF No. 1). On

23

August 31, 2007, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil

24

Procedure 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 10). On January

25

15, 2008, the Court dismissed the Complaint for lack of subject matter jurisdiction,

26

finding that the United States has not waived its sovereign immunity. (ECF No. 27).

27

     On February 5, 2008, Plaintiffs filed the First Amended Complaint ("FAC"),

28

which is the operative pleading in this case. (ECF No. 28). The FAC alleges subject

matter jurisdiction pursuant to the following sources: (1) the Suits in Admiralty Act ("SAA"), 42 U.S.C. § 741 *et seq.*; (2) the Public Vessels Act ("PVA"), 46 U.S.C. § 781 *et seq.* and including 46 U.S.C. § 31111 (providing reciprocity requirement for suits brought by foreign nationals); (3) two treaties between the United States and Ecuador, one pursuant to the United Nations Covenant on the Law of the Sea ("UNCLS") and another entered into in 1999 (the "1999 Treaty"); (4) the Alien Tort Act ("ATA"), 28 U.S.C. § 1350; and (5) the International Covenant on Civil and Political Rights ("ICCPR").  The FAC alleges that Plaintiffs are residents of Ecuador.  The FAC alleges that on or about October 5, 2005, Defendant's agents "unlawfully and negligently, stopped, searched, arrested, detained and imprisoned the Plaintiffs, seized the boat, destroyed the cargo and fish owned by Plaintiffs Rosa Carmelina Zambrano Lucas, and Oswaldo Enrique Tobar, for allegedly possessing illegal drugs" in international waters off the Galapagos Islands.  (ECF No. 28 at 3).  The FAC alleges that "agents of the Defendant were careless, reckless and negligent in this case or alternatively their acts were intentional in that they ... [a]rrested and detained the Plaintiffs for no reason for over 99 days ... [f]ailed to ascertain that Plaintiffs were not drug dealers and/or smugglers ... [a]rrested the Plaintiffs without probable cause ... [f]alsely imprisoned the Plaintiffs for no reason despite Plaintiffs' protestations ... [f]ailed to release the Plaintiffs and their vessel when it became known they were not drug smugglers and did not possess any illegal substances ... [v]iolated the Plaintiffs' international legal rights and law of the sea ... [v]iolated international law by boarding and seizing a foreign flagged vessel in international waters ... [c]ommitted various and numerous assaults on Plaintiffs persons during their imprisonment ... [w]rongfully seized and kept the vessel owned by Plaintiffs Rosa Carmelina Zambrano Lucas and Oswaldo Enrique Tobar ... violated right of privacy of all the Plaintiffs ... [d]estroyed the personal property of the Plaintiffs without probable cause ... [h]eld the Plaintiffs as prisoners under armed guard ... [and] [v]iolated specific treaty obligations with Ecuador." *Id.* at 4.  The FAC alleges that all Plaintiffs have suffered humiliation, physical and mental pain and suffering,

extreme anxiety and depression.  The FAC alleges that Plaintiffs Rosa Carmelina Zambrano Lucas and Oswaldo Enrique Tobar have suffered from destruction of their personal property, property damage to the vessel, loss of their catch of fish in the amount of $500,000, lost use of the vessel, and public ridicule.  Plaintiffs assert no claims for relief but request $5,025,000.00 in damages.

On June 5, 2008, Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  (ECF No. 31).  On July 15, 2008, Plaintiffs filed a motion for leave to file a second amended complaint, adding the Military Claims Act ("MCA"), 10 U.S.C. section 2734, and a regulation, 49 C.F.R. section 1.46(b), as additional bases for subject matter jurisdiction.  (ECF No. 44).  On September 19, 2008, the Court issued an order granting the motion to dismiss and denying leave to amend.  (ECF No. 57).  The Court's September 19, 2008 Order concluded that the United States had not waived its sovereign immunity under any of the sources alleged in the FAC or proposed second amended complaint.

On September 22, 2008, judgment was entered.  (ECF No. 58).  On October 22, 2008, Plaintiffs filed a notice of appeal.  (ECF No. 59).  On June 14, 2011, the United States Court of Appeals for the Ninth Circuit issued an opinion, affirming in part and vacating in part the September 19, 2008 Order.  *Tobar v. United States*, 639 F.3d 1191 (9th Cir. 2011); (ECF No. 70).

**A.  *Tobar I***

The U.S. Court of Appeals for the Ninth Circuit affirmed this Court's finding that there is no waiver of sovereign immunity as to all non-Congressional sources, the MCA, the ATA, and the treaties cited by Plaintiffs.  *Tobar*, 639 F.3d at 1195-96.  As to the PVA, SAA, and Federal Tort Claims Act ("FTCA"), the Ninth Circuit found that the case fell within the scope of the PVA.  *Id.* at 1199.  Accordingly, the Ninth Circuit held that the PVA's reciprocity requirement, 46 U.S.C. section 31111, must be met in order for Plaintiffs to maintain suit under PVA, SAA, or FTCA as foreign nationals.  *Id.* at 1196, 1199.  The Ninth Circuit stated that "[w]e are uncertain whether a plaintiff

bears the burden of establishing the content of foreign law for purposes of the PVA's reciprocity requirement." *Id.* at 1200.  The Ninth Circuit concluded that "the district court apparently did not recognize that, in its discretion, it could inquire further into the content of Ecuadorian law." *Id.*  "We therefore vacate and remand." *Id.*  "[W]e find it appropriate to give the parties and the court an additional opportunity to determine this threshold question." *Id.*

**B. The June 13, 2012 Order (ECF No. 100)**

On July 6, 2011, the Court ordered that "[t]he parties shall file supplemental briefing regarding whether reciprocity exists under Ecuadorian law within seventy-five days of the date of this order." (ECF No. 73).  On January 5, 2012, the Court ordered that "[t]he parties are ordered to file English-language translations of every Constitution or Constitutional provision, law, statute, or legal authority upon which they rely no later than thirty days from the date of this Order." (ECF No. 92).  On March 13, 2012, the Court ordered that "the parties shall file Memorandums addressing the issue of whether the discretionary function exception applies to the Public Vessels Act and would require dismissal of this action independent of any ruling as to reciprocity no later than March 26, 2012." (ECF No. 95).  Following supplemental briefing on these issues, the Court issued an order on June 13, 2012.  (ECF No. 100).

In the June 13, 2012 Order, the Court concluded that the discretionary function exception applied in this case under both the PVA and the SAA.  The Court also concluded that reciprocity does not exist with Ecuador, and, as a result, sovereign immunity was not waived under the PVA.

On July 12, 2012, Plaintiffs filed a notice of appeal of the June 13, 2012 Order. (ECF No. 101).  On November 20, 2013, the Ninth Circuit issued an opinion affirming in part and vacating in part the June 13, 2012 Order.  *Tobar v. United States*, 731 F.3d 938 (9th Cir. 2013); (ECF No. 107).

**C. *Tobar II***

In *Tobar II*, the Ninth Circuit considered "whether the government has waived

its sovereign immunity," specifically, "whether reciprocity with Ecuador exists and, if so, whether the discretionary function exception bars Plaintiffs' claims." *Tobar*, 731 F.3d at 941.  With respect to reciprocity, the Ninth Circuit "disagree[d] with the district court's analysis of the experts' affidavits." *Id.*  Specifically, the Ninth Circuit found that Plaintiffs' expert affidavits established that sovereign immunity does not exist in Ecuador because it is a civil law nation and there would be "no legal impediment to a United States citizen's suing the Ecuadorian government in similar circumstances...." *Id.* at 942.  Therefore, "reciprocity exists" and cannot be a basis for finding sovereign immunity.  *Id.*

With respect to the discretionary function exception, the Ninth Circuit began its analysis by holding that the discretionary function exception applies generally to suits under the PVA and SAA, as it does to suits brought under the FTCA.  The Ninth Circuit then considered whether the discretionary function exception applies in this case, barring Plaintiffs' claims.  With respect to the first step of the analysis, "whether the challenged actions involve an 'element of judgment or choice,'" *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008) (citation omitted), the Ninth Circuit found, based on the pleadings, that Plaintiffs had established that Defendant's actions did not involve an element of judgment or choice. *Tobar*, 731 F.3d at 946-47.  Specifically, the Ninth Circuit found:

> [Plaintiffs] assert that the government violated its own regulations and policies. In particular, the U.S. Coast Guard Maritime Law Enforcement Manual provides: "When acting pursuant to flag State authorization, the boarding State *may not exceed* the terms of the authorization. Such authorization may be contained in a pre-existing written agreement or may be provided on an ad hoc basis." That policy does not afford any discretion: "the boarding State may not exceed the terms of the authorization." (Emphasis added.) Here, the specific authorization to board and inspect Plaintiffs' boat contained the following condition: "If there are no drugs on board, and there are damages or losses sustained by the vessel, in accordance to the U.S. laws and in a manner complying with international laws, the owner of the vessel will be compensated, as long as neither the vessel nor the crew have been involved in illicit actions." That directive, too, is specific and mandatory: The owner "*will be* compensated," so long as the specified conditions are met. (Emphasis added.) By carrying out its activities with respect to Plaintiffs' boat, the government accepted that mandatory obligation.

1    Accordingly, to the extent that Plaintiffs demonstrate that all of the
2    specified conditions have been met, their claims are not barred by the
     discretionary function exception.

3  *Id.* at 946. The Ninth Circuit provided further discussion of the "specified conditions"

4  that Plaintiffs would be required to "demonstrate" in order to show that the

5  discretionary function exception did not exist:

6    It is less clear that Plaintiffs have exhausted their administrative
     remedies, as required by the policy: "in accordance to the U.S. laws and
7    in a manner complying with international laws, the owner of the vessel
     will be compensated." The complaint alleges that Plaintiffs "filed a claim
8    for injuries with the United States Navy and Coast Guard" and that the
     government took no action on that claim within six months, "tantamount
9    to denial of the claim." At oral argument, the government's lawyer
     suggested that the administrative denial of Plaintiffs' claim resulted from
10   Plaintiffs' failure to provide documentation of damages. In order to prove
     that the government violated its nondiscretionary duty to pay damages to
11   the owner, Plaintiffs must demonstrate that it met the administrative
     requirements imposed by federal law. But these issues cannot be decided
12   on the pleadings.

13    Two additional, related restrictions warrant mention. First, the
     non-discretionary duty requires the government to pay damages to "*the
14   owner*" of the boat. (Emphasis added.) Because the government's
     non-discretionary duty applies only to the owner of the boat, the only
15   Plaintiffs who can benefit from the policy are the owners. Second, the
     nondiscretionary duty pertains to "damages or losses sustained by the
16   vessel." Plaintiffs have alleged a wide range of injuries, including physical
     damages to the boat itself and reputational damages to crew members
17   resulting from "public ridicule." Because the parties have not briefed the
     issue, we express no view on the extent of "damages or losses"
18   encompassed by the non-discretionary duty to pay.

19  *Id.* at 947.

20    With respect to the second step of the analysis, "'whether that judgment is of the

21  kind that the discretionary function exception was designed to shield,' namely, 'only

22  governmental actions and decisions based on considerations of public policy,'"

23  *Terbush*, 516 F.3d at 1129 (citation omitted), the Ninth Circuit found that "[t]he

24  challenged actions—the boarding, searching, and towing of the ship—all fall under

25  policy considerations of domestic drug enforcement laws, 'minimization of intrusion

26  on the privacy and property interests of searched parties,' general considerations of

27  foreign relations, as well as 'weighing the costs of [boarding and searching the ship]

28  against the likelihood of an enforcement success.'" *Tobar*, 731 F.3d at 948 (citation

omitted).  The Ninth Circuit held: "We therefore hold that, to the extent that Plaintiffs' claims fall outside the non-discretionary duty to pay damages, their claims are barred by the discretionary function exception."  *Id.*

### D. Pretrial Proceedings

On October 24, 2014, Plaintiffs filed a motion for partial summary judgment and a motion to defer discovery.  (ECF No. 158).  On January 16, 2015, the Court issued an Order scheduling a pretrial conference for May 22, 2015 and a bench trial for September 29, 2015.  On April 2 and 3, the parties filed their memoranda of facts and contentions of law.  (ECF Nos. 189-90).  On April 15, 2015, the parties filed a proposed final pretrial order.  (ECF No. 191).  On July 31, 2015, the Court issued the Final Pretrial Order as submitted by the parties.  (ECF No. 204).

The Final Pretrial Order states that Plaintiffs' claims are brought under the SAA, PVA, and FTCA on a theory of negligence related to the boarding, search, and seizure of the Jostin and arrests of Plaintiffs.  Trial will involve jurisdictional, liability, and damages issues.  Jurisdictional and liability issues will include: (1) whether drugs were found aboard the Jostin; (2) whether the Jostin or its crew were involved in illicit activities; (3) whether the Jostin was damaged; (4) whether Plaintiffs have exhausted their administrative remedies; and (5) whether Plaintiffs may be compensated "in a manner complying with international law...."  *Tobar*, 731 F.3d at 946-47.  Damages issues will include the extent of "damages or losses sustained by the vessel."  *Tobar*, 731 F.3d at 947.[1]

### E.  The Pending Motions in Limine (ECF Nos. 198, 199)

On May 19, 2015, the Court held a pretrial conference.  (ECF No. 196).  On May 21, 2015, the Court issued an Order setting a briefing schedule for the parties' motions in limine.  (ECF No. 197).

On June 25, 2015, Plaintiffs filed the "Motion" in Limine.  (ECF No. 198).  On

---

[1] The foregoing paragraph shall not be construed as precluding any additional factual issues from being tried at trial.

June 29, 2015, Defendant filed the Motion in Limine. (ECF No. 199). On July 9, 2015, Plaintiffs filed an opposition to Defendant's Motion in Limine. (ECF No. 200). On July 10, 2015, Defendant filed an opposition to Plaintiffs' "Motion" in Limine. (ECF No. 201). On July 17, 2015, Defendant filed a reply in support of its Motion in Limine. (ECF No. 202).

## II. Defendant's Motion in Limine (ECF No. 199)

Defendant contends that the holding of *Tobar II*, which is law of the case, limited the Plaintiffs who may recover damages to Plaintiffs who own the Jostin. Plaintiffs contend that Defendant incorrectly interprets *Tobar II* and that a law review article written about this case "is most helpful on this question...." (ECF No. 200 at 2). Plaintiffs contend that discovery "demonstrates that the discretionary function does not apply" and assert that "Plaintiffs intend to litigate the issue with the Court's permission now that there has been discovery on who made the decision to stop and board the Plaintiffs' vessel and who was responsible." *Id.* Plaintiffs contend that the officer in charge of the Coast Guard boarding party stated that he had no discretion.

In the Court's June 13, 2012 Order, the Court noted that it had already held that "Plaintiffs failed to establish subject matter jurisdiction under the SAA because the discretionary function exception applies retaining sovereign immunity for the United States." (ECF No. 100 at 8). The Court found that "the discretionary function exception applies to the PVA claim as well." *Id.*

In *Tobar II*, the Ninth Circuit Court of Appeals affirmed in part and vacated in part the Court's June 13, 2012 Order finding that the United State had not waived sovereign immunity in this case. The Court of Appeals found that the specific authorization to board the Jostin was not discretionary, and the specific authorization created a "non-discretionary duty" to pay damages, as long as the conditions specified in the specific authorization are satisfied. 731 F.3d at 946 ("[T]o the extent that Plaintiffs demonstrate that all of the specified conditions have been met, their claims are not barred by the discretionary function exception."). The Court of Appeals also

1    recognized that the "non-discretionary duty" to pay damages was limited to "'*the*

2    *owner*' of the boat." *Id.* at 947 (emphasis in original).  The Court of Appeals therefore

3    affirmed this Court's June 13, 2012 holding—that the discretionary function exception

4    bars Plaintiffs' claims—with respect to all non-owner Plaintiffs, and vacated this

5    Court's holding with respect to owner Plaintiffs.

6        Plaintiffs do not dispute that the only owners of the Jostin are Plaintiffs Tobar

7    and Zambrano-Lucas.  *See* ECF No. 191 at 21 ("At all relevant times, the owners of

8    JOSTIN were plaintiffs Enrique Tobar and Rosa Zambrano Lucas.").  Applying the law

9    of the case, only Plaintiffs Tobar and Zambrano-Lucas, the owners of the Jostin, may

10   recover damages.[2]

11       Defendant's motion in limine is granted.  Evidence of damages at trial shall be

12   limited to the claims of Plaintiffs Tobar and Lucas.[3]

13   **III.  Plaintiffs' "Motion" in Limine (ECF No. 198)**

14       Plaintiffs' "Motion" in Limine contains thirty-four motions in limine.  (ECF No.

15   198).  The majority of Plaintiffs' motions in limine are not connected to any particular

16   evidence and request that the Court comply with the Federal Rules of Evidence.  *See,*

17   *e.g.*, Plaintiffs' motion in limine #10, ECF No. 198 at 4 (requesting exclusion of "[a]ny

18   question that mentions any previous arrests or convictions of Plaintiffs") (citing Fed.

19   R. Evid. 607).  Plaintiffs' attached Memorandum of Points and Authorities contends

20   that Plaintiffs may recover non-economic damages at trial and that Plaintiffs may take

21   trial depositions of Ecuadorian witnesses.  (ECF No. 198-1).  The Memorandum of

22   Points and Authorities does not reference the thirty-four motions in limine.

23       Defendant contends that Plaintiffs motions in limine are "superfluous" for a

24   bench trial, where there is no need for the Court to make threshold rulings outside the

25   presence of the jury.  (ECF No. 201 at 5).  Defendant contends that Plaintiffs' motions

26   _____

27   [2] The Coast Guard officer's opinion that he had "no discretion" does not provide grounds for departing from the Court's June 13, 2012 holding.  (ECF No. 200 at 2).

28   [3] The Court expresses no opinion on the categories of damages that Plaintiffs Tobar and Zambrano-Lucas may recover at trial.

in limine do not provide sufficient evidentiary context.  Defendant contends that Plaintiffs' motions in limine reargue issues that the Court has already rejected.

### A.  Motions in Limine #1-#27

Plaintiffs' motions in limine #1-#27, which request the exclusion of certain categories of evidence, are denied without prejudice.  Plaintiffs may object to particular evidence at trial, where the Court will be able to determine admissibility in light of the purposes for which the evidence is offered and the context in which the evidence is offered.

### B.  Motion in Limine #28

Plaintiffs' motion in limine #28 requests that Plaintiffs be allowed to offer evidence of their costs and fees in this case.  Plaintiffs' motion in limine #28 is denied without prejudice.  Requests for costs or fees, with any supporting evidence, shall be brought post-trial, rather than at trial.

### C.  Motion in Limine #29-#33

Plaintiffs' motions in limine #29-#33 request that Plaintiffs be allowed to offer certain substantive evidence.  Plaintiffs' motions are denied without prejudice. Plaintiffs may seek to offer particular evidence at trial,  where the Court will be able to determine admissibility in light of the purposes for which the evidence is offered and the context in which the evidence is offered.

### D.  Motion in Limine #34

Plaintiffs' motion in limine #34 requests that Plaintiffs "be allowed to call witnesses from Ecuador via teleconference for trial or alternative [sic] take their trial testimony before hand in Ecuador."  (ECF No. 198 at 9).  Defendant contends that Plaintiffs are at fault for failing to take depositions during discovery and that Plaintiffs' previous requests for additional discovery have been denied by the Court.  Defendant contends that the calling of witnesses from Ecuador via telephone would violate Ecuadorian law.

On December 19, 2013, following *Tobar II*, United States Magistrate Judge

William McCurine, Jr. issued a Scheduling Order, setting a discovery deadline of December 1, 2014.  (ECF No. 116 at 3).  On August 7, 2014, United States Magistrate Judge Jill L. Burkhardt issued an Order stating that the "agreed upon discovery plan includes ... defense counsel providing plaintiffs counsel the State Department Advisory on depositions in Ecuador...."  (ECF No. 134).  On August 20, 2014, Defendant filed a Discovery Status Update stating that Defendant advised Plaintiffs' counsel that "[t]he taking of voluntary depositions of willing witnesses is not permitted in Ecuador, regardless of the nationality of the witness."  (ECF No. 139 at 2) (quotation marks omitted).

On September 5, 2014, Plaintiffs filed a motion for protective orders and a motion to quash notices of depositions.  (ECF No. 147).  Plaintiffs, Ecuadorian residents, requested an order preventing Plaintiffs from being deposed in San Diego, California pursuant to deposition notices that Defendant served on Plaintiffs.  On September 25, 2014, the magistrate judge issued an Order denying Plaintiffs' motion because Plaintiffs had failed to submit evidence demonstrating that they would be unduly burdened by a deposition in San Diego, California.  (ECF No. 152).

On October 24, 2014, Plaintiffs filed a motion to defer discovery pending resolution of Plaintiffs' motion for partial summary judgment.  (ECF No. 158). Plaintiffs contended that "[t]here are potentially 40 or more witnesses than [sic] would be deposed in this case who are located all over the world" and that an order on the motion for partial summary judgment may "preclude a large portion of the case." (ECF No. 158-1 at 10).  On January 16, 2015, the Court issued an Order denying Plaintiffs' motion to defer discovery as moot because the discovery cut-off date of December 1, 2014 had passed.  (ECF No. 182).  The Order stated that any requests to re-open discovery in this case "shall be filed before the magistrate judge assigned to this case no later than **twenty (20) days** from the date this order is filed."  *Id.* at 15.

On February 5, 2015, Plaintiffs filed a motion to reopen discovery.  (ECF No. 183).  Plaintiffs moved for an order reopening discovery, which would enable Plaintiffs

to depose over twenty Plaintiffs and fifteen additional witnesses in Ecuador. Plaintiffs contended that "Plaintiffs will use these depositions for trial purposes as evidence and not merely for discovery." (ECF No. 183-1 at 6). On March 26, 2015, the magistrate judge issued an Order denying Plaintiffs' motion to reopen discovery. (ECF No. 188). The magistrate judge found that it had been over a year since the Scheduling Order had been issued and that Plaintiffs had not established that they were diligent in their efforts to complete discovery in the time ordered by the Court. Plaintiffs did not appeal or object to the magistrate judges' ruling on the motion to reopen discovery.

On May 19, 2015, the Court held a pretrial conference and set a bench trial for September 29, 2015. (ECF No. 197). On June 25, 2015, Plaintiffs filed the pending "Motion" in Limine. (ECF No. 198).

The record reflects that Plaintiffs have requested permission to take depositions beyond the discovery cutoff date for trial purposes, and that request was denied by the magistrate judge. Plaintiffs did not timely object to the magistrate judge's ruling and now request the same relief as trial approaches. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy."). Plaintiffs have failed to establish that they were diligent in obtaining discovery during the discovery period. To the extent Plaintiffs request permission to take further depositions, that request is denied.[4]

To the extent Plaintiffs request to call witnesses in Ecuador by telephone at trial, Plaintiffs have cited no authority which would permit the Court to do so in compliance with foreign and international law. Plaintiffs' motion in limine #34 is denied.

---

[4] The fact that the depositions would be used for trial purposes instead of discovery purposes is not grounds for permitting depositions well beyond the discovery deadline. *See, e.g., Integra Lifesciences I, Ltd. v. Merck KgaA*, 190 F.R.D. 556, 558 (S.D. Cal. 1999) ("The Federal Rules of Civil Procedure do not distinguish between depositions taken for discovery purposes and those taken strictly to perpetuate testimony for presentation at trial."); *id.* at 559 ("[I]f a party wishes to introduce deposition testimony at trial, that testimony should [be] procured during the time set by the court to conduct discovery absent exceptional circumstances.").

## IV.  Conclusion

IT IS HEREBY ORDERED that Defendant's Motion in Limine (ECF No. 199) is GRANTED.  Evidence of damages at trial shall be limited to the claims of Plaintiffs Tobar and Lucas.

IT IS FURTHER ORDERED that Plaintiffs' "Motion" in Limine (ECF No. 198) is DENIED without prejudice.

DATED:  August 4, 2015

**WILLIAM Q. HAYES**
United States District Judge

07cv00817-WQH-JLB