# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSWALDO ENRIQUE TOBAR, et al., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. 07cv00817-WQH-JLB <br><br> ORDER |

HAYES, Judge:

The matter before the Court is Plaintiffs' Emergency Rule 37 and Rule 26(b) Motion. (ECF No. 207).

On September 24, 2015, Plaintiffs filed an Emergency Rule 37 and Rule 26(b) Motion or in the Alternative Plaintiffs' Motion for a Continuance explaining that on September 16, 2015 Plaintiffs "obtained a written agreement . . . between the governments of the United States and Ecuador which heretofore has not been produced by Defendant." (ECF No. 212 at 3). Plaintiffs attached a document titled "OPERATIONAL PROCEDURES FOR BOARDING AND INSPECTING VESSELS SUSPECTED OF ILLICIT TRAFFIC IN NARCOTIC DRUGS AND PSYCHOTROPIC SUBSTANCES AND OF SMUGGLING MIGRANTS BY SEA" signed by Admiral Eduardo Navas Nájera and Rear Admiral Wayne Justice on August 20, 2006 ("the 2006 Agreement").

During discovery, Plaintiffs served a Request for Production on Defendant

1 requesting that Defendant provide "[a] copy of the contract or agreement between the
2 Defendant and Ecuadorian government concerning the search and seizure of vessels in
3 the open sea or in Ecuadorian waters." (ECF No. 207-4 at 5). In response, Defendant
4 stated, in relevant part,

> [N]o formal relevant treaty or Bi-Lateral agreements between Ecuador and the United States existed at the time of the boarding of the F/V JOSTIN, and the boarding of JOSTIN and other vessels boarded within a short distance of the JOSTIN (e.g. F/V Jose Antonio), which resulted in the discovery of several tons of cocaine, was handled on a case-by-case basis by and between (a) Ecuadorean officials who gave express permission for the boarding and (b) the Coast Guard personnel identified in the documents to be provided in response to these requests for production.
>
> The United States also identifies the United Nations Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances available at: http://www.unodc.org/pdf/convention_1988_en.pdf, and the Maritime Drug Law Enforcement Act.

*Id.* at 8. Plaintiffs did not move to compel further discovery on Plaintiffs' Request for Production from Defendant. Defendant did not supplement Defendant's response to Plaintiffs' Request for Production.

On October 1, 2014, Defendant's international law expert, Professor Thomas Schoenbaum, discussed and identified the 2006 Agreement in his Rule 26 report. (ECF No. 210-3 at 14). In his report, Professor Schoenbaum wrote,

> In my opinion the payment of the plaintiffs' claims through the Military Claims Act is what was contemplated under the various arrangements between Ecuador and the United States. On the web site of the U.S. Department of State (www.state.gov), there is an undated document signed in ink by Admiral Eduardo Navas Najera, Director General of the Bureau of the Merchant Navy and Coastal Affairs of the Republic of Ecuador and Rear Admiral Wayne Justice, Director of Enforcement and Incident Management of the United States Coast Guard, titled "Operational Procedures for Boarding and Inspecting Vessels Suspected of Illicit Traffic in Narcotic Drugs and Psychotropic Substances and of Smuggling Migrants by Sea.["] The stated purpose of this document is to implement US-Ecuador cooperation under the 1988 United Nations Convention. This document pledges (para. 13) "effective and timely recourse in respect of any claims for damages to [a] vessel for any loss or harm that results." This document appends forms to make claims that are identical to the forms that implement the Military Claims Act."

*Id.* at 14-15.

Plaintiffs contend that the 2006 Agreement "constitute[s] matter relevant to the subject matter involved in the pending action within the meaning of Rule 26" and that

1  Defendant's response to Plaintiffs' Request for Production failed to comply with Rule
2  26. (ECF No. 207 at 2). Plaintiffs contend that Defendant's violated Rule 26(b)(1) and
3  Rule 26(e) by "either intentionally or negligently" withholding the 2006 Agreement.
4  (ECF No. 212 at 5-7). Plaintiffs contend that the 2006 Agreement is relevant to "[t]he
5  type of claim that can be considered" and "the persons who are eligible for
6  compensation" in this case. (ECF No. 207-2 at 3-4). Plaintiffs assert that the 2006
7  Agreement "reflects clearly that prior to the signing of this agreement in 2006, a prior
8  agreement existed since it states on the date of 07/09/06, it was a <u>revised</u> document . .
9  . ." (ECF No. 212 at 4 (emphasis in original)). Plaintiffs further assert that "Defendant
10 knew or should have known of this agreement with Ecuador and should have produced
11 it." (ECF No. 207-2 at 8). Plaintiffs requested, among other things, that the Court
12 "enter judgment by default against the Defendant" or, alternatively, "order a
13 continuance of the trial date and allow further discovery." (ECF No. 207-2 at 6).
14 Plaintiffs also request that the Court "order the Defendant to pay Plaintiffs' costs in
15 conducting. . . discovery" and "order the Defendant to pay Plaintiffs attorney fees and
16 costs caused by the failure to comply with discovery." *Id*. at 6-7.
17       On October 2, 2015, Defendant filed a response. (ECF No. 210). Defendant
18 contends that the 2006 Agreement is "irrelevant" because it was executed on "August
19 30, 2006" after the incident at issue occurred. *Id*. at 2. Defendant also contends that
20 "the [2006 Agreement] was disclosed to plaintiffs and identified by its full name, along
21 with the full names and titles of **both** of its signators, **prior** to close of discovery . . . ."
22 *Id*. (emphasis in original). Specifically, Defendant explains that on October 1, 2014,
23 its international law expert, Professor Thomas Schoenbaum, discussed and identified
24 the 2006 Agreement in his Rule 26 report. *Id*. 5.
25       On October 8, 2015, the Court granted Plaintiff's motion in part and denied it in
26 part. (ECF No. 216). The Court ordered that the trial go forward as scheduled, on
27 October 14, 2015, as to all issues of liability as to all plaintiffs. The Court stated that,
28 in the event that the Court found liability, "the Court will consider whether additional

discovery and further hearing will be required in order to determine the proper award of damages." *Id*. The trial was held on October 14-16, 2015. (ECF No. 219, 220, 221). The Court has determined that additional inquiry into the adequacy of discovery is required before deciding liability.

Rule 26(b)(1) provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense– including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The scope of discovery permitted under the civil rules is "broadly construed" in order to ensure that the interests of justice are served in civil litigation. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978). Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure,

> **(1) *In General.*** A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>> (B) as ordered by the court.
>
> **(2) *Expert Witness*.** For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e). Federal Rule of Civil Procedure 37(c) provides remedy for a party's failure to make a disclosure under Rule 26(a) or to supplement its disclosures

under Rule 26(e).  Fed. R. Civ. P. 37.

The Court will conduct an evidentiary hearing on December 11, 2015, at 9:30 p.m. in Courtroom 14B to determine whether Defendant failed to comply with discovery obligations under Rule 26 and  whether any additional undisclosed agreements existed prior to the 2006 Agreement.

IT IS HEREBY ORDERED that Defendant shall appear on December 11, 2015, at 9:30 p.m. in Courtroom 14B with all necessary witnesses and exhibits.  Plaintiffs shall appear on December 11, 2015, at 9:30 a.m. in Courtroom 14B to respond with all necessary witnesses and exhibits.

DATED:  October 30, 2015

**WILLIAM Q. HAYES**
United States District Judge